| | |
|---|---|
| Joe E. Marshall | Kevin D. McCullough |
| Texas Bar No. 13031100 | Texas Bar No. 00788005 |
| Kathleen M. Patrick | Kerry Ann Miller |
| Texas Bar No. 24037243 | Texas Bar No. 24050875 |
| Lee J. Pannier | **ROCHELLE McCULLOUGH LLP** |
| Texas Bar No. 24066705 | 325 N. St. Paul, Suite 4500 |
| **MUNSCH HARDT KOPF & HARR, P.C.** | Dallas, Texas 75201 |
| 3800 Lincoln Plaza | Telephone:  (214) 953-0182 |
| 500 North Akard Street | Facsimile:   (214) 953-0185 |
| Dallas, Texas 75201-6659 | kdm@romclawyers.com |
| Telephone:  (214) 855-7500 | kmiller@romclawyers.com |
| Facsimile:   (214) 978-4365 | |
| jmarshall@munsch.com | |
| kpatrick@munsch.com | |
| lpannier@munsch.com | |

**(PROPOSED) COUNSEL FOR HERITAGE CONSOLIDATED, LLC, DEBTOR AND DEBTOR IN POSSESSION**

**(PROPOSED) COUNSEL FOR HERITAGE STANDARD CORPORATION, DEBTOR AND DEBTOR IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HERITAGE CONSOLIDATED, LLC; | § | Case No. 10-36484-hdh |
| HERITAGE STANDARD | § | |
| CORPORATION, | § | Case No. 10-36485-hdh |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | |
| | § | (Joint Administration Requested) |
| | § | |

### DEBTORS' MOTION FOR JOINT ADMINISTRATION OF BANKRUPTCY CASES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Heritage Consolidated, LLC ("Consolidated") and Heritage Standard Corporation ("HSC" and together with Consolidated, the "Debtors"), the debtors and debtors-in-possession in the above-captioned bankruptcy cases, file their *Motion for Joint Administration of Bankruptcy Cases* (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

### I.    JURISDICTION AND PROCEDURAL BACKGROUND

1.    On September 14, 2010 (the "Petition Date"), the Debtors filed their respective

---

**DEBTORS' MOTION FOR JOINT ADMINISTRATION OF BANKRUPTCY CASES – Page 1**

voluntary petitions for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), thereby initiating the above-captioned cases with this Court (the "Bankruptcy Cases").

2. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are operating and managing their business and properties as debtors-in-possession. No trustee or examiner has been appointed in the Bankruptcy Cases and no committees have yet been appointed or designated.

3. This Court has jurisdiction over the Bankruptcy Cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are section 105 of the Bankruptcy Code and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. STATEMENT OF FACTS

### A. The Debtors And Their Operations

5. The Debtors are privately-held companies that operate in the oil and gas industry. The Debtors' core operations consist of exploration for, and acquisition, production, and sale of, crude oil and natural gas. Consolidated is a Texas limited liability company that owns the majority of the oil and gas wells, leasehold interests, and mineral interests that allow the Debtors to conduct their oil and gas operations. Specifically, Consolidated, among other things: (i) acquires and owns the pertinent oil and gas leases; (ii) participates in drilling and completing oil and gas wells on the properties covered by those leases; (iii) markets and sells oil, gas, and other hydrocarbons from those wells; and (iv) acquires and owns other oil and gas properties such as

mineral interests and development and production rights. HSC, a Texas corporation, is an exploration and production company that develops oil and gas prospects and operates wells owned by Consolidated and other working interest owners; it is also a lessee of certain oil and gas leases.

6. The Debtors focus their development efforts primarily on the Permian Basin in west Texas and southeastern New Mexico (the "Target Area"). The Debtors and their predecessors have been exploring and developing the Target Area since 1984.

7. As part of conducting their business, the Debtors are lessees under, or assignees of, oil and gas leases and are parties to certain operating agreements, farmout agreements, joint venture agreements, gas marketing agreements, gas transportation agreements, and other agreements.

**B.  Events Leading to the Chapter 11 Filing**

8. In August, 2009, HSC began operations on that certain oil and gas well in Winkler County, Texas, known as the Pat Howell well (the "Pat Howell Well"). The Pat Howell Well is located in the Permian Basin which has proven reserves of approximately 16.9 billion cubic feet ("bcf") of natural gas in the Atoka formation. Over the course of ten (10) months, HSC conducted operations to re-enter the existing wellbore for the Pat Howell Well and then complete operations to the Atoka formation. Due to a series of operational mistakes and difficulties with the wellbore, the Pat Howell Well has not been completed and placed online and approximately $11.6 million in contractor and service debt has been accumulated as a result thereof. Most, if not all, of the problems encountered in these operations were the result of contractor negligence, which is now the subject of lawsuits initiated by HSC and pending in various Texas state courts. The significant debt incurred in connection with the operations on the Pat Howell Well, coupled with the lack of anticipated production therefrom, has negatively

impacted the ability of the Debtors to meet their ongoing obligations to their trade creditors and lenders. As a result, the Debtors determined that it was in the best interest of creditors to initiate these Bankruptcy Cases in order to protect and preserve their assets while they implement a plan of reorganization that will facilitate the completion of the Pat Howell Well operations for the benefit of creditors. The Debtors also intend to utilize the recoveries from the pending suits involving the Pat Howell Well in their reorganization to satisfy all legitimate claims against their estates.

