Brian A. Kilmer
Texas Bar No. 24012963
Email: bkilmer@oakllp.com
J. Meritt Crosby
Texas Bar No. 24050462
Email: mcrosby@oakllp.com
Sara Mya Keith
Texas Bar No. 24062938
Email: skeith@oakllp.com
OKIN ADAMS & KILMER LLP
3102 Maple Avenue, Suite 240
Dallas, Texas 75201
Telephone: 214.800.2390
Facsimile: 888.865.2118
Proposed Counsel for the Official Committee of Unsecured
Creditors of Heritage Consolidated LLC, *et al.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 10-36484-HDH-11** |
| | § | |
| **HERITAGE CONSOLIDATED, LLC,** | § | **Chapter 11** |
| *et al.,* | § | |
| | § | **(Jointly Administered)** |
| **Debtors-In Possession** | § | |
| | § | **Hearing Date: October 12, 2010 at** |
| | § | **2:30 p.m.** |

**OBJECTION BY THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' EXPEDITED MOTION FOR ORDER (A) APPROVING PLAN SUPPORT AGREEMENT, SALE PROCEDURES, AND BID PROTECTIONS IN CONNECTION WITH SALE OF ASSETS; (B) APPROVING FORM AND MANNER OF NOTICE OF SALE AND OF ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANTING RELATED RELIEF**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, the Official Committee of Unsecured Creditors (the "Committee") and files its Objection to that Expedited Motion for Order (A) Approving Plan Support Agreement, Sale Procedures, and Bid Protections in Connection With Sale of Assets; (B) Approving Form and Manner of Notice of Sale and of Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief (the "Motion"), filed by Heritage

1

Consolidated, LLC ("Consolidated") and Heritage Standard Corporation ("Standard," and collectively with Consolidated, the "Debtors"), and in support thereof respectfully represents as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2. On September 14, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Since the Petition Date, the Debtors have been operating their businesses and managing their property pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The United States Trustee appointed the Committee to this case on September 24, 2010.

5. On September 17, 2010, the Debtors, CIT Capital USA Inc. ("CIT"), and certain lenders to the Debtors (collectively, the "Plan Proponents") filed: (i) that certain Disclosure Statement for the Joint Plan of Reorganization for the Debtors (the "Disclosure Statement"); and (ii) that certain Joint Plan of Reorganization for the Debtors (the "Plan").

**A. Secured Debt**

6. Consolidated is party to that certain Credit Agreement, dated October 30, 2008 (as amended, the "CIT Agreement"), among Consolidated, as borrower, and CIT as administrative agent and lender. The CIT Agreement is a $30,000,000 revolving credit facility with an initial

borrowing base limit of $18,000,000, and was intended to provide working capital for the Debtors' exploration and production operations. The aggregate principal and interest currently outstanding under the CIT Agreement is approximately $18,500,000 (the "CIT Debt").

**B.     The Sale Procedures Motion**

7.     On September 15, 2010, the Debtors filed the Motion, pursuant to which the Debtors requested approval of: (i) that certain plan support agreement between the Debtors, CIT, Cross Canyon Energy Corp. ("Cross Canyon"), Permian Atlantis LLC ("Atlantis"), Permian Phoenix LLC ("Phoenix," and together with Atlantis, the "Permian Entities"), and Michael B. Wisenbaker ("Wisenbaker"); (ii) certain procedures (the "Sale Procedures") which will govern the auction (the "Auction") and sale (the "Sale," and the agreement underlying the Sale, the "PSA") of substantially all of the Debtors' assets (the "Assets"); (iii) the form and manner of notice of the Sale Procedures; and (iv) the form and manner of notice of the assumption and assignment of executory contracts and unexpired leases which will occur in connection with the Sale.

### III.     OBJECTION

8.     The Committee does not object to a sale process for the Assets, but has serious concerns about the Sale Procedures as currently proposed in numerous key respects.

