Holland Neff O'Neil (14864700)
Michael S. Haynes (24050735)
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@gardere.com
mhaynes@gardere.com

COUNSEL FOR CITY OF MIDLAND

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| HERITAGE CONSOLIDATED, LLC et al.,[1] | § | CASE NO. 10-36484-hdh-11 |
| | § | |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

## CITY OF MIDLAND'S (A) JOINDER IN OBJECTION OF TEXAS RAILROAD COMMISSION [DOCKET NO. 187] AND (B) SUPPLEMENTAL OBJECTION TO DEBTORS' MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND MOTION TO INCUR SECURED POSTPETITION FINANCING

The City of Midland ("**Midland**"), by and through its undersigned counsel, hereby joins (the "**Joinder**") the *Limited Objection of the Railroad Commission of Texas to the Debtors' Emergency Motion for Order Authorizing Final Use of Cash Collateral and Emergency Motion for Final Order Approving Secured Postpetition Financing* [Docket No. 187] (the "**RRC Objection**") and supplements the Joinder with additional objections (the "**Supplemental Objection**") to the *Debtors' Emergency Motion (A) Authorizing Interim and Final Use of Cash Collateral; and (B) Granting Adequate Protection* [Docket No. 16] (the "**Cash Collateral**

---

[1] Pursuant to the Court's September 22, 2010, *Order Directing Joint Administration of Bankruptcy Cases*, Heritage Consolidated, LLC's case was jointly administered with Heritage Standard Corporation's case no. 10-26485-hdh (collectively, the "**Debtors**").

**CITY OF MIDLAND'S JOINDER AND SUPPLEMENTAL OBJECTION**  Page 1
DALLAS 2176865v.2

**Motion**") and *Emergency Motion for Interim and Final Orders Approving: (I) Secured Postpetition Financing; (II) Related Priming Liens and Super-Priority Administrative Claims; (III) Related Secured Financing Agreement and (IV) Scheduling a Final Hearing* [Docket No. 17] (the "**DIP Motion**").  In support of the Joinder and the Supplemental Objection, Midland respectfully states as follows:

## I.
## JOINDER

1. For the reasons set forth in the RRC Objection, Midland objects to the Cash Collateral Motion and DIP Motion, and requests that such motions be denied or, in the alternative, approved only to the extent the Debtors' ability to use cash collateral and obtain post-petition financing is conditioned on the Debtors adequately accounting for their present and continuing obligations to address the contaminated Cenozoic Pecos Alluvium Aquifer.

## II.
## SUPPLEMENTAL OBJECTION

**A.    Objections Based on the Proposed Budget**

2. Midland objects to the Cash Collateral Motion and DIP Motion because the proposed final budgets have not been filed with the Court or provided to Midland; rather, only the proposed budget through the end of October 2010 has been filed of record.  *See* [Docket No. 180] (containing budget through October 29, 2010).  The proposed "term" of the Debtors' use of cash collateral and postpetition financing is 120 days from the Debtors' petition date—i.e., January 12, 2010.  However, the Debtors have not provided a proposed budget to illustrate how the Debtors intend to use their cash collateral and postpetition financing between October 29,

2010 and January 12, 2010. Without a proposed budget, neither Midland, nor this Court, can determine whether the requested financing is necessary or appropriate.

3. To the extent the Debtors provide a proposed budget for the entire term of the postpetition financing, such budget must include anticipated expenditures for remediation of environmental contamination. As described in the RRC Objection, the Debtors caused contaminated water to be released into a fresh water aquifer that is the source of water for Midland and its residents. Such environmental contamination, with each day, is migrating through the aquifer, thereby contaminating additional fresh groundwater. Therefore, any budget governing the proposed use of cash collateral and postpetition financing must provide for adequate sources of cash to address the contamination. Midland objects to the Cash Collateral Motion and DIP Motion to the extent the Debtors are not proposing to address the contamination.

