Joe E. Marshall
Texas Bar No. 13031100
Kathleen M. Patrick
Texas Bar No. 24037243
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C.**
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone:   (214) 855-7500
Facsimile:    (214) 978-4365
jmarshall@munsch.com
kpatrick@munsch.com
lpannier@munsch.com

Kevin D. McCullough
Texas Bar No. 00788005
Kerry Ann Miller
Texas Bar No. 24050875
**ROCHELLE McCULLOUGH LLP**
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
Telephone:   (214) 953-0182
Facsimile:    (214) 953-0185
kdm@romclawyers.com
kmiller@romclawyers.com

**COUNSEL FOR HERITAGE CONSOLIDATED, LLC,
DEBTOR AND DEBTOR IN POSSESSION**

**COUNSEL FOR HERITAGE STANDARD CORPORATION,
DEBTOR AND DEBTOR IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE: § § § **HERITAGE CONSOLIDATED LLC,** § *et al.*, § § **DEBTORS.** § § | **CASE NO. 10-36484-HDH-11**<br><br>**Chapter 11**<br><br>**(Jointly Administered)** |

**NOTICE OF AUCTION SALE AND BIDDING PROCEDURES**

**PLEASE READ THIS NOTICE CAREFULLY AS YOUR RIGHTS WILL BE AFFECTED AS SET FORTH HEREIN.**

On September 14, 2010, Heritage Consolidated LLC ("Consolidated") and Heritage Standard Corporation ("Standard"), debtors and debtors-in-possession in the above-referenced bankruptcy cases (collectively, the "Debtors"), each filed a voluntary petition for relief (collectively, the "Cases") under chapter 11 of title 11 of the United States Code.

On September 17, 2010, the Debtors, filed their *Joint Plan of Reorganization for the Debtors* (as amended, supplemented, and modified, the "Plan") which is attached as an exhibit to their *Disclosure Statement for the Joint Plan of Reorganization for the Debtors* [Docket No. 38] (as amended, supplemented, and modified, the "Disclosure Statement"). Subject to receipt of higher and better offer(s), the Debtors propose to, among other things, seek approval to sell substantially all of the Debtors' assets, including, without limitation, all mineral interests (the "Sale") under that

**NOTICE OF AUCTION SALE AND BIDDING PROCEDURES**                                                                                  Page 1 of 5

certain Purchase and Sale Agreement dated as of September 7, 2010 by and among Permian Atlantis LLC ("Permian Atlantis"), Permian Phoenix LLC (together with Permian Atlantis, the "Permian Entities")[1] and the Debtors (the "Purchase and Sale Agreement").  Under the Purchase and Sale Agreement, the Permian Entities agree to serve as the stalking horse bidder with respect to certain assets associated with the Debtors' "Section 6 Assets" and "Non-Section 6 Assets" and to purchase those assets free and clear of any and all liens, claims, rights, interests, and encumbrances except as otherwise provided under the Plan.[2]  In addition, under the Purchase and Sale Agreement, the Permian Entities are entering into contracts with Heritage Disposal Corporation and Heritage Gathering Corp. for salt water disposal and transportation[3].  The Sale as contemplated under the Purchase and Sale Agreement and the Plan are subject to higher and better offers as more particularly set forth in the sale procedures in connection with the solicitation of higher and better offer(s), which are attached hereto as **Exhibit A** (the "Sale Procedures").[4]

On October 26, 2010, the Court entered the *Order (A) Approving Sale Procedures and Bid Protections in Connection with Sale of Assets; (B) Approving Form and Manner of Notice of Sale and of Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Docket No. 193] (the "Sale Procedures Order") in which it, among other things,(a) approves the Plan Support Agreement,[5] (b) approves the Sale Procedures, (c) schedules an auction, (d) approves the form and manner of notice of the Sale Procedures and the respective dates, times and places for an auction, if required under the Sale Procedures, (e) approves the form and manner of the notice of the assumption (and, if applicable, assignment) of executory contracts and unexpired leases, (f) establishes procedures for objecting to, and determining cure amounts in connection with, the assumption of executory contracts and unexpired leases, and (g) grants other relief.

Any party desiring to make an offer or proposal relating to the Transferred Properties must comply with the Sale Procedures.

Objections, if any, to the consummation of the Sale or to the assumption, assignment, or rejection of executory contracts and unexpired leases shall be filed and served such that each

---

[1] The Permian Entities are indirect subsidiaries of Cross Canyon Energy Corporation ("Cross Canyon"), which is an indirect subsidiary of CIT Capital USA Inc. ("CIT Capital"), the Debtors' secured lender and/or agent of the secured lender.

[2] The Section 6 Assets and the Non-Section 6 Assets constitute substantially all of Consolidated's assets.

[3] Heritage Disposal Corporation and Heritage Gathering Corp. are affiliates of the Debtors.

[4] Capitalized terms that are not defined herein shall have the meanings given to them in the Sale Procedures, attached hereto.

