| | |
|---|---|
| Joe E. Marshall | Kevin D. McCullough |
| Texas Bar No. 13031100 | Texas Bar No. 00788005 |
| Kathleen M. Patrick | Kerry Ann Miller |
| Texas Bar No. 24037243 | Texas Bar No. 24050875 |
| **MUNSCH HARDT KOPF & HARR, P.C.** | **ROCHELLE McCULLOUGH LLP** |
| 3800 Lincoln Plaza | 325 N. St. Paul, Suite 4500 |
| 500 North Award Street | Dallas, Texas 75201 |
| Dallas, Texas 75201-6659 | Telephone: (214) 953-0182 |
| Telephone: (214) 855-7500 | Facsimile: (214) 953-0185 |
| Facsimile: (214) 978-4365 | kdm@romclawyers.com |
| jmarshall@munsch.com | kmiller@romclawyers.com |
| kpatrick@munsch.com | |
| **COUNSEL FOR HERITAGE CONSOLIDATED, LLC, DEBTOR AND DEBTOR IN POSSESSION** | **COUNSEL FOR HERITAGE STANDARD CORPORATION, DEBTOR AND DEBTOR IN POSSESSION** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 10-36484-hdh- 11 |
| HERITAGE CONSOLIDATED, LLC, *et al.,* | § | |
| | § | Jointly Administered |
| | § | |
| Debtors. | § | **Emergency Hearing Set for January 14, 2011 at 9:30 a.m.** |

**DEBTORS' AGREED EMERGENCY MOTION TO (A) EXTEND BID DEADLINE; (B) ADJOURN AUCTION DATE; AND (C) GRANTING RELATED RELIEF**

Heritage Consolidated, LLC ("Consolidated") and Heritage Standard Corporation ("HSC" and together with Consolidated, the "Debtors"), the debtors and debtors-in-possession in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), file their *Emergency Motion to (A) Extend Bid Deadline; (B) Adjourn Auction Date; and (C) Granting Related Relief* (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

### I.     JURISDICTION AND VENUE

1.      On September 14, 2010 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), thereby initiating the Bankruptcy Cases.

2. On September 22, 2010, the Court entered an order granting the joint administration of the Debtors' cases [Docket No. 65].

3. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By virtue of the provisions of the Bankruptcy Code, as debtors in possession, the Debtors have the statutory responsibilities and duties of a trustee, except where specifically excused. *See* H.R. § 200, H.R. Rep. No. 595, 95th Cong., 1st Sess. 404 (1977). As such, the Debtors are serving in the capacity of a Chapter 11 trustee as if appointed by order of this Court.

4. On September 24, 2010, a committee formation meeting was conducted by the Office of the United States Trustee and, pursuant to that meeting, the Official Committee of Unsecured Creditors (the "Committee") was formed in the Bankruptcy Cases.

5. This Court has jurisdiction over the Bankruptcy Cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**A.  The Purchase and Sale Agreement and The Sale Procedures Order**

6. On September 7, 2010, the Debtors entered into a Purchase and Sale Agreement by and among the Debtors, Permian Atlantis, LLC and Permian Phoenix LLC (the "Permian Entities") pursuant to which the Permian Entities would serve as the stalking horse bidder with respect to certain assets associated with the Debtors' "Section 6 Assets" and "Non-Section 6 Assets" and to purchase those assets free and clear of all liens, claims and encumbrances, except as otherwise provided under the Plan. The proposed sale to the Permian Entities is subject to, among other things, (i) higher and better offers to be solicited pursuant to the form, manner, and scope of the Sale Procedures (as defined below) and (ii) approval by the Bankruptcy Court.

7. On September 15, 2010, the Debtors filed their *Expedited Motion for Order (A) Approving Plan Support Agreement, Sale Procedures and Bid Protections in Connection with Sale of Assets; (B) Approving Form and Manner of Notice of Sale and of Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* (the "Sale Motion") [Docket No. 14].

8. On October 26, 2010, the Bankruptcy Court entered the *Order (A) Approving Plan Support Agreement, Sale Procedures and Bid Protections in Connection with Sale of Assets; (B) Approving Form and Manner of Notice of Sale and of Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* (the "Sale Procedures Order") [Docket No. 193]. Among other things, the Sale Procedures Order (a) approved the Sale Procedures, (b) scheduled a Bid Deadline to submit qualified bids on the Section 6 Assets and/or Non-Section 6 Assets as January 18, 2011 at 4:00 p.m., CST; (the "Bid Deadline") and (c) in the event there is more than one qualified bidder, scheduled an Auction for January 24, 2011 at 9:00 a.m., CST (the "Auction").

**B. Developments Since the Entry of the Sale Procedures Order**

9. Early in the week, various potential bidders for the Section 6 and Non-Section 6 assets informed Debtors' investment bankers hired in connection with the potential sale, that the current Bid Deadline does not provide them sufficient time to complete their visits to the data room, due diligence and formulate bids for the Section 6 Assets and/or Non Section 6 Assets.

## II. REQUEST FOR RELIEF

10. By this Motion, the Debtors seek the entry of an Order (a) extending the Bid Deadline from January 18, 2011 at 4:00 p.m., CST to **January 24, 2011 at 4:00 p.m., CST**; (b) adjourning the Auction from January 24, 2011 at 9:00 a.m., CST to **January 27, 2011 at 9:00 a.m., CST**; and (c) approving the form and manner of service of the Amended Notice of the Bid

Deadline and Auction, as supplemented hereto.

### III. BASIS FOR RELIEF REQUESTED

11. In light of the developments discussed above, the Debtors, in an exercise of their sound business judgment and in furtherance of their fiduciary duties to their estate and creditors, are seeking the extension and adjournment set forth herein. This Court has wide discretion in supervising asset sales to enhance the value of a debtor's estate. *See Consumer News and Business Channel P'ship v. Fin. News Network (In re Fin. News Network)*, 980 F.2d 165, 169 (2d Cir. 1992) (noting that "the bankruptcy court's principal responsibility…is to secure for the benefit of creditors the best possible bid").

### IV. NOTICE

12. Notice of this Motion is being given to the following parties, or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors' pre-petition secured lenders; (c) counsel to the Official Unsecured Creditors Committee; (d) the Debtors' 20 largest unsecured creditors; and (e) all parties requesting notice in these Chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that this Court enter an order (a) granting this Motion; and (b) granting the Debtors all such other and further relief as to which they have shown, or hereafter show, themselves to be justly entitled.

Dated: January 13, 2011.                    Respectfully Submitted,

**ROCHELLE McCULLOUGH LLP**

By:   /s/Kerry Ann Miller
      Kevin D. McCullough
      Texas Bar No. 00788005

Kerry Ann Miller
Texas Bar No. 24050875
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
kdm@romclawyers.com
kmiller@romclawyers.com

COUNSEL FOR HERITAGE STANDARD
CORPORATION,
DEBTOR AND DEBTOR IN POSSESSION

## CERTIFICATE OF CONFERENCE

The Debtors' counsel spoke with counsel for the CIT Capital USA, Inc. regarding the relief sought herein. Counsel for the CIT Capital USA, Inc. has consented to the relief sought herein.

/s/ Kevin McCullough
Kevin McCullough