| | |
|---|---|
| Joe E. Marshall<br>Texas Bar No. 13031100<br>Kathleen M. Patrick<br>Texas Bar No. 24037243<br>**MUNSCH HARDT KOPF & HARR, P.C.**<br>3800 Lincoln Plaza<br>500 North Akard Street<br>Dallas, Texas 75201-6659<br>Telephone: (214) 855-7500<br>Facsimile: (214) 978-4365<br>jmarshall@munsch.com<br>kpatrick@munsch.com<br><br>**COUNSEL FOR HERITAGE CONSOLIDATED, LLC,**<br>**DEBTOR AND DEBTOR IN POSSESSION** | Kevin D. McCullough<br>Texas Bar No. 00788005<br>Kerry Ann Miller<br>Texas Bar No. 24050875<br>**ROCHELLE McCULLOUGH LLP**<br>325 N. St. Paul, Suite 4500<br>Dallas, Texas 75201<br>Telephone: (214) 953-0182<br>Facsimile: (214) 953-0185<br>kdm@romclawyers.com<br>kmiller@romclawyers.com<br><br>**COUNSEL FOR HERITAGE STANDARD CORPORATION,**<br>**DEBTOR AND DEBTOR IN POSSESSION** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 10-36484-hdh-11 |
| HERITAGE CONSOLIDATED, LLC, *et al.*, | § | |
| | § | Jointly Administered |
| | § | |
| Debtors. | § | **Hearing Date: February 1, 2011 at 9:00 a.m., CST** |
| | § | |
| | § | **Objection Deadline: January 28, 2011 at 5:00 p.m., CST** |

**EXPITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF**

Heritage Consolidated, LLC ("Consolidated") and Heritage Standard Corporation ("HSC" and together with Consolidated, the "Debtors"), the debtors and debtors-in-possession in the above-captioned bankruptcy cases (the "Bankruptcy Cases"), file their *Expedited Motion to (A) Sell Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and*

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 1**

*Encumbrances; (B) Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Grant Related Relief; Or, in the Alternative, Motion to (A) Approve the Back-Up Purchase and Sale Agreement; and (B) Grant Related Relief* (the "Motion to Sell"). In support of the Motion to Sell, the Debtors respectfully state as follows:

## I. JURISDICTION AND VENUE

1. On September 14, 2010 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), thereby initiating the Bankruptcy Cases.

2. On September 22, 2010, the Court entered an order granting the joint administration of the Debtors' cases [Docket No. 65].

3. The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. By virtue of the provisions of the Bankruptcy Code, as debtors in possession, the Debtors have the statutory responsibilities and duties of a trustee, except where specifically excused. *See* H.R. § 200, H.R. Rep. No. 595, 95th Cong., 1st Sess. 404 (1977). As such, the Debtors are serving in the capacity of a Chapter 11 trustee as if appointed by order of this Court.

4. On September 24, 2010, a committee formation meeting was conducted by the Office of the United States Trustee and, pursuant to that meeting, the Official Committee of Unsecured Creditors (the "Committee") was formed in the Bankruptcy Cases.

5. This Court has jurisdiction over the Bankruptcy Cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Motion to Sell involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Bankruptcy Cases and this Motion to Sell in this District

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 2**

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL BACKGROUND

6. The Debtors are privately-held companies that operate in the oil and gas industry. The Debtors' core operations consist of exploration for, and acquisition, production, and sale of, crude oil and natural gas. Consolidated is a Texas limited liability company that owns the majority of the oil and gas wells, leasehold interests, and mineral interests that allow the Debtors to conduct their oil and gas operations. Specifically, Consolidated, among other things: (i) acquires and owns the pertinent oil and gas leases; (ii) participates in drilling and completing oil and gas wells on the properties covered by those leases; (iii) markets and sells oil, gas, and other hydrocarbons from those wells; and (iv) acquires and owns other oil and gas properties such as mineral interests and development and production rights. HSC, a Texas corporation, is an exploration and production company that develops oil and gas prospects and operates wells owned by Consolidated and other working interest owners; it is also a lessee of certain oil and gas leases.

7. The Debtors focus their development efforts primarily on the Permian Basin in west Texas and southeastern New Mexico (the "Target Area"). The Debtors and their predecessors have been exploring and developing the Target Area since 1984.

8. As part of conducting their business, the Debtors are lessees under, or assignees of, oil and gas leases and are parties to certain operating agreements, farmout agreements, joint venture agreements, gas marketing agreements, gas transportation agreements, and other agreements.

