Holland Neff O'Neil (14864700)
Michael S. Haynes (24050735)
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@gardere.com
mhaynes@gardere.com

And

Terry W. Rhoads (16811750)
Matt Catalano (24003918)
**COTTON BLEDSOE TIGHE & DAWSON, PC**
500 West Illinois, Ste. 300
Midland, Texas 79701
Telephone: (432) 897-1440
Facsimile: (432) 682-3672
trhoads@cbtd.com
mcatalano@cbtd.com

**COUNSEL FOR CITY OF MIDLAND**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| HERITAGE CONSOLIDATED, LLC et al.,[1] | § | CASE NO. 10-36484-hdh-11 |
| | § | |
| | § | (Jointly Administered) |
| DEBTORS. | § | |

## CITY OF MIDLAND'S MOTION FOR AMENDMENT OR CLARIFICATION OF ORDER ON CITY OF MIDLAND'S CLAIM PURSUANT TO FED. R. BANKR. PRO. 9023
### (RE: DOCKET NO. 463)

The City of Midland ("**Midland**"), by and through its undersigned counsel, hereby files this motion (the "**Motion**") requesting the Court amend or clarify its *Order on the City of Midland's Claim* [Docket No. 463] (the "**Estimation Order**"). In support of this Motion, Midland respectfully states as follows:

---

[1] Pursuant to the *Order Directing Joint Administration of Bankruptcy Cases*, Heritage Consolidated, LLC's case was jointly administered with Heritage Standard Corporation's case no. 10-26485-hdh (collectively, the "**Debtors**").

**CITY OF MIDLAND'S MOTION FOR AMENDMENT OR CLARIFICATION OF ORDER**     Page 1
**ON CITY OF MIDLAND'S CLAIM PURSUANT TO FED. R. BANKR. PRO. 9023**
DALLAS 2199368v.4

1. The Debtors commenced their chapter 11 bankruptcy proceedings on September 14, 2010. Pursuant to Sections 1107 and 1108, the Debtors are operating their business and properties as debtors-in-possession.

2. On November 15, 2010, Midland filed the *City of Midland's Motion for Estimation of Claims for Purpose of Allowance, Voting, and Determining Plan Feasibility, and Request for Determination that Remediation Claim is Entitled to Administrative Expense Priority* [Docket No. 256] (the **"Estimation Motion"**).

3. Through the Estimation Motion, Midland requested the Court estimate, for purposes of allowance,[2] Midland's claims resulting from the Debtors' contamination of the Aquifer[3] containing a source of freshwater for Midland. The Court conducted a trial on the Estimation Motion on January 10, 11, 13, and 14th. Thereafter, on February 1, 2011, the Court entered the Estimation Order. Through this Motion, Midland requests the Court amend the Estimation Order or clarify the rulings contained therein regarding the amount and allowance of Midland's general unsecured claim.

4. Among the Court's rulings in the Estimation Order, the Court stated the following:

---

[2] It is well settled, established law that allowance of a claim in a bankruptcy proceeding has the same effect of a final judgment on the merits of the claim. *See, e.g., Bank of Lafayette v. Baudoin (in re Baudoin)*, 981 F.2d 736, 742 (5th Cir. 1993) ("[W]e read our prior holdings to establish that an order allowing a poof of claim is, likewise, a final judgment."); *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 164-5 (2d Cir. 1995) (holding that bankruptcy court has power and jurisdiction to enter money judgment against debtor); *In re Good Hope Chemical Corp.*, 747 F.2d 806, 808 n.5 (1st Cir. 1984) ("The bankruptcy court's allowance of a creditor's claim has the effect of a final judgment on the merits in a Chapter XI proceeding."); *Heller v. Cox*, 343 F.Supp. 519, 524 (S.D.N.Y. 1972) ("The law is settled that a judgment of a Referee in Bankruptcy with respect to a creditor's claim for money or for property is a final judgment and should be given the same effect as any other judgment of a competent court….").
[3] As defined in the Estimation Motion.

**CITY OF MIDLAND'S MOTION FOR AMENDMENT OR CLARIFICATION OF ORDER**     Page 2
**ON CITY OF MIDLAND'S CLAIM PURSUANT TO FED. R. BANKR. PRO. 9023**
DALLAS 2199368v.4

### UNSECURED CLAIM OF MIDLAND

*Midland is only entitled to one recovery, which is quantified under Texas law as either: (a) the diminution in value of the T-Bar Ranch as a result of the Debtors' activities, or (b) the cost to remediate the Aquifer.* ***The more persuasive evidence offered at the estimation trial suggests that the cost to remediate will be $6.5 million. Midland is entitled to have its damage repaired, and the cost of repair, in this case the remediation, is the measure of its claim.*** *Such **unsecured claim** may very well be satisfied in a plan under which the Debtors show that they will have the funds and insurance necessary to complete the remediation, and responsible persons to see the remediation to a conclusion.*

\*\*\*

Estimation Order, p. 4 (emphasis added).

5.  Midland seeks clarification from this Court on the amount of its allowed unsecured claim. Specifically, Midland requests an amendment of the Estimation Order, specifically inserting, into the above-referenced paragraph, the following:

> **"Midland's general unsecured claim for damages for the cost of remediation of the Aquifer is therefore allowed in the amount of $6.5 million."**

6.  This amendment is necessary to clarify the Court's intention, as there appears to be some ambiguity. By way of example, after the Estimation Order was issued, on February 2, 2011, counsel for Midland sent a letter to counsel for the Debtors requesting that the Debtors (through their insurer) fund a trust with $6.5 million cash, such trust to be administered by the City of Midland in coordination with the Railroad Commission of Texas (the "**RRC**"). A copy of this letter is attached hereto as <u>Exhibit A</u>. The Court stated in the Estimation Order that "[s]uch unsecured claim [of the City of Midland] may very well be satisfied in a plan under which the Debtors show that they will have the funds and insurance necessary to complete the

remediation.…" Estimation Order at p.4. As the Debtors have a chapter 11 plan pending, it was necessary to make demand in order to compel the Debtors' insurer to tender the funds.

7. On February 3, 2011, Federal Insurance Company ("**Federal**"), one of the Debtors' insurance companies, sent a letter to counsel for Midland, a copy of which is attached hereto as Exhibit B, stating that the Court "did not enter a monetary award," and that the Estimation Order did not create an "immediate payment obligation of the Debtors or Federal." Federal declined Midland's request to fund a trust.

8. It is apparent that Federal is parsing the Court's words. As is clear under the Bankruptcy Code, if Midland holds an allowed general unsecured claim, such claim establishes a "right to payment." *See* 11 U.S.C. §101(5)(A) (defining a "claim" to mean a "right to payment…").[4] Federal's assertion that the Court did not enter a "monetary award" appears contrary to the Court's ruling. For the avoidance of doubt, Midland requests insertion of the language in the Estimation Order as set forth in paragraph 5 above.

## AUTHORITY FOR RELIEF REQUESTED

9. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9023 substantially incorporates Federal Rule of Civil Procedure 59, which in turn, provides, in pertinent part:

> After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

---

[4] Whether a debtor that has sought the protection of Chapter 11 and may have other means under the Bankruptcy Code to satisfy an allowed claim does not detract from the fact that the claim itself, once allowed, establishes a "right to payment." *See In re Pan Am. Gen. Hosp.,* 385 B.R. 855, 862-63 (Bankr. W.D. Tex. 2008) (holding that chapter 11 plan establishing a claim "created the 'right to payment'…"). If a debtor otherwise has insurance as a means to satisfy the claim, the insurer must abide by its contractual obligations. To be clear, however, Midland is not requesting that the Court order that the Debtors' insurer must fund into a trust. Midland's proposal to the Debtors set forth in Exhibit A was its proposed means to satisfy the administrative liability established by the Court, as well as Midland's unsecured claim.

**CITY OF MIDLAND'S MOTION FOR AMENDMENT OR CLARIFICATION OF ORDER**  Page 4
**ON CITY OF MIDLAND'S CLAIM PURSUANT TO FED. R. BANKR. PRO. 9023**
DALLAS 2199368v.4

F.R.C.P 59(a)(2).

10. Additionally, Bankruptcy Rule 9023 allows a court to clarify an order that is ambiguous or requires clarification of a substantive judgment. *See In re Fargo Fin., Inc.,* 71 B.R. 702, 705 (Bankr. N.D. Ga. 1987) (clarifying an order that "does not reflect the Court's intended adjudication and determination…"); *In re McCoy*, 157 B.R. 705, 708 (Bankr. M.D. Fla. 1993) ("Since the Court is satisfied that if the Order under consideration is unclear and it is difficult, if not impossible, to determine the legal effect of the Order…, it is appropriate to reconsider and to clarify the Order…."); *In re WorldCom, Inc.*, 2007 WL 4179316 *1 (Bankr. S.D. N.Y. Nov. 27, 2007) ("Such motions for clarification, modification or reconsideration, however, are generally made pursuant to Bankruptcy Rule 9023, which incorporates Fed. R. Civ. P. 59." (citing *In re Adelphia Commc'ns, Corp.,* 2006 WL 2927222 (Bankr. S.D. N.Y. Oct. 10, 2006)).

11. Federal Rule 59 allows a court to alter or amend a judgment for any reason for which a rehearing could be granted in a suit in equity in federal court. *See* Fed. R. Civ. P. 59; *see Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); *In re Aguilar*, 861 F.2d 873, 875 (5th Cir. 1988).

12. Midland requests that the Court clarify the Estimation Order by amending it to make clear that Midland is allowed a general unsecured claim in the amount of $6.5 million for its damages for the cost of remediation of the Aquifer, and requests insertion of the language set forth in paragraph 5 above.

13. WHEREFORE, Midland respectfully requests that the Court (a) clarify and amend the Estimation Order as set forth herein, and (b) grant such other and further relief to which Midland may be justly entitled.

DATED: February 11, 2011

        Respectfully submitted,

        **GARDERE WYNNE SEWELL LLP**

        */s/ Holland Neff O'Neil*
        Holland Neff O'Neil (14864700)
        Michael S. Haynes (24050735)
        3000 Thanksgiving Tower
        1601 Elm Street
        Dallas, Texas 75201-4761
        (214) 999-4961
        (214) 999-4667 FAX
        honeil@gardere.com
        mhaynes@gardere.com

        -AND-

        Terry W. Rhoads (16811750)
        Matt Catalano (24003918)
        COTTON BLEDSOE TIGHE & DAWSON, P.C.
        500 West Illinois, Suite 300
        Midland, Texas 79701
        Telephone (432) 685-8570
        Facsimile (432) 684-6131
        Email trhoads@cbtd.com

        COUNSEL FOR THE CITY OF MIDLAND

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2011 a true and correct copy of the foregoing document was served electronically on all registered ECF users in this case.

        */s/ Michael S. Haynes*
        Michael S. Haynes

# Exhibit A



```
                                                              Post Office Box 2776
                                                              Midland, Texas 79702-2776
                                                              500 West Illinois, Suite 300
                                                              Midland, Texas 79701
                                                              (432) 684-5782
                                                              (432) 682-3672 Fax
                                                              www.cottonbledsoe.com
```

**TERRY W. RHOADS**   (432) 685-8570 Direct
trhoads@cbtd.com     (432) 684-3161 Facsimile

February 2, 2011

*Via email: jmarshall@munsch.com*
Joe Marshall
Munsch Hardt Kopf Harr, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, TX 75201-6659
Attorneys for Heritage Consolidated, LLC

*Via email: sdewolf@romclawyers.com*
Scott DeWolf
Rochelle McCullough, L.L.P.
325 N. St. Paul St., Suite 4500
Dallas, Texas 75201
Attorneys for Heritage Standard Corporation

   Re: Case No. 10-36484-HDH-11 (Jointly Administered); *In re: Heritage Consolidated, LLC, et al*; In the United States District Court for the Northern District of Texas, Dallas Division

Dear Joe and Scott:

  As you know, Judge Hale ruled Monday on the City of Midland's motion for estimation of its claim in the above-captioned bankruptcy. The Bankruptcy Court recognized that the City is entitled to have the damage to its aquifer repaired, and estimated the City's general unsecured claim in the amount of $6.5 million based on the Court's determination of the estimated cost of remediation. Likewise, although the Court did not grant the City the administrative claim per se, it did find that the remediation obligation was an administrative obligation of the Debtors. On page 4 of its Order, the Bankruptcy Court also indicated that this unsecured claim "may very well be satisfied in a plan under which the Debtors show that they will have the funds and insurance necessary to complete the remediation…."

  As there now exists a legally binding obligation to the Debtors to pay the cost of remediation to not only satisfy this administrative obligation, but also to satisfy the City's unsecured claim, demand is hereby made that the Debtors (through their insurer) fund the amount awarded by the Bankruptcy Court. Although the City has several options in which to

Mid: 000701\000056\897472.1

---

*Board Certified Civil Trial Law & Personal Injury Trial Law - Texas Board of Legal Specialization*

Mr. Joe Marshall
Mr. Scott DeWolf
February 2, 2011
Page 2

pursue a larger claim, it is willing to accept funding of $6.5 million cash into a trust to be administered by the City of Midland in coordination with the Railroad Commission of Texas.

    If acceptable, the City will release the Debtors (and its insurers) from further liability and will discontinue its pursuance of the administrative appeal to the Railroad Commission.

    This proposal remains open until February 7, 2011, at 12:00 p.m. (CST), at which time this proposal shall be deemed withdrawn if not previously accepted.  I look forward to your prompt reply.

    Very truly yours,

    COTTON, BLEDSOE, TIGHE & DAWSON, P.C.

    *Terry Rhoads*

    Terry Rhoads

TWR:ca

Mr. Joe Marshall
Mr. Scott DeWolf
February 2, 2011
Page 3

bcc:    Matt Catalano - Firm

        Mr. Keith Stretcher        *Via Email: kstretcher@midlandtexas.gov*
        City of Midland – City Hall
        P. O. Box 1152
        Midland, Texas 79702

        Holland Neff O'Neil        *Via Email: honeil@gardere.com*
        Michael S. Haynes        *Via Email: mhaynes@gardere.com*
        Gardere Wynne Sewell LLP
        3000 Thanskgiving Tower
        1601 Elm Street
        Dallas, Texas  75201-4761

Mid: 000701\000056\897472.1

*Board Certified Civil Trial Law & Personal Injury Trial Law - Texas Board of Legal Specialization*

# Exhibit B



A PROFESSIONAL CORPORATION
ONE HOUSTON CENTER    SUITE 2900    1221 McKINNEY    HOUSTON, TX 77010
832.214.3900    800.448.8502    832.214.3905 FAX    www.cozen.com

Joseph A. Ziemianski
Member
Direct Dial: (832) 214-3920
jziemianski@cozen.com

February 3, 2011

Terry W. Rhoads                                                    **Via E-Mail and Telecopy**
Cotton Bledsoe Tighe Dawson, PC                                    *trhoads@cbtd.com*
P.O. Box 2776
Midland, Texas 79702-2776

    RE:    Case No. 10-36484-HDH-11 (Jointly Administered); *In re: Heritage Consolidated, LLC, et al.*; In the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

Dear Mr. Rhoads:

    Federal Insurance Company ("Federal") is in receipt of your February 2, 2011 letter on behalf of the City of Midland (the "City") to Heritage in care of Joe Marshall of Munsch Hardt Kopf Harr, P.C., and Kevin McCullough of Rochelle McCullough, L.L.P., in which you have demanded that "the Debtors (through their insurer) fund the amount awarded by the Bankruptcy Court," and have proposed that the demand be met by "funding of $6.5 million cash into a trust to be administered by the City of Midland in coordination with the Railroad Commission of Texas."

    Federal's express commitment has been, and continues to be, to pay the covered costs of the Ritter Plan as they are incurred, up to the amount of the remaining limits, subject to its previous reservation of rights. The Bankruptcy Court has now accepted the Ritter Plan and found its implementation to be sufficient relief. The Bankruptcy Court did not enter a monetary award, and, as you concede, it did not order allowance of an administrative claim. The order is devoid of any language creating an immediate payment obligation of the Debtors or Federal.

Terry W. Rhoads
February 3, 2011
Page 2 of 2

    For these reasons, Federal respectfully declines your demand.

    With best regards, I am

                         Sincerely yours,

                         COZEN O'CONNOR

                         Joseph A. Ziemianski

cc:    **VIA E-MAIL AND TELECOPY**:

    Robert Townsend

    Heritage Standard Corporation
    c/o Mr. Scott DeWolf
    Rochelle McCullough, L.L.P.
    325 N. St. Paul Street
    Suite 4500
    Dallas, Texas 75201

    Heritage Consolidated, LLC
    c/o Mr. Joe Marshall
    Ms. Mary Koks
    Munsch Hardt Kopf Harr, P.C.
    3800 Lincoln Plaza
    500 N. Akard Street
    Dallas, Texas 75201-6659