Hal Morris
E. Stuart Phillips
Sarah Darnell Wood
Assistant Attorneys General
The Texas Attorney General's Office
Bankruptcy & Collections Division
P. O. Box 12548, MC-008
Austin, Texas  78711-2548
P: 512/463-2173
F: 512/482-8341

ATTORNEYS FOR THE RAILROAD COMMISSION OF TEXAS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HERITAGE CONSOLIDATED, LLC, et al., | § | CASE NO. 10-36484-hdh |
| | § | |
| | § | CHAPTER 11 |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |

**RAILROAD COMMISSION OF TEXAS AND CITY OF MIDLAND'S
JOINT MOTION TO CONTINUE THE CONFIRMATION
HEARING AND COMPEL THE PARTIES TO MEDIATION**
*[expedited consideration is being requested by separate motion]*

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE CLOSE OF BUSINESS ON FEBRUARY 8, 2013, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

*THE MOVANTS ARE ALSO FILING A SEPARATE MOTION REQUESTING EXPEDITED CONSIDERATION OF THE RELIEF SOUGHT HEREIN.  IF SUCH MOTION IS GRANTED, PARTIES WISHING TO BE HEARD MAY APPEAR AND URGE ANY OPPOSITION AT THE TIME OF THE EXPEDITED HEARING.*

1

The Railroad Commission of Texas ("RRC") and the City of Midland (the "City") (collectively, the "Movants") respectfully file this Motion Requesting Continuance of the Confirmation Hearing (the "Motion") on the amended plan proposed by Heritage Standard Corporation and Heritage Consolidated, LLC (the "Debtors"), seeking continuation of the confirmation hearing as follows:

1. The Debtors' Amended Plan is set for confirmation on January 29, 2013. As this Court is aware, one of the primary obligations to be addressed in the liquidating plan is remediation of the Cenozoic Pecos Alluvium Aquifer (the "Aquifer"). The Court's consideration of confirmation is premature, however, until after the Court enters final orders in the declaratory judgment action filed by Heritage Standard's insurer[1] as well as the injunctive relief adversary proceeding which the RRC will shortly be filing, seeking to compel Debtor Heritage Standard to comply with its directives concerning remediation of the Aquifer. The Movants ask this Court to continue the hearing for a reasonably short period of time to permit the parties to expeditiously resolve the litigation affecting the Aquifer informally or through Court-ordered mediation, so that this Court can meaningfully determine whether the Debtors' amended plan can be confirmed.

---

[1] The insurer's declaratory judgment adversary is Case No. 11-03512, styled Federal Insurance Company v. City of Midland, Texas, et al. In that suit, the insurer seeks a declaration of its obligations with respect to the insurance policies issued, covering Heritage Standard Corporation and related to the Aquifer. Because the Debtor apparently intends to rely on insurance coverage to address most of its obligations related to remediating the Aquifer, the Movants believe that a final determination memorializing Federal Insurance Company's obligation to fund remediation of the contamination caused by the Debtor's Tubb 1A well is necessary before proceeding with confirmation.

2. The Debtors are responsible for contaminating the Aquifer, which is located 70 miles from the City of Midland. To address the contamination as required under Texas law and as directed by the RRC, Debtor Heritage Standard proposed a plan (the "Ritter Plan") designed to monitor the plume of contamination and remediate the contamination by pumping the contaminated water out of the Aquifer and injecting it into a disposal well. The RRC approved the Ritter Plan based on the facts and circumstances at the time the plan was proposed, without the need for a formal administrative proceeding to compel Heritage Standard's compliance.

3. On February 1, 2011, in the context of the City's motion seeking estimation of its claim (Dkt No. 256), the Court entered an order (the "Order") agreeing with the RRC that the Debtors have an ongoing obligation to address the contamination caused by their oil and gas operations. See, Order on The City of Midland's Claim (Dkt No. 463). In the Order, the Court found that "the Debtors' remediation plan, *currently* approved by the RRC, is *currently* the amount necessary to address the remediation of the damage to the Aquifer caused by Debtors' operations and to satisfy the claim of Midland." (emphasis added). As described below, the RRC recently requested a modification to the Ritter Plan due to the intervening severe drought in the Midland region and the heightened need to conserve water from the Aquifer that is intended for use in the City's municipal water supply.

4. Funding for remediation of the Aquifer, at least in part, has been provided by Heritage Standard's insurer Federal Insurance Company ("Federal") based on its obligations under pollution and umbrella insurance policies owned by the Debtors. Federal, however, disputes that the insurance policy covers contamination at the Heritage Standard's TH-6 well and asserts that the Debtor is responsible for paying to remediate contamination at TH-6. Pending

3

before this Court is an adversary proceeding, Federal Insurance Company v. City of Midland, Heritage Consolidated LLC, Heritage Standard Corporation, and the Texas Railroad Commission, Adversary Number 11-03512, wherein the parties seek to, among other things, establish the extent of Federal's obligation to fund remediation of the Aquifer.

5. Because of the change in circumstances caused by the drought and the City's need to immediately begin pumping drinking water from the Aquifer, the RRC on December 21, 2012 sent the Debtors a letter requesting that they submit a plan modifying the Ritter Plan to pump water from the Tubb 1A well and then treat – rather than dispose of -- the water. The RRC's letter is attached as Exhibit A.

6. On January 4, 2013, the Debtors responded to the RRC's directive, questioning the agency's authority to require modification of the Ritter Plan and asking the RRC to explain the basis for the modification and indicating that the Debtor's insurer questions the agency's authority to require modification of the Ritter Plan. (This letter is attached as Exhibit B). the cost to implement the required modification of the Ritter Plan is unknown at this time because the Debtor has not yet developed the modified plan. The Movants contend Federal is obligated to continue funding remediation of Tubb 1A under the modified Ritter Plan, up to policy limits.

7. In its January 4 letter, the Debtors also appear to deny any liability for remediating contamination caused at its so-called TH-6 well. Although communications between the Debtors and the RRC remain cordial, the RRC anticipates that it will need to file an adversary proceeding seeking an injunction to require Heritage Standard to implement the modified Ritter Plan (including remediating TH-6 contamination).

8.     Confirmation of the First Amended Joint Plan of Reorganization for the Debtors ("Amended Plan") is currently set for hearing on January 29, 2013, and the deadline for voting and objecting to confirmation is currently January 22, 2013.

9.     Movants respectfully assert that feasibility of the Debtors' plan is materially affected by the disputes involving Debtor Heritage Standard's liability for remediation of the Aquifer and the extent of Federal's obligation to fund remediation, as well as the unknown expenses associated with the necessary modification to the Ritter Plan.  As such, RRC and the City believe a confirmation hearing is premature and request continuation of the confirmation hearing until these issues are resolved.

10.    Court-ordered mediation appears to be an appropriate course of action at this juncture.  As the Court may be aware, the Debtors, the RRC, the City of Midland, the Unsecured Creditors Committee ("Committee"), and Federal Insurance all participated in extensive negotiations earlier in this case in an effort to reach agreement on how the Aquifer remediation would be funded.  The Movants are cautiously optimistic that a more formal mediation – scheduled in the very near future – could afford the parties an opportunity to resolve those issues so that the Debtors can move forward with confirmation of a feasible plan.

11.    Counsel for the RRC conferred with Debtors' and Committee's counsel in an attempt to file this motion by agreement and was advised that the Debtors are not in a position to agree to a continuance at this time (without additional information about the RRC's directive to implement a modified Ritter Plan).   Counsel for the Committee indicated he was presenting this request to the Committee on Monday afternoon, January 14, however the Movants have not been advised yet of the Committee's position on the motion.

5

WHEREFORE, the Railroad Commission of Texas and the City of Midland respectfully ask this Court to continue confirmation until the Debtor and Federal's obligations to remediate the Aquifer are determined by the Court and, if the Court deems it appropriate, to direct the parties (i.e., Heritage Standard, the Committee, Federal Insurance, and the Railroad Commission, with the Unsecured Creditors Committee invited to participate) to promptly mediate the issues concerning the contaminated Aquifer.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JOHN B. SCOTT
Deputy Attorney General for Civil Litigation

RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/ Hal Morris*
HAL F. MORRIS
Texas Bar No. 14485410
E. STUART PHILLIPS
Texas Bar No. 15923600
SARAH DARNELL WOOD
Texas Bar No. 24069569
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 482-8341
E-mail: *hal.morris@texasattorneygeneral.gov*
*stuart.phillips@texasattorneygeneral.gov*
*sarah.wood@texasattorneygeneral.gov*
ATTORNEYS FOR THE RAILROAD COMMISSION OF TEXAS

*/s/  Matt Catalano*
Matt Catalano (24003918)
COTTON BLEDSOE TIGHE&DAWSON, P.C.
500 West Illinois, Suite 300
Midland, Texas 79701
Telephone (432) 685-8570
Facsimile (432) 684-6131
Email: mcatalano@cbtd.com

COUNSEL FOR THE CITY OF MIDLAND

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all persons receiving notice through the Court's Electronic Filing System and by U.S. Mail on all parties listed on the ECF notice as not receiving electronic notice, on January 15, 2013.

*/s/  Sarah Darnell Wood*
Assistant Attorney General