

**MUNSCH HARDT
KOPF & HARR** PC
ATTORNEYS & COUNSELORS

DALLAS | HOUSTON | AUSTIN

3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201-6659
Main  214.855.7500
Fax  214.855.7584
munsch.com

Direct Dial 214.855.7573
Direct Fax 214.978.4365
jmarshall@munsch.com

July 12, 2013

TO ALL CREDITORS SUBMITTING VOTES ON
THE PLAN OF REORGANIZATION:

Re:    *In re Heritage Consolidated, LLC, et al.*; Case No. 10-36484-HDH-11

Dear Sir/Madame:

On December 13, 2012, the Honorable Harlin D. Hale, United States Bankruptcy Judge for the Northern District of Texas entered the *Order: (A) Approving Disclosure Statement; (B) Scheduling a Hearing to Consider Confirmation of the Joint Plan of Reorganization; (C) Establishing Voting and Objection Deadlines; and (D) Approving Balloting, Solicitation, Notice and Voting Procedures* [Docket No. 769] (the "Disclosure Statement Order"). You should have previously received a copy of the Disclosure Statement Order, along with the Second Amended Disclosure Statement, Joint Plan of Reorganization and a Ballot for voting your claim or claims in this Bankruptcy Case.

As a result of negotiations among key creditors in the case, the confirmation hearing was continued and the original Plan of Reorganization was never presented to the Bankruptcy Court for approval. The Plan Proponents have now reached settlements which required amendments to the terms of the original Plan and, accordingly, we have prepared the Second Amended Joint Plan of Reorganization (the "Second Amended Plan"), a copy of which is attached hereto as **Exhibit "1"**, and requested the Bankruptcy Court to reschedule the confirmation hearing.

Since the terms of the original Plan have now changed, the Bankruptcy Court has approved this correspondence to you by the Plan Proponents to explain and highlight those changes and provide the requisite Supplemental Disclosure you would need to vote on the Second Amended Plan. The Second Amended Disclosure Statement should be reviewed and considered in connection with your vote except to the extent that this correspondence directs you to modifications contained in the Second Amended Plan. If you did not previously receive the Disclosure Statement or need an additional copy, please contact the undersigned counsel for either the Debtors or Committee and we will forward one to you either by mail or electronic transmission as requested.

July 12, 2013
Page 2

Specifically, the Second Amended Plan contains two (2) modifications as follows:

1. First, the definition of Section 6 Assets in Paragraph 1.0112 has been revised to read as follows:

> **Section 6 Assets**. All oil and gas interests of the Estates,[1] including equipment utilized for such operations. Notably, the scope of what actually constitutes the "Section 6 Assets" is expressly reserved for a determination at a later date and all parties reserve all rights regarding this determination.

This change is intended to clarify that proceeds of production from the Debtors' interest in existing wells shall not automatically be excluded from the scope of validly filed and perfected M&M Lien Claims, but instead, the Bankruptcy Court shall resolve any subsequent disputes regarding the scope of the M&M Lien Claims as part of the claims objection process.

2. Second, the Debtors have reached an agreement with the City of Midland, RRC and Federal Insurance regarding the treatment of these parties' various claims against the Debtors' Estates (the "Environmental Claim Global Settlement") and have incorporated the terms of that settlement into the Second Amended Plan for consideration and approval by the Bankruptcy Court at the confirmation hearing pursuant to Bankruptcy Rule 9019 and the applicable provisions under Section 1129 of the Bankruptcy Code.

Creditors are specifically requested to refer to Section 6.02 of the Second Amended Plan for a detailed description of the settlement terms and conditions and the manner in which those claims will be satisfied.

The Plan Proponents believe that the Environmental Claim Global Settlement accomplishes the following:

(i) The Environmental Claims asserted by the City of Midland and RRC for contamination of the Aquifer will be satisfied through a cooperative remediation effort by these parties which will eliminate or substantially reduce the need for further litigation regarding the parties' obligations. This includes an agreement with Federal Insurance with respect to the Environmental Insurance Claims and the funding of an escrow by the Debtors to cover any uninsured obligations for the remediation around the TH-6 well.

(ii) The Estates' liability for the TH-6 Remediation will be capped at an amount less than originally estimated at the outset of this Bankruptcy Case and eliminate the potential for open and unlimited liability for future obligations. The original estimate of the TH-6 Remediation was $800,000 and had the potential to exceed this amount.

(iii) The Debtors and RRC have also agreed upon an amount to be deposited into the escrow to cover all P&A Liabilities for the Debtors with appropriate credits for

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Second Amended Plan.

July 12, 2013
Page 3

any bonds or insurance available to the Debtors. The RRC originally estimated these liabilities between $880,000 and $1.6 million. The fully funded escrow will include a total aggregate amount of $1,025,000.00 to apply to these P&A Liabilities as well as to any and all costs and expenses allocable to the Debtors' interest for the TH-6 Remediation to be applied at the discretion of the RRC. The Debtors, and the Liquidating Trust being established under the Second Amended Plan, and any subsequently appointed trustee, including the Liquidating Trustee under the Second Amended Plan, shall have no further monetary obligations for these costs and fees to the RRC and City of Midland.

The Plan Proponents believe that the foregoing settlement is beneficial to the Estates and the Creditors by reducing and capping the liabilities associated with potential claims for future remediation of the Aquifer, elimination or significant reduction in the attorney's fees and costs which would inevitably be incurred by the Liquidating Trust to resolve the coverage disputes with Federal Insurance and the future remediation obligations related to the Aquifer as demanded by the City of Midland and the RRC and the establishment of a reduced and reasonable escrow for the funding of the P&A liabilities.

Absent this settlement, it is possible that the Debtors could still obtain a favorable judicial determination on the disputed issues from this Bankruptcy Court or another court of competent jurisdiction, however, the Plan Proponents believe there is a material risk to that outcome and that a significant portion of the Estates' resources would be expended. The settlement accomplishes the objective of reducing and capping liabilities in a reasonable manner and limiting the fees and costs to be incurred going forward with respect to remaining disputed issues.

For the foregoing reasons, as part of the confirmation hearing, the Plan Proponents will be requesting pursuant to Bankruptcy Rule 9019 that the Bankruptcy Court approve the settlement among the parties as set forth in Section 6.02 of the Second Amended Plan.

Accordingly, the Plan Proponents are providing you with the following materials to review and consider in connection with your vote on the Second Amended Plan:

(i)   This Supplemental Disclosure;

(ii)  The Second Amended Joint Plan of Reorganization;

(iii) The approved Ballot or Ballots for voting your claim or claims; and

(iv)  The Supplemental Disclosure Order which sets forth the date and time of the Confirmation Hearing, the deadline for asserting any objections to Confirmation, the deadline for submitting your ballot on the Second Amended Plan and the instructions for submitting the ballot.

July 12, 2013
Page 4

      This correspondence is intended to supplement the Second Amended Disclosure Statement [Docket # 771], which has already been served on creditors and parties in interest. Creditors should consider this Supplement Disclosure along with the previously approved Disclosure Statement in their consideration and voting on the Second Amended Plan. Again, to the extent any creditor requires an additional copy, please contact the undersigned counsel for the Debtors or Committee.

      It is important that you comply with all applicable deadlines and that any ballot you submit be fully completed and signed and returned by the Voting Deadline. If you have questions regarding the enclosed information, please contact the undersigned using the contact information in the enclosed Disclosure Statement Order. You should also contact an attorney if you believe you are entitled to object to the Plan or otherwise believe your rights are being impaired.

      Sincerely,

      MUNSCH HARDT KOPF & HARR, P.C.
      3800 Lincoln Plaza
      500 North Akard Street
      Dallas, Texas 75201-6659
      Telephone: (214) 855-7500
      Facsimile: (214) 978-4365
      jmarshall@munsch.com

      By:  /s/ Joe E. Marshall
           Joe E. Marshall

      ATTORNEYS FOR HERITAGE STANDARD, CORP. AND HERITAGE CONSOLIDATED, LLC

      -and

July 12, 2013
Page 5

                  CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS &
                  AUGHTRY
                  1200 Smith Street, 14th Floor
                  Houston, Texas 77002
                  Telephone: (713) 658-2505
                  Facsimile:  (713) 658-2553
                  brian.kilmer@chamberlainlaw.com

                  By:____/s/ Brian Kilmer_____
                          Brian Kilmer

                  ATTORNEYS FOR THE OFFICIAL COMMITTEE
                  OF UNSECURED CREDITORS

MHDocs 4487585_5 11672.2