### III. RELIEF REQUESTED

9. The Debtors respectfully request, pursuant to Bankruptcy Rule 1015(b), that this Court enter an order directing the joint administration of the Bankruptcy Cases, for procedural purposes, under the case styled *Heritage Consolidated, LLC, et al.*, Case No. 10-36484-hdh (the "Main Case"). The Debtors further respectfully request that this Court direct all parties-in-interest to file pleadings in, and use the following caption of, the Main Case:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| In re: | § | Case No. 10-36484-hdh |
|---|---|---|
| | § | |
| HERITAGE CONSOLIDATED, LLC, et al., | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

10. The Debtors also respectfully request that the Clerk of this Court make a docket entry in HSC's bankruptcy case substantially stating:

> The Bankruptcy Court has entered an order in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure that provides for the joint administration of the bankruptcy cases of Heritage Consolidated, LLC and Heritage Standard Corporation. The docket for the Heritage Consolidated, LLC bankruptcy case, Case No. 10-36484-hdh, should be consulted for all matters affecting this bankruptcy case.

**DEBTORS' MOTION FOR JOINT ADMINISTRATION OF BANKRUPTCY CASES – Page 4**

11. Although the Debtors seek to jointly administer the Bankruptcy Cases, each Debtor is currently represented by its own counsel.[1] Because the Debtors and the Bankruptcy Cases meet all the requirements of Bankruptcy Rule 1015(b), the Debtors submit that being represented by separate counsel should not prevent the Bankruptcy Cases from being jointly administered for procedural purposes.

### IV. BASIS FOR RELIEF REQUESTED

12. Bankruptcy Rule 1015 states, in pertinent part, that a court may order the joint administration of bankruptcy cases for procedural purposes "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate . . . ." FED. R. BANKR. P. 1015(b).

13. The Debtors submit that the joint administration of the Bankruptcy Cases is proper under the circumstances. First, as required by Bankruptcy Rule 1015(b), the Debtors are affiliates under common management who work together to operate their oil and gas business and manage their assets.

14. Additionally, joint administration will preserve both judicial resources and the Debtors' resources. The Debtors anticipate that numerous notices, applications, motions, hearing, and orders in the Bankruptcy Cases will affect both of the Debtors. As a result, joint administration of the Bankruptcy Cases will be less costly and burdensome than administering each of the Bankruptcy Cases separately and will permit the Clerk of this Court to use a single general docket for the Bankruptcy Cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective bankruptcy estates. Furthermore, supervision of the Bankruptcy Cases by the Office of the United States Trustee for the Northern District of Texas,

---

[1] To that end, Consolidated will shortly file its application to employ Munsch Hardt Kopf & Harr, P.C. as its bankruptcy counsel and HSC filed will shortly file its application to employ Rochelle McCullough LLP as its bankruptcy counsel.

**DEBTORS' MOTION FOR JOINT ADMINISTRATION OF BANKRUPTCY CASES – Page 5**

Dallas Division will be simplified, and this Court will be relieved of the burden of entering duplicative orders and keeping duplicative files.

15. In addition, joint administration will not adversely affect the Debtors' creditors and will, instead, protect all parties-in-interest. For instance, joint administration will ensure that creditors in each of the Bankruptcy Cases are apprised of the matters before the Court in both of the Bankruptcy Cases. Additionally, joint administration of the Bankruptcy Cases is merely procedural and will not preclude any creditor from filing a proof of claim in either of the Bankruptcy Cases or from asserting whatever claim or right it may have against a particular Debtor. Furthermore, the rights of all creditors and parties-in-interest will be enhanced by the reduction of costs resulting from joint administration of the Bankruptcy Cases and the elimination of filing substantially identical documents in both Bankruptcy Cases.

16. Finally, the Debtors will, unless directed otherwise by this Court, file bankruptcy schedules and statements of financial affairs for each of the Debtors in their respective bankruptcy cases.

## V.  PRAYER

WHEREFORE, the Debtors respectfully request that this Court enter an order: (i) directing the Bankruptcy Cases to be jointly administered, for procedural purposes, under the Main Case; (ii) directing all parties-in-interest to file all pleadings in the Main Case and to use the consolidated caption set forth above; (iii) directing the Clerk of this Court to enter the docket entry in HSC's bankruptcy case as set forth above; and (iv) granting the Debtors any further relief to which they may be justly entitled.

Dated: September 14, 2010 Respectfully Submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By:    /s/ Joe E. Marshall
     Joe E. Marshall
     Texas Bar No. 13031100
     Kathleen M. Patrick
     Texas Bar No. 24037243
     Lee J. Pannier
     Texas Bar No. 24066705
     3800 Lincoln Plaza
     500 North Akard Street
     Dallas, Texas 75201-6659
     Telephone: (214) 855-7500
     Facsimile: (214) 978-4365
     jmarshall@munsch.com
     kpatrick@munsch.com
     lpannier@munsch.com

(PROPOSED) COUNSEL FOR HERITAGE
CONSOLIDATED, LLC,
DEBTOR AND DEBTOR IN POSSESSION

-and-

**ROCHELLE McCULLOUGH LLP**

By:    /s/ Kevin McCullough
     Kevin McCullough
     Texas Bar No. 00788005
     Kerry A. Miller
     Texas Bar No. 24050875
     325 N. St. Paul, Suite 4500
     Dallas, Texas 75201
     Telephone: (214) 953-0182
     Facsimile: (214) 953-0185
     kdm@romclawyers.com
     kmiller@romclawyers.com

(PROPOSED) COUNSEL FOR HERITAGE
STANDARD CORPORATION,
DEBTOR AND DEBTOR IN POSSESSION