9.     First and foremost, the Committee is very troubled by the accelerated timetable by which the Sale and Auction are to occur under the Sale Procedures. The Sale Procedures propose to conduct the Auction on November 2, 2010, less than 30 days after the Court is scheduled to rule on the Sale Procedures Motion. *See* Sale Procedures, p. 4. Such a compressed timeframe is not necessitated by any circumstances in these cases, as the Debtors are not experiencing a "cash crunch" or other emergency which would require a quick Sale. Moreover,

3

the Debtors have not presented any benefits which would accrue to the estates from such a rapid sale process. Indeed, the Committee strongly believes that a quick Sale is highly detrimental to the maximization of the Assets—a shortened time frame will discourage prospective buyers from bidding on the Assets by minimizing the time bidders will have to obtain financing or conduct due diligence on the Assets. The Committee's concerns about the incredibly fast sale process are further exacerbated by fact that the Motion failed to adequately disclose the relationship between the Permian Entities (the proposed stalking horse bidder for the Assets) and CIT, as the primary secured lender. CIT has an indirect ownership in the Permian Entities.

10. Second, the Committee is concerned with the chilling effect that certain provisions in the Sale Procedures will have on the bidding process. The Sale Procedures offer clearly superior terms to the Permian Entities relative to other prospective bidders, and in the process discourage a competitive bidding process by, among other things: (i) allowing the Permian Entities to merely assume the CIT Debt, while requiring all other prospective bidders to post full payment (plus payment of $1,200,000.00 in break-up fees and expenses to be paid to the Permian Entities) in cash; (ii) not requiring the Permian Entities to post any earnest money prior to sale, while requiring all other prospective purchasers to post $1,000,000.00 in earnest money; and (iii) requiring prospective bidder to provide evidence of financial wherewithal to fulfill their obligations as successful bidder, but not requiring the Permian Entities to do the same. *See* Sale Procedures, pp. 2-3.

11. Third, the Committee is concerned that the Sale Procedures allow CIT to effectively foreclose on its collateral very quickly without having to meet the requirements necessary to lift the automatic stay under Section 362 of the Bankruptcy Code. To foreclosure on its collateral in bankruptcy, a secured creditor must normally lift the stay by showing: (i) that the secured

creditor lacks adequate protection of its interest in the collateral; or (ii) that the debtor lacks equity in the collateral, and that the collateral is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(1), (2). As CIT will essentially acquire the Assets for the amount of its debt in the event that the Permian Entities are successful as the stalking horse bidder in the Auction, CIT will have effectively foreclosed on its collateral without meeting either of these burdens.

12. Fourth, allowing CIT to credit bid on the Assets is inappropriate and is likely to chill bidding on the Assets. Because there has been no determination of the validity, enforceability or priority of CIT's claim—which is an especially complicated issue in these cases due to the voluminous M&M liens and the operator's lien that Standard has against Consolidated—it is simply inappropriate for CIT to be automatically authorized to credit bid as contemplated by the Sale Procedures.

13. Fifth, the Committee objects to the Sales Procedure Motion because the proposed break-up fees and expenses provided for in the Sale Procedures are inappropriate. The Sale Procedures provide the Permian Entities—entities that are owned by the Debtors' secured lender, CIT—an $800,000.00 break-up fee and $400,000.00 for expenses. Such amounts are very high relative to the overall amount of actual cash CIT is required to pay ($3,560,000.00) under the proposed sale, and are particularly egregious for an insider such as CIT, whose diligence costs are presumably low and would have been incurred in any event during any a foreclosure process.

14. Sixth, the Committee objects to the Sale Procedures Motion to the extent that the Committee is not accorded sufficient involvement in the Auction and Sale process. Indeed, the Sale Procedures: (i) fail to provide the Committee with consultation rights during the process; (ii) fail to provide the Committee with regular reports from the Debtors regarding the marketing of

the Assets, bids received, and other information pertinent to the Auction and Sale process; and (iii) do not permit the Committee (or creditors in general) to attend the Auction.

15. Seventh, the Committee objects to the extent that the Sale Procedures Motion provides for an inflexible allocation of the Assets at Auction, as the Sale Procedures only consider an auction of the Assets as a single unit, and do not contemplate breaking up the Assets into multiple packages at the Auction. Without question, potential purchasers should be allowed to bid only certain portions of the assets such as only Section 6 Assets or the Non-Section 6 Assets, and possibly on a well-by-well or lease/unit basis.

16. The Committee has discussed the above issues with the Debtors and with CIT, and the parties have been attempting to resolve the Committee's concerns. However, the Debtors and the Committee have not resolved the Committee's concerns as of the date of the filing of this Objection, and there may not be a resolution prior to the October 12, 2010 hearing on the Motion. Accordingly, the Committee objects to the Sale Procedures Motion to the extent the aforementioned issues have not been resolved prior to the hearing

**WHEREFORE**, the Committee respectfully requests that the Court consider the objections raised by the Committee and, in light of the foregoing, grant the Committee such relief as is just and proper.

October 7, 2010

        **OKIN ADAMS & KILMER LLP**

        By: */s/ Brian A. Kilmer*
        Brian A. Kilmer
        Texas Bar No. 24012963
        Email: bkilmer@oakllp.com
        J. Meritt Crosby
        Texas Bar No. 24050462
        Email: mcrosby@oakllp.com
        Sara Mya Keith
        Texas Bar No. 24062938
        Email: skeith@oakllp.com
        3102 Maple Avenue, Suite 240
        Dallas, Texas 75201
        Telephone: 214.800.2390
        Facsimile: 888.865.2118

        **PROPOSED COUNSEL FOR THE OFFICIAL
        COMMITTEE OF UNSECURED CREDITORS**

# CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2010 I served a copy to all parties on the attached service list by United States First Class Mail, postage prepaid.

*/s/ John M. Crosby*
John M. Crosby

**Heritage Consolidated, LLC**
**Case No. 10-36484-hdh**
**Service List**

Heritage Standard Corporation
Heritage Consolidated, LLC
2911 Turtle Creek Blvd, Ste. 850
Dallas, TX 75219

Office of the United States Trustee
1100 Commerce Street, RM 976
Dallas, TX 75242-1496

Special Procedures Staff
Internal Revenue Service
Mail Code 5020-DAL
1100 Commerce St., RM 9B8
Dallas, TX 75242

Office of the Attorney General
Main Justice Building, RM 5111
10th & Constitution Ave., N.W.
Washington, DC 20530

State Comptroller of Public Accounts
Revenue Accounting Division
Bankruptcy Section
P.O. Box 13528
Austin, TX 78711

Texas Workforce Commission
TEC Building-Bankruptcy
101 East 15th Street
Austin, TX 78778

Office of the United States Attorney
3rd Floor, 1100 Commerce Street
Dallas, TX 75242

CIT Capital USA, Inc.
Attn: David Bornstein
700 Louisiana, Ste. 5200
Houston, TX 77002

Richard H. London
Vinson & Elkins
2001 Ross Avenue, Ste. 3700
Dallas, TX 75201-2975

Harry A. Perrin
Vinson & Elkins
1001 Fannin Street, Ste. 2500
Houston, TX 77002

Aquila Drilling Company
Attn: Warren Ayres
2525 Kell Blvd., Ste. 405
Wichita Falls, TX 76308

Pathfinder Energy Services, Inc.
Attn: George Moody
6213 W. Interstate 20
Midland, TX 79706-3347

Weatherford US LP
Attn: Chrissy Sebesta
11943 FM 529 Rd.
Houston, TX 77041

C.C. Forbes Company LP
Attn: Franchesca Casas
4783 S. US Highway 281
Alice, TX 78332

SWACO
Attn: Maira Sosa
8522 Andrews Hwy
Odessa, TX 79765-2831

Aries Well Service, Inc.
Attn: Glenda Saxon
P.O. Box 784
Hobbs, NM 88240

Simons Petroleum
Attn: Susan Bodger
210 Park Avenue, Ste. 1800
Oklahoma City, OK 73102

Coastal Chemical Co., LLC
Attn: Carrie Durk
6133 Highway 90E
Broussard, LA 70518

Patterson Rental Tools
Attn: Barbara Lawrence
1208 Airport Rd.
Alice, TX 78332

ITS Rental & Sales
Attn: Chris Bowman
10708 HWY 191
Midland, TX 79707

Arguijo Oilfield Serv. Inc.
Attn: Pete Hibler
2800 W. 42nd St.
Odessa, TX 79764

Smith International, Inc.
1310 Rankin Rd.
Houston, TX 77073

Nave Oil & Gas, LLC
Attn: Steve Nave
4008 N. Grimes #137
Hobbs, NM 88240

O-Tex Pumping, LLC
Attn: Lisa Ford
7303 N. Highway 81
Duncan, OK 73533

Frac Tech Services, Ltd.
Attn: Jeff Vogt
16858 IH 20
Cisco, TX 76437

Well-Foam, Inc.
Attn: Steward McKeehan
1330 East 8th St., Ste. 320
Odessa, TX 79761

Liberty Pump & Supply Co.
Attn: Jennifer Ramirez
816 E. Hendricks Blvd.
Wink, TX 79789

Double R Pipe & Supply, Inc.
Attn: Amy Kirkpatrick
County Rd. 97
Lovington, NM 88260

Baker Oil Tools
Attn: Christopher J. Ryan
9100 Emmott Rd.
Houston, TX 77040

O-D Rental
Attn: Ryan J. McNeel
8701 W. County Rd.
Odessa, TX 79764

Carl Dore, Jr.
Kristin S. Wallis
Dore & Associates, Attorneys, P.C.
17171 Park Row, Ste. 350
Houston, TX 77084

Richard H. London
Rebecca L. Petereit
Vinson & Elkins LLP
2001 Ross Avenue, Ste. 3700
Dallas, TX 75201-2975

Primeshares
Attn: RVS
261 Fifth Avenue, 22nd Floor
New York, NY 10016

Office of the United States Trustee
Attn: Erin M. Schmidt
1100 Commerce Street, RM 976
Dallas, TX 75242-1496

William Thomas McLain
Reagan & McLain
6060 North Central Expwy, Ste 690
Dallas, TX 75206

J. Robert Forshey
Kristin Schroeder
Forshey & Prostok, LLP
777 Main Street, Ste. 1290
Fort Worth, TX 76102

George S. Henry, Esq.
The Law Office of George S. Henry
4201 Spring Valley Road, Ste. 1102
Dallas, TX 75244

Michael W. Bishop, Esq.
H. Joseph Acosta, Esq.
Looper Reed & McGraw, P.C.
1601 Elm Street, Ste. 4600
Dallas, TX 75201

Mark A. Weisbart
James S. Brouner
Law Offices of Mark A. Weisbart
12770 Coit Rd., Ste. 541
Dallas, TX 75251

Elizabeth Weller
Linebarger Goggan Blair & Sampson, LLP
2323 Bryan St., Ste. 1600
Dallas, TX 76201

Philip G. Eisenberg
Locke Lord Bissell & Liddell LLP
600 Travis St., Ste. 2800
Houston, TX 77002

Sean M. Guerrero
Angela N. Staples
Fletcher Law Offices
6 Desta Dr., Ste. 5900
Midland, TX 79705

John E. Leslie
John Leslie PLLC
1216 Florida Drive, Ste. 140
Arlington, TX 76012

Jeffrey F. Thomason
Todd Barron Thomason & Hudman P.C.
3800 E. 42nd Street, Ste. 409
Odessa, TX 79762

John E. Leslie
John Leslie PLLC
1216 Florida Drive, Ste. 140
Arlington, TX 76015

Phil F. Snow
Kenneth Green
Snow Fogel Spence LLP
2929 Allen Parkway, Ste. 4100
Houston, TX 77019

Sean M. Guerrero
Angela N. Staples
Fletcher Law Offices, P.C.
6 Desta Drive, Ste. 5900
Midland, TX 79705

Edith Stuart Phillips
Matthew P. Crouch
The Texas Attorney General's Office
Bankruptcy & Collections Div
P.O. Box 12548
Austin, TX 78711-2548

Harry A. Perrin
Vinson & Elkins, LLP
1001 Fannin St., Ste. 2500
Houston, TX 77002-6670

Gregory A. Lowry
Locke Lord Bissell & Liddell LLP
2200 Ross Avenue, Ste. 2200
Dallas, TX 75201

Thomas S. Henderson
Burleson Cooke LLP
711 Louisiana, Ste. 1701
Houston, TX 77002

Ronald A. Simank
Schauer & Simank, P.C.
615 North Upper Broadway St.
2000-MSC 159
Corpus Christi, TX 78477

David G. Aelvoet
Linebarger Goggan Blair & Sampson LLP
711 Navarro, Suite 300
San Antonio, TX 78205

Terry W. Rhoads
Cotton Bledsoe Tighe & Dawson PC
500 West Illinois, Ste. 300
Midland, TX 79701

Kevin M. Maraist
Anderson Lehrman Barre & Maraist LLP
Gaslight Square
1001 Third Street, Ste. 1
Corpus Christi, TX 78404