B. **Objections Based on the Proposed Plan**

4. Midland further objects to the Cash Collateral Motion and DIP Motion to the extent the Debtors' use of cash collateral and postpetition financing are predicated on achieving confirmation of the Debtors' currently-proposed chapter 11 plan. The term sheet attached to the DIP Motion contains, among other requirements, a requirement that the Debtors filed a chapter 11 plan and disclosure statement satisfactory to the postpetition lenders. Specifically, the term sheet provides:

> The Debtors shall have filed a plan, disclosure statement, and motion to approve the disclosure statement, which shall be in satisfactory form and substance to the DIP Lender.

DIP Motion, Ex. B, pg. 9, ¶ N.

5. The term sheet further provides that the following is an event of default:

> The filing and/or pursuing confirmation of any plan of reorganization that (i) is contested by the DIP Lender in a written notice sent to the Debtors or, (ii) unless otherwise waived by the DIP Lender, the Administrative Agent and the Lenders fails to preserve the DIP Lender' and the Administrative Agent's and the Lenders' ability to credit bid, as permitted under Section 363(k), in connection with any sale contemplated under such plan of reorganization.

DIP Motion, Ex. B., pg. 18, ¶ P.

6. Presumably in furtherance of the above-quoted requirements, the Debtors filed the *Disclosure Statement for the Joint Plan of Reorganization for the Debtors* [Docket No. 38] (the "**Disclosure Statement**"), which contained as an exhibit the *Joint Plan of Reorganization for the Debtors* (the "**Plan**") on September 17, 2010.

7. Midland has noted many problems and deficiencies with respect to the Plan and Disclosure Statement, many of which will likely result in the Court determining (a) the Disclosure Statement does not contain "adequate information" and (b) the Plan does not meet the requirements of 11 U.S.C. § 1129. For example, the Disclosure Statement contains no reference or description of the substantial environmental contamination liabilities of the Debtors or the impact such liabilities will have on the Debtors' ability to confirm a chapter 11 plan. That omission is material, and results in the Disclosure Statement failing to meet the requirements of 11 U.S.C. § 1125.

8. The Plan also has numerous problems, most of which are not addressed herein, that preclude satisfaction of 11 U.S.C. § 1129. For example, the Plan proposes to issue equity in the reorganized debtors to the Debtors' existing equity holders; yet, it is unclear (and definitely not certain) that unsecured creditors will be paid in full. Additionally, the Plan proposes to grant releases to numerous third parties such as CIT Capital USA Inc., Cross Canyon, Permian

Atlantis LLC, Permian Phoenix LLC, Michael B. Wisenbaker (the Debtors' principal), and various entities believed to be owned by Mr. Wisenbaker. These obvious problems with the Plan are likely to prevent confirmation of the Plan in its current form. To the extent the Plan is the only form that will be approved by the Debtors' postpetition lenders, it is likely that the Debtors will be in default under the terms proposed in the DIP Motion. Therefore, Midland objects to the Cash Collateral Motion and DIP Motion to the extent the Debtors' use of cash collateral and financing is predicated on prosecuting and obtaining confirmation of the Plan in its current form.

9. Midland reserves the right to urge additional objections (including those being urged by other creditors) not specifically stated herein.

WHEREFORE, Midland respectfully requests the objections be sustained and for such other and further relief to which Midland may be entitled.

DATED: October 25, 2010

> Respectfully submitted,
>
> **GARDERE WYNNE SEWELL, LLP**
>
> */s/ Michael S. Haynes* _____
> Holland Neff O'Neil (14864700)
> Michael S. Haynes (24050735)
> 3000 Thanksgiving Tower
> 1601 Elm Street
> Dallas, Texas 75201-4761
> (214) 999-4961
> (214) 999-4667 FAX
> honeil@gardere.com
> mhaynes@gardere.com
>
> COUNSEL FOR CITY OF MIDLAND

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2010 a true and correct copy of the foregoing document was served electronically on all registered ECF users in this case.

*/s/ Michael S. Haynes* _____
Michael S. Haynes