[5] The "Plan Support Agreement" shall mean that certain Plan Support Agreement dated as of September 14, 2010 by and among the Debtors, the Permian Entities, CIT Capital, and Wisenbaker.

objection is actually received by the following parties (collectively, the "Notice Parties") by the date set by further order of the Court (the "Objection Deadline"):

- Counsel for Heritage Consolidated: Munsch Hardt Kopf & Harr PC, Attn.: Joe E. Marshall, 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas, 75201-6659, (fax) 214.978.4365;

- Counsel for Heritage Standard: Rochelle McCullough, LLP, Attn.: Kevin McCullough, 325 N. Saint Paul Street, Suite 4500, Dallas, Texas, 75201, (fax) 214.953.0185;

- Counsel for CIT Capital: Vinson & Elkins LLP, Attn.: Richard H. London, Trammell Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas, 75201, (fax) 214.999.7823;

- Counsel for the Official Committee of Unsecured Creditors: Okin Adams & Kilmer, LLP, Attn.: Brian Kilmer, 3102 Maple Avenue, Ste. 240, Dallas, Texas 75201, (fax) 888.865.2118;

- Counsel for Michael B. Wisenbaker: Lidji Dorey Hooper, Attn.: Brian Lidji, 500 N. Akard, Suite 3500, Dallas, Texas, 75201, (fax) 214.774.1200; and

- The United States Trustee's Office at Office of the United States Trustee, Attn: Erin Schmidt, 1100 Commerce Street, Room 9-C-60, Dallas, Texas, 75242, (fax) 214.767.6530.

**Upon entry of an order of the Bankruptcy Court setting the Objection Deadline, the Debtors will serve a subsequent notice of the Objection Deadline on the parties that received this notice.**

Any person failing to timely file an objection to the Sale shall be forever barred from objecting to the Sale, including the transferring of substantially all of the Debtors' assets free and clear of any and all liens, claims and other interests except as otherwise set forth in the Plan, and will be deemed to consent to the Sale, including the rejection of such executory contract or unexpired lease, the transferring of substantially all of the Debtors' assets free and clear of any and all liens, claims and other interests except as otherwise set forth in the Plan.

Any person failing to timely file an objection to the assumption, assignment, or rejection of their executory contract or unexpired lease, shall be forever barred from objecting to the assumption, assignment, or rejection of such executory contract or unexpired lease and will be deemed to consent to the assumption, assignment, or rejection of such executory contract or unexpired lease.

If any person asserts that any property, other than an executory contract or unexpired lease, cannot be transferred, sold, assumed, and/or assigned free and clear of all, claims and other interests except as otherwise set forth in the Plan, in accordance with the Sale and Bankruptcy Code § 1141 on account of one or more alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of first refusal, rights of first offer, or similar rights, then such person shall file and serve a notice (a "Rights Notice") so that the Rights Notice is actually received by the Notice Parties on or before the Objection Deadline. Each Rights Notice must identify the property or

properties that are subject to such alleged right, identify the type of right(s) claimed by such party, identify the agreement, document, or statute giving rise to such right, and identify the portion of the agreement, document, or statute giving rise to such right.

Any person failing to timely file and serve a Rights Notice shall be (i) forever barred from objecting to the transfer, sale, assumption, and/or assignment of the properties, free and clear of all liens, claims and other interests except as otherwise set forth in the Plan, and from asserting any alleged approval rights, consent rights, preferential purchase rights, rights of purchase, rights of first refusal, rights of first offer, or similar rights with respect to the Debtors' transfer, sale, assumption, and/or assignment of the properties, and (ii) deemed to consent to and approve of the transfer, sale, assumption, and/or assignment of the properties, free and clear of all liens, claims and other interests except as otherwise set forth in the Plan (regardless of whether such consent must be in writing).

At the hearing concerning the approval of the Disclosure Statement, the Court shall set a date and time for the Confirmation Hearing and Sale Hearing (as applicable). **Upon entry of an order of the Bankruptcy Court setting the Confirmation Hearing and Sale Hearing (as applicable), the Debtors will serve a subsequent notice of the Confirmation Hearing and Sale Hearing (as applicable) on the parties that received this notice.**

Copies of the Plan, Disclosure Statement, Purchase and Sale Agreements, and Sale Procedures Order may be obtained upon receipt of a written request to the Debtors, c/o Munsch Hardt Kopf & Harr PC, Attn: Joe E. Marshall, 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas 75201-6659 and Rochelle McCullough, LLP, Attn.: Kevin McCullough, 325 N. Saint Paul Street, Suite 4500, Dallas, Texas, 75201.

Dated: November 2, 2010  Respectfully Submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  /s/ Joe E. Marshall
 Joe E. Marshall
 Texas Bar No. 13031100
 Kathleen M. Patrick
 Texas Bar No. 24037243
 Lee J. Pannier
 Texas Bar No. 24066705
 3800 Lincoln Plaza
 500 North Akard Street
 Dallas, Texas 75201-6659
 Telephone: (214) 855-7500
 Facsimile: (214) 978-4365
 jmarshall@munsch.com
 kpatrick@munsch.com
 lpannier@munsch.com

 COUNSEL FOR HERITAGE CONSOLIDATED, LLC,
 DEBTOR AND DEBTOR IN POSSESSION

-and-

**ROCHELLE McCULLOUGH LLP**

By:  /s/ Kevin McCullough
 Kevin McCullough
 Texas Bar No. 00788005
 Kerry A. Miller
 Texas Bar No. 24050875
 325 N. St. Paul, Suite 4500
 Dallas, Texas 75201
 Telephone: (214) 953-0182
 Facsimile: (214) 953-0185
 kdm@romclawyers.com
 kmiller@romclawyers.com

 COUNSEL FOR HERITAGE STANDARD CORPORATION,
 DEBTOR AND DEBTOR IN POSSESSION