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 3**

## The Plan of Reorganization

9. The Debtors and CIT Capital filed the *Joint Plan of Reorganization for the Debtors* (as amended, supplemented, and modified, the "Plan") on September 17, 2010. A copy of the Plan is attached as an exhibit to the *Disclosure Statement for Joint Plan of Reorganization for the Debtors* [Docket No. 38] (as amended, supplemented, and modified, the "Disclosure Statement"). Under the Plan, the Debtors proposed to effectuate a sale (the "Sale") of substantially all of the Debtors' assets, including, without limitation, all mineral interests (collectively, the "Assets"), under that certain Amended and Restated Purchase and Sale Agreement dated as of October 12, 2010 but effective as of September 7, 2010, by and among Permian Atlantis LLC ("Permian Atlantis"), Permian Phoenix LLC (together with Permian Atlantis, the "Permian Entities")[1] and the Debtors (the "Permian Purchase and Sale Agreement"). Under the Permian Purchase and Sale Agreement, the Permian Entities agreed to serve as the stalking horse bidder with respect to certain assets associated with the Debtors' "Section 6 Assets" and "Non-Section 6 Assets" and to purchase those assets[2] free and clear of any and all

---

[1] The Permian Entities are indirect subsidiaries of Cross Canyon Energy Corporation, which is an indirect subsidiary of CIT Capital.

[2] Certain of the Debtors' assets are excluded from any potential Sale or the Back-Up Purchase and Sale Agreement, including, among other things, the follow assets:

a) The surface lease dated May 15, 1975 initially by and between the City of Midland and Atlantic Richfield Company for the Crittendon Gas Plant together with all physical plant equipment, compressors, machinery, parts, tools, furniture, and improvements located in or on the leased property.

b) The following salt water disposal wells and remediation wells, together with any liability arising out of a Claim associated with those wells, the related facilities and equipment, or the operation thereof, to-wit:

   i. Tubb 2 Unit #1 Well, in Section 2, Block 24-C, Winkler County, Texas;

   ii. J.B. Tubb 1-A, remediation well, in Section 24, Block 23-C, Winkler County, Texas;

liens, claims, rights, interests, and encumbrances except as otherwise provided under the Plan. The Sale as contemplated under the Permian Purchase and Sale Agreement and the Plan is subject to higher and better offers as more particularly set forth in those certain Sale Procedures approved pursuant to the Court's *Order (A) Approving Plan Support Agreement, Sale Procedures and Bid Protections in Connection with Sale of Assets; (B) Approving Form and Manner of Notice of Sale and of Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Docket No. 193] (the "Sale Procedures Order"). The Sales Procedures Order set a bid deadline of January 18, 2011 (the "Bid Deadline") with an auction(s), if necessary, to be held on January 24, 2011 (the "Auction"). Pursuant to the Sales Procedures Order, the consummation of the Sale may be pursuant to the Plan or a stand-alone sale hearing.

10. Pursuant to the Sales Procedures Order, if a Sale does not occur or the Plan does not go effective, then the Debtors' must pursue a transaction under a Back-Up Purchase and Sale Agreement (Non-Section 6 Assets) by and among the Permian Entities and the Debtors (the "Back-Up Purchase and Sale Agreement") [Docket No. 412] referenced by docket number and

---

      iii. HRW-1 recovery (remediation) well, in Section 24, Block 23-C, Winkler County, Texas; and

      iv. HRW-2 recovery (remediation) well, in Section 24, Block 23-C, Winkler County, Texas.

Parties shall agree to the appropriate form and structure of exclusion of these wells and dealing with the remediation obligations for which these wells are being used in agreements between the parties on mutually acceptable terms.

c) All wells and/or wellbores not within the boundaries of Properties conveyed in Sections 21, 22, 23, 24, 25, Block C-23; Sections 1 and 2, Block C-24; Sections 6 and 9, Block 74; Section 1, Block 75; all Public School Land Surveys, Winkler and Loving Counties, Texas and Section 21, Township 26 South, Range 35 East, Lea County, New Mexico.

---

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 5**

incorporated herein as **Exhibit A**.  The terms of the Back-Up Purchase and Sale Agreement are similar to those set for the in the Purchase and Sale Agreement and provide for consideration including the assumption or other satisfaction of approximately $12 million of the Lender Secured Claim (as defined in the Plan) and one-quarter of the DIP Claim (as defined in the Plan) and the payment of no more than $3.56 million in satisfaction of all Claims (as defined in the Plan) under the Non-Section 6 JOAs (as defined in the Plan).

11. Pursuant to the Court's Order [Docket No. 204] entered on November 1, 2010, the Debtors retained Macquarie Capital (USA) Inc. ("Macquarie") as their investment banker to market and sell the Section 6 Assets and Non-Section 6 Assets.  Macquarie commenced the marketing process in earnest, having circulated a teaser and offering memorandum to potential interested parties.

12. On January 13, 2011, the Debtors' filed their *Agreed Emergency Motion to (A) Extend Bid Deadline; (B) Adjourn Auction Date; and (C) Granting Related Relief* (the "Emergency Motion to Extend") [Docket No. 399] requesting the Bid Deadline be extended until January 24, 2011 at 4:00 p.m., CST, and the Auction be adjourned until January 27, 2011 at 9:00 a.m., CST.  This Court granted the relief requested by the Debtors in their Emergency Motion to Extend, thereby extending the Bid Deadline until January 24, 2011 at 4:00 p.m., CSA and the adjournment of the Auction until January 26, 2011 at 9:00 a.m., CST.

13. Depending on the nature and extent of the consideration paid by the winning bidder of the Auction, at a later date, the Debtors may be filing a Motion to Approve Distributions or an amendment to the Plan.

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 6**

14. The Debtors have provided to Potential Purchasers form purchase and sale agreements to effectuate the transfer of the Assets. The form purchase and sale agreement for the Section 6 Assets and the Non-Section 6 Assets [Docket No. 413] is referenced by docket number and incorporated herein as **Exhibit B**. The form purchase and sale agreement for the Section 6 Assets [Docket No. 414] is referenced by docket number and incorporated herein as **Exhibit C**. The form purchase and sale agreement for the Non-Section 6 Assets [Docket No. 415] is referenced by docket number and incorporated herein as **Exhibit D**. Copies of Exhibit B, Exhibit C, and Exhibit D are available on request and may be obtained upon receipt of a written request to the Debtors, c/o Rochelle McCullough, LLP c/o Kerry Ann Miller, 325 N. St. Paul Street, Suite 4500, Dallas, Texas 75201, (fax) 214.953.0185.

### III. RELIEF REQUESTED

15. The Debtors request authorization from this Court allowing the Debtors to (a) sell substantially all of their assets free and clear of liens, claims, interests and encumbrances; (b) assume and assign executory contracts and unexpired leases, or, in the alternative, (c) for this Court to approve the Back-Up Purchase and Sale Agreement; and (d) setting the deadline to object to such proposed Sale and/or assumption and assignment of executory contracts, unexpired leases and potential cure amounts of January 28, 2011 at 5:00 p.m., CST.

**A.    Motion to Sell**

16. Pursuant to Bankruptcy Code §§ 105, 363 and 365, *in the event that the highest and best offer at the Auction contemplates closing the purchase outside of the plan context*, the Debtors seek authority to, among other things, sell the Assets to such other entity who has submitted the highest and best offer (the "Purchaser") at the auction of the Assets (the

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 7**

"Auction") free and clear of liens, claims, encumbrances, taxes and interests with such claims and interests to attach to the proceeds of the Sale. In that event, the Debtors also seek to assume and assign certain executory contracts and unexpired leases to Purchaser.

17. Bankruptcy Code § 363(b)(1) provides that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). "A sale of assets under § 363, as implemented by rule 6004, requires notice and a hearing and is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons." *Cadle Company v. Mims (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010). In reviewing a proposed sale of assets, a bankruptcy court should give deference to the business judgment of a debtor in possession when it deems the sale to be appropriate. *See Esposito v. Title Ins. Co. (In re Fernwood Mkts.)*, 73 B.R. 616, 621 n.2 (Bankr. E.D. Pa. 1987).

18. The Debtors have determined, in the sound exercise of their business judgment, that selling the Assets is beneficial to their estates and creditors. After soliciting the input of Macquarie, the Debtors have determined that the Sale of the Assets will maximize the value of their estates and will be in the best interest of their creditors and other constituencies. The Debtors have marketed the Assets for sale and believe that the Auction, or, in the alternative, the Stalking Horse Bid, will result in reasonable, satisfactory, and fair market value.

19. Pursuant to Bankruptcy Code § 363(f), a debtor may sell property free and clear of all liens, claims and encumbrances if (i) applicable nonbankruptcy law permits the sale of such property free and clear of such interest; (ii) the lienholder or claimholder consents; (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 8**

value of all liens on such property; (iv) such interest is a bona fide dispute; or (v) the lienholder could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. *See* 11 U.S.C. § 363(f). These five conditions are written in the disjunctive, permitting the sale of estate assets upon the satisfaction of any one of the five conditions, including consent of the lienholders. *See In re Taxi Holders, Inc.*, 307 B.R. 525, 528-29 (Bankr. E.D. Va. 2004); *see also In re Mirant Corp.*, 2005 WL 1000266, at *5 (N.D. Tex. Apr. 14, 2005) (noting that "one or more of the standards set forth in Section 363(f)" must be satisfied).

20. The provisions of Bankruptcy Code § 363(f) are satisfied if CIT Capital, who asserts it holds a first priority lien in the Assets, consents to the Sale as a result of the auction process.

21. The Assets therefore should be sold to the party submitting a qualified highest and best offer, free of all liens, claims, interests and encumbrances, with any holder's lien, claim, interest or encumbrance attaching to the proceeds of the Sale, with the same nature, validity and priority that such interest encumbered the Assets prior to the proposed sale.

**1. Protections of Bankruptcy Code § 363(m)**

22. Bankruptcy Code § 363(m) states, in relevant part:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

*See* 11 U.S.C. § 363(m).

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 9**

23. Section 363(m) of the Bankruptcy Code "patently protects, from later modification on appeal, an authorized sale where the purchaser has acted in good faith and the sale was not stayed pending appeal." *In re Butan Valley, N.V.*, (slip op.), 2009 WL 6509349, at *4 (S.D. Tex. Sept. 11, 2009) (quoting *Matter of Gilchrist*, 891 F.2d 559, 560 (5th Cir. 1990)). Where a commercially sophisticated seller and purchaser have negotiated a sale at arms-length, they have acted in good faith within the contemplation of Bankruptcy Code § 363(m) and are entitled to the protections of that provision. *See In re Beach Dev., L.P.*, (slip op.), 2009 WL 3246771, at *3 (Bankr. S.D. Tex. Oct. 5, 2009).

24. The Purchase and Sale Agreement will result in an arm's length, good faith negotiation between the Debtors and Purchaser. The Debtors have and Purchaser will have retained legal counsel and conducted due diligence, and they will negotiate and agree upon the terms of the Purchase and Sale Agreement in good faith. The Debtors believe that the ultimate Purchaser will be a "good faith" purchaser within the meaning of Bankruptcy Code § 363(m) and should be fully entitled to the protections thereof. The Auction and the Selection of the Successful Bid will be conducted in accordance with the procedures previously approved by this Court in the Sale Procedures Order. Accordingly, the Debtors request findings and protections pursuant to Bankruptcy Code § 363(m).

25. The Debtors request that all objections to the proposed Sale must be filed with the Court and served upon the following, so as to be received by the following parties (collectively, the "<u>Notice Parties</u>") no later than **January 28, 2011 at 5:00 p.m., CST** :

- Counsel for Heritage Consolidated: Munsch Hardt Kopf & Harr PC, Attn.: Joe E. Marshall, 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas, 75201-6659, (fax) 214.978.4365;

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 10**

- Counsel for Heritage Standard: Rochelle McCullough, LLP, Attn.: Kevin McCullough, 325 N. Saint Paul Street, Suite 4500, Dallas, Texas, 75201, (fax) 214.953.0185;

- Counsel for CIT Capital: Vinson & Elkins LLP, Attn.: Richard H. London, Trammell Crow Center, 2001 Ross Avenue, Suite 3700, Dallas, Texas, 75201, (fax) 214.999.7823;

- Counsel for the Official Committee of Unsecured Creditors: Okin Adams & Kilmer, LLP, Attn.: Brian Kilmer, 3102 Maple Avenue, Ste. 240, Dallas, Texas 75201, (fax) 888.865.2118;

- Counsel for Michael B. Wisenbaker: Lidji Dorey Hooper, Attn.: Brian Lidji, 500 N. Akard, Suite 3500, Dallas, Texas, 75201, (fax) 214.774.1200; and

- The United States Trustee's Office at Office of the United States Trustee, Attn: Erin Schmidt, 1100 Commerce Street, Room 9-C-60, Dallas, Texas, 75242, (fax) 214.767.6530.

**2. Assumption and Assignment of Executory Contracts and Unexpired Leases**

26. Bankruptcy Code § 365 permits a debtor-in-possession to assume and assign executory contracts and unexpired leases, so long as the debtor cures certain defaults under the leases and contracts and provides adequate assurance of future performance thereunder. 11 U.S.C. § 365(b) and (f).

27. By this Motion, the Debtors request authority to assume and assign to the Purchaser certain executory contracts and unexpired leases identified on the list attached hereto as **Exhibit E** (the "Assigned Contracts"), subject to modification as provided under the Sale Procedures Order and any other Order of the Court. Under the Purchase and Sale Agreement, prior to the Auction, Qualified Bidders must identify those contracts and leases to be assigned as part of their Qualified Bid, and may also designate additional Assigned Contracts at any time prior to the Auction.

28. The Debtors request that all objections to assumption and assignment of any Executory Contracts, including proposed cure amounts, must be filed with the Court and served

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 11**

upon the following, so as to be received by the Notice Parties no later than **January 28, 2011 at 4:00 p.m., CST**.

29. Failure of any counter-party to an Executory Contract to timely file an objection by the aforementioned deadline shall result in the counter-party waiving all objections to assumption and assignment, to include challenges to proposed cure amounts.

**B.     Approval of Back-Up Purchase and Sale Agreement**

30. In the alternative, in the event the Auction in unsuccessful, the Debtors seek the Court's approval of the Back-Up Purchase and Sale Agreement, pursuant to the terms set forth herein, in order to maximize value for the benefit of the Debtors' estates. The Debtors submit that in the event a Sale is not effectuated, the Back-Up Purchase and Sale Agreement is in the Debtors' sound business judgment and will maximize benefit to the estate.

**C.     The Stay Imposed Under Bankruptcy Rules 6004(h) and 6006(d) Should Be Waived**

31. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 6004(h). Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the Court orders otherwise. FED. R. BANKR. P. 6006(d).

32. A waiver of the 14-day stays of Bankruptcy Rules 6004(h) and 6006(d) will allow the Debtors to immediately close the Sale of the Assets with the ultimate Purchaser, or enter into the Back-Up Purchase and Sale Agreement, which will result in a more immediate benefit to the Debtors' estates, which will, in turn, lessen the Debtors' accrual of administrative expenses. The

**EXPEDITED MOTION TO (A) SELL SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, ENCUMBRANCES; (B) ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) GRANT RELATED RELIEF; OR, IN THE ALTERNATIVE, MOTION TO (A) APPROVE THE BACK-UP PURCHASE AND SALE AGREEMENT; AND (B) GRANT RELATED RELIEF– Page 12**

Debtors therefore request that any order entered by this Court approving the Sale or the Back-Up Purchase and Sale Agreement be effective immediately and waive the fourteen-day stay imposed pursuant to Bankruptcy Rule 6004(h) and 6006(d).

## IV. PRAYER

In the event that the Purchaser contemplates closing the purchase of the Assets outside of the Plan, the Debtors respectfully request that the Court enter an Order authorizing and approving the Sale of the Assets as provided herein, the assumption and assignment of executory contracts and unexpired leases as provided herein, or, the alternative, the Debtors request this Court approve the Back-Up Purchase and Sale Agreement, and, in either case, the waiver of the automatic stay imposed under Bankruptcy Rules 6004(h) and 6006(d). The Debtors also request such other and further relief to which they may be justly entitled.

Dated: January 18, 2011.   Respectfully Submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  /s/ Joe E. Marshall
  Joe E. Marshall
  Texas Bar No. 13031100
  Kathleen M. Patrick
  Texas Bar No. 24037243
  3800 Lincoln Plaza
  500 North Akard Street
  Dallas, Texas 75201-6659
  Telephone: (214) 855-7500
  Facsimile:  (214) 978-4365
  jmarshall@munsch.com
  kpatrick@munsch.com

COUNSEL FOR HERITAGE CONSOLIDATED, LLC,
DEBTOR AND DEBTOR IN POSSESSION

-and-

**ROCHELLE McCULLOUGH LLP**

By: /s/Kevin D. McCullough
    Kevin D. McCullough
    Texas Bar No. 00788005
    Kerry Ann Miller
    Texas Bar No. 24050875
    325 N. St. Paul, Suite 4500
    Dallas, Texas 75201
    Telephone: (214) 953-0182
    Facsimile: (214) 953-0185
    kdm@romclawyers.com
    kmiller@romclawyers.com

COUNSEL FOR HERITAGE STANDARD CORPORATION,
DEBTOR AND DEBTOR IN POSSESSION