8.05     Means of Cash Payment. Cash payments made pursuant to this Plan shall be in U.S. funds, by appropriate means, including by check or wire transfer.

8.06     Delivery of Distribution. Distributions to holders of Allowed Claims shall be made (a) at the addresses set **forth** on the Proofs of Claim Filed by such holders (or at the last known address of such holders if no Proof of Claim is Filed or if the Liquidating Trustee has been notified of a change of address); (b) at the addresses set forth in any written notices of address changes delivered to the Liquidating Trustee (or the Debtors if prior to the Effective Date) after the date of any related Proof of Claim; or (c) if no Proof of Claim has been Filed and the Debtors and Liquidating Trustee have not received a written notice of a change of address, then at the addresses reflected in the Bankruptcy Schedules, if any.

8.07     Fractional Dollars; *De Minimis* Distributions. Notwithstanding any other provision of this Plan, payments of fractions of dollars shall not be made. Whenever any payment of a fraction of a dollar under this Plan would otherwise be called for, actual payment made shall reflect a rounding of such fraction to the nearest whole dollar (up or down). No payment of less than $25.00 with respect to any Claim shall be made unless a request is made in writing to the Liquidating Trustee. Notwithstanding the foregoing, the Liquidating Trustee may, in his or her discretion, make payments of fractions of dollars and/or of less than $25.00.

8.08     Withholding and Reporting Requirements. In connection with this Plan and all Distributions hereunder, the Liquidating Trustee shall, to the extent applicable, comply with all tax withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements. The Liquidating Trustee shall be authorized to take any and all actions that may be reasonably necessary or appropriate to comply with such withholding and reporting requirements.

8.09     Setoffs. The Liquidating Trustee may, but shall not be required to, set off against any Claim, and the payments or other Distributions to be made pursuant to this Plan in respect of such Claim, claims of any nature whatsoever that Consolidated, Standard, or the Liquidating Trust may have against the holder of such Claim; provided, however, neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Liquidating Trustee of any claim against such holder, unless otherwise agreed to in writing by such holder and the Liquidating Trustee.

8.010     Duty to Disgorge Overpayments. To the extent that a Claim may be an Allowed Claim in more than one Class, the holder of such Claim shall not be entitled to recover more than the full amount of its Allowed Claim. The holder of an Allowed Claim that receives more than payment in full of its Allowed Claim shall immediately return any excess payments to the Liquidating Trustee. In the event that the holder of an Allowed Claim fails to return an excess payment, the Liquidating Trustee may bring suit against such holder for the return of the overpayment in the Bankruptcy Court or any other court of competent jurisdiction.

8.011     Unclaimed Distributions. Any Cash or property held for the benefit of any holder of an Allowed Claim, if unclaimed by the distributee within six (6) months after the Distribution shall be re-deposited into the general Liquidating Trust funds and be made available for other Allowed Claims and Equity Interests, and all liability and obligations of the Debtors and the Liquidating Trust to such distributee with respect thereto shall thereupon cease notwithstanding any federal or state escheat laws to the contrary. Such holder shall be deemed to have forfeited its claim for such unclaimed Distribution and shall be forever barred and enjoined from asserting any claim for the unclaimed Distribution against any Debtor, any Estate, the Liquidating Trustee, the Liquidating Trust, or their respective properties and assets. The Liquidating Trustee and his or her respective agents and attorneys

are under no duty to take any action to either (i) attempt to locate any Claim holder, or (ii) obtain an executed Internal Revenue Service Form W-9 from any Claim holder.

## ARTICLE IX.
## PROCEDURES FOR RESOLVING DISPUTED, CONTINGENT,
## AND UNLIQUIDATED CLAIMS

**9.01    Objection Deadline; Prosecution of Objections**.  The Liquidating Trustee shall File objections to Claims and serve such objections upon the holders of each of the Claims to which objections are made within 180 days of the Effective Date.  Subject to the limitations set forth in this Plan, the Liquidating Trustee shall be authorized to resolve all Disputed Claims by withdrawing or settling such objections thereto, or by litigating to judgment in the Bankruptcy Court (or such other court having competent jurisdiction) the validity, nature, and/or amount thereof.  If the Liquidating Trustee and the holder of a Disputed Claim agree to compromise, settle, and/or resolve a Disputed Claim by granting such holder an Allowed Claim, then the Liquidating Trustee may compromise, settle, and/or resolve such Disputed Claim without further Bankruptcy Court approval.

Any Proofs of Claim that are Filed after the applicable Bar Date or applications for the allowance of an Administrative Claim that are Filed after the Post-Confirmation Bar Date shall be deemed invalid and Disallowed unless authorized by Order of the Bankruptcy Court.

**9.02    No Distributions Pending Allowance**.  Notwithstanding any other provision of this Plan, no payments or Distribution by the Liquidating Trustee shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Non-Appealable Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim.  However, as set forth in Section 7.04, the Liquidating Trustee shall establish reasonable reserves for such Disputed Claims.

## ARTICLE X.
## TREATMENT OF EXECUTORY CONTRACTS AND
## UNEXPIRED LEASES

Except to the extent (a) the Debtor previously has assumed or rejected an executory contract or unexpired lease, (b) prior to the Effective Date, the Bankruptcy Court has entered an Order assuming an executory contract or unexpired lease, (c) at the Confirmation Hearing, the Bankruptcy Court approves the assumption of any executory contracts or unexpired leases, or (d) the executory contract or unexpired lease is set forth on **Exhibit "C"** to this Plan, the Debtors' executory contracts and unexpired leases shall be deemed rejected on the Effective Date, pursuant to Bankruptcy Code §§ 365 and 1123.  The executory contracts and unexpired leases identified on **Exhibit "C,"** which shall be the Designated Contracts, shall be assumed by the applicable Debtor and assigned to the Liquidating Trust.

This Plan shall serve as, and shall be deemed to be, a motion for entry of an order approving the assumption of the Designated Contracts and the transfer of the Assumed Contracts to the Liquidating Trust and the Liquidating Trustee on behalf of the Liquidating Trust shall be deemed to be the legal counterparty to such contracts.  Except as otherwise required under a separate motion addressing the assumption of a Designated Contract, or as otherwise set by Order of the Court, any objection to the assumption and vesting of, or the proposed cure amount under, the Designated Contracts must be made as an objection to Confirmation of this Plan.  If no objection to the assumption and vesting of, or the proposed cure amount under, any particular Designated Contract is Filed and timely served, an Order (which may be the Confirmation Order) that approves the assumption and assignment of, and the proposed cure amount under, each respective Designated Contract may be entered by the Bankruptcy

Court. If any such objections are Filed and timely served, a hearing with respect to the assumption and assignment or cure of any of the Designated Contracts, and the objections thereto, shall be scheduled by the Bankruptcy Court, which hearing may, but is not required to, coincide with the Confirmation Hearing.

If the Bankruptcy Court approves the assumption and assignment of one or more Designated Contracts, those Designated Contracts shall be deemed Assumed Contracts, and they shall be assumed by the applicable Debtor and assigned to the Liquidating Trust effective as of the Effective Date. Any Cure Claims relating to the assumption and transfer of an executory contract or unexpired lease and ordered to be paid by the Bankruptcy Court shall be paid by the Liquidating Trust on or as soon as reasonably practicable after the Effective Date. Such Cure Claims shall be satisfied in full and final satisfaction of all defaults, including arrearages, under the Assumed Contracts as of the Effective Date.

## ARTICLE XI.
## EFFECTS OF CONFIRMATION

11.01    **Discharge**. On the Effective Date, the Debtors, their Estates and their respective assets and properties are automatically and forever discharged and released from all Claims and are vested in the Liquidating Trust to the fullest extent permitted under Bankruptcy Code §1141. Except as otherwise set forth in this Plan or the Confirmation Order, the rights afforded under this Plan and the treatment of Claims and Equity Interests under this Plan are in exchange for and in complete satisfaction, discharge, and release of, all Claims, including any interest accrued on any Claims, against the Debtors, the Liquidating Trust and the Estates. Except as set forth in this Plan or the Confirmation Order, Confirmation shall discharge the Debtors from all Claims or other debts that arose before the Effective Date, and all debts of a kind specified in Bankruptcy Code §§ 502(g), (h), or (i), whether or not (i) a Proof of Claim based on such debt is Filed or deemed Filed under Bankruptcy Code §501; (ii) a Claim based on such debt is Allowed; or (iii) the holder of a Claim based on such debt has accepted this Plan.

11.02    **Legal Binding Effect**. The provisions of this Plan shall bind all holders of Claims and Equity Interests and their respective successors and assigns, whether or not they accept this Plan. On and after the Effective Date, except as expressly provided in this Plan, all holders of Claims, Liens and Equity Interests shall be precluded from asserting any Claim, Cause of Action or Liens against the Debtors, the Liquidating Trust, the Estates, and their respective property and assets based on any act, omission, event, transaction or other activity of any kind that occurred or came into existence prior to the Effective Date.

11.03    **Moratorium, Injunction and Limitation of Recourse For Payment**. EXCEPT AS OTHERWISE PROVIDED IN THIS PLAN OR BY SUBSEQUENT ORDER OF THE BANKRUPTCY COURT, UPON CONFIRMATION OF THIS PLAN (AND FROM AND AFTER THE EFFECTIVE DATE) ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR LIENS AGAINST, OR EQUITY INTERESTS IN, THE DEBTORS OR THEIR PROPERTIES ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST, OR ANY OF THEIR RESPECTIVE PROPERTY OR OTHER ASSETS ON ACCOUNT OF ANY SUCH CLAIMS OR EQUITY INTERESTS: (A) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION OR OTHER PROCEEDING; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN OR ENCUMBRANCE; (D) ASSERTING A SETOFF, RIGHT OF SUBROGATION, NETTING OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY OR OBLIGATION DUE TO THE DEBTORS; AND (E) COMMENCING OR CONTINUING, IN ANY MANNER OR IN ANY PLACE, ANY ACTION THAT DOES NOT

COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THIS PLAN; PROVIDED, HOWEVER, THAT NOTHING CONTAINED HEREIN OR IN THE CONFIRMATION ORDER SHALL ENJOIN OR PRECLUDE SUCH PERSONS FROM EXERCISING THEIR RIGHTS PURSUANT TO AND CONSISTENT WITH THE TERMS OF THIS PLAN. SUCH INJUNCTION SHALL EXTEND TO AND FOR THE BENEFIT THE LIQUIDATING TRUST AND ITS RESPECTIVE PROPERTIES AND INTEREST IN PROPERTIES. SUCH INJUNCTION SHALL NOT PRECLUDE ANY RIGHT OF AN ENTITY TO ASSERT A SEPARATE AND DIRECT CLAIM THAT IS NOT PROPERTY OF THE ESTATE AGAINST A PARTY THAT IS NOT A DEBTOR OR THE LIQUIDATING TRUST.

THE CONFIRMATION ORDER SHALL, AMONG OTHER THINGS, CONTAIN, DIRECT AND PROVIDE FOR THE FOREGOING INJUNCTION.

11.04    Term of Injunction or Stays. ANY INJUNCTION OR STAY ARISING UNDER OR ENTERED DURING THE CASE UNDER BANKRUPTCY CODE §§ 105 AND 362 OR OTHERWISE THAT IS IN EXISTENCE ON THE CONFIRMATION DATE SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE LATER OF THE EFFECTIVE DATE AND THE DATE INDICATED IN THE ORDER PROVIDING FOR SUCH INJUNCTION OR STAY.

11.05    Exculpation and Limitation of Liability. NOTWITHSTANDING ANYTHING SET FORTH HEREIN, AND EXCEPT AS TO THE STANDARD OPERATOR LIEN, NO HOLDER OF ANY CLAIM OR EQUITY INTEREST SHALL HAVE ANY RIGHT OF ACTION AGAINST THE DEBTORS, DEBTORS' OFFICERS, DIRECTORS, MEMBERS AND EMPLOYEES, THE ESTATES, THE LIQUIDATING TRUSTEE, THE LIQUIDATING TRUST, THE COMMITTEE, THE COMMITTEE MEMBERS (OR EACH OF THESE PARTIES' PROFESSIONALS, INCLUDING ATTORNEYS, ACCOUNTANTS OR OTHER CONSULTANTS) OR ANY OF THEIR RESPECTIVE PROPERTY AND ASSETS FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATING TO OR ARISING OUT OF THE PURSUIT OF CONFIRMATION OF THIS PLAN, THE CONSUMMATION OF THIS PLAN, THE PREPARATION AND DISTRIBUTION OF THE DISCLOSURE STATEMENT, OR THE OFFER, ISSUANCE, SALE, OR PURCHASE OF A SECURITY OFFERED OR SOLD UNDER THIS PLAN, PROVIDED SUCH EXCULPATED PERSON DID NOT AND DOES NOT ENGAGE IN WILLFUL MISCONDUCT, GROSS NEGLIGENCE OR FRAUD AND IN COMPLIANCE WITH THE APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE AND PROVIDED FURTHER THAT SUCH EXCULPATION SHALL NOT EXTEND TO SUCH EXCULPATED PERSON'S RIGHTS AND OBLIGATIONS UNDER THIS PLAN OR THE LIQUIDATING TRUST AGREEMENT.

11.06    Release and Covenant Not to Sue.

(a)    NOTWITHSTANDING ANYTHING SET FORTH HEREIN, ON THE EFFECTIVE DATE, EACH OF THE RELEASED PARTIES SHALL BE DEEMED TO HAVE IRREVOCABLY RELEASED AND DISCHARGED THE OTHER RELEASED PARTIES, AGENTS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, FINANCIAL ADVISORS, AND PROFESSIONALS, IF ANY, EMPLOYED BY ANY OF THE RELEASED PARTIES (BUT SOLELY IN THE CAPACITIES SO EMPLOYED) OF AND FROM ANY CLAIM OR CAUSE OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, ASSERTED OR NOT ASSERTED, SCHEDULED OR NOT SCHEDULED, NOW EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY OR OTHERWISE, AND WHETHER ARISING UNDER THE BANKRUPTCY CODE OR OTHER APPLICABLE LAW,

ARISING FROM OR RELATED TO ACTS OR OMISSIONS OCCURRING ON OR BEFORE THE EFFECTIVE DATE IN CONNECTION WITH, BASED ON, RELATING TO OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' RESTRUCTURING, THE CASES, THE NEGOTIATION OF ANY SETTLEMENT OR AGREEMENT IN THE CASES, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR EQUITY INTEREST THAT IS TREATED IN THIS PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY RELATING TO THE RESTRUCTURING OF CLAIMS AND EQUITY INTERESTS PRIOR TO OR IN THE CASES, THE NEGOTIATION, FORMULATION, PREPARATION OR DISTRIBUTION OF THIS PLAN AND THE DISCLOSURE STATEMENT, OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS, AND THE RELEASED PARTIES COVENANT NOT TO SUE ANY OF THE OTHER PARTIES IDENTIFIED IN THIS SECTION 11.06(A) WITH RESPECT TO THE CLAIMS AND CAUSES OF ACTION RELEASED HEREIN (ALL OF THE FOREGOING BEING HEREIN CALLED THE "RELEASED CLAIMS"); PROVIDED, HOWEVER, THAT (I) NOTWITHSTANDING THE FOREGOING, THE RELEASED PARTIES SHALL NOT RELEASE AND DISCHARGE THE FORMER OFFICERS, AGENTS, AND ACCOUNTANTS, IF ANY, EMPLOYED BY ONE OR MORE OF THE DEBTORS OF AND FROM ANY CLAIM OR CAUSE OF ACTION; AND (II) NO RELEASED PARTIES SHALL BE RELEASED AND DISCHARGED FROM (AND THE RELEASED CLAIMS SHALL NOT INCLUDE) OBLIGATIONS UNDER THIS PLAN, THE LIQUIDATING TRUST AGREEMENT, OR ANY CLAIM OR CAUSE OF ACTION ARISING FROM OR RELATED TO ACTS OR OMISSIONS INVOLVING FRAUD OR WILLFUL MISCONDUCT. EACH OF THE RELEASED PARTIES REPRESENTS AND WARRANTS THAT EACH SUCH RELEASED PARTY HAS NOT TRANSFERRED, PLEDGED OR OTHERWISE ASSIGNED TO ANY OTHER PERSON OR ENTITY ALL OR ANY PORTION OF ANY CLAIM RELEASED UNDER THIS SECTION 11.06(A) OR ANY RIGHTS OR ENTITLEMENTS WITH RESPECT THERETO AND THE EFFECTUATION OF THIS RELEASE DOES NOT VIOLATE OR CONFLICT WITH THE TERMS OF ANY CONTRACT TO WHICH SUCH RELEASED PARTY IS A PARTY OR BY WHICH SUCH RELEASED PARTY OTHERWISE IS BOUND.

(b)    THE RELEASES IN THIS SECTION 11.06 ARE SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED OR PROVEN THAT ALL OR SOME OF THE CLAIMS OR DAMAGES RELEASED WERE SOLELY AND COMPLETELY CAUSED BY ANY ACTS OR OMISSIONS, WHETHER NEGLIGENT OR GROSSLY NEGLIGENT OF OR BY ONE OR MORE OF THE RELEASED PARTIES.

11.07    Insurance. Confirmation and consummation of this Plan shall have no effect on insurance policies of any of the Debtors or their current or former directors and officers (including, but not limited to, director and officer liability policies to the extent that the Debtors or their current or former directors and officers have any rights under such policies) in which any of the Debtors or their current or former directors and officers are or were an insured party. Each insurance company is prohibited from, and the Confirmation Order shall include an injunction against, denying, refusing, altering or delaying coverage for any Debtors (or their current or former directors and officers) on any basis regarding or related to any of the Debtors' Cases, this Plan or any provision within this Plan, including the treatment or means of liquidation set out within this Plan for insured Claims.

11.08    Insurance Policies Vested in Liquidating Trust.    The Federal Insurance Policies shall vest in the Liquidating Trust free and clear of all liens, claims and encumbrances on the

Effective Date under the terms of this Plan. On and after the Effective Date, with the exception of whatever the Debtors, the Committee and Federal agree is still subject to a reservation of rights, the Federal Insurance Policies shall not be subject to any reservation of rights by Federal Insurance Company, and Federal Insurance Company shall be prohibited from commencing any actions to recover benefits previously paid by Federal Insurance Company pursuant to the Federal Insurance Policies. Federal Insurance Company is prohibited from, and the Confirmation Order shall include an injunction against, denying, refusing, altering or delaying coverage under the Federal Insurance Policies on any basis regarding or related to any of the Debtors' Cases, this Plan or any provision within this Plan, including the treatment or means of liquidation set out within this Plan for insured claims.

## ARTICLE XII.
## RETENTION OF JURISDICTION

**12.01**   **Retention**. Under Bankruptcy Code §§ 105(a) and 1142, and notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Cases, the Liquidating Trust, and this Plan, to the fullest extent permitted by law, including, among other things, jurisdiction to:

(a)   allow, disallow, determine, liquidate, classify, estimate or establish the priority or secured or unsecured status of any Claim or Equity Interest, including the resolution of any application or request for payment of any Administrative Claim, and the resolution of any objections to the allowance or priority of Claims or Equity Interest;

(b)   hear and determine all Fee Applications;

(c)   determine any and all adversary proceedings, motions, applications, and contested or litigated matters, including, but not limited to, all Causes of Action, and consider and act upon the compromise and settlement of any Claim or Causes of Action;

(d)   enter such orders as may be necessary or appropriate to construe, execute, implement, or consummate the provisions of this Plan, the Liquidating Trust Agreement, and all property, contracts, instruments, releases, and other agreements or documents transferred, vested, or created in connection therewith;

(e)   hear and determine disputes arising in connection with the interpretation, implementation, consummation, or enforcement of this Plan, the Liquidating Trust Agreement, the Confirmation Order, any transactions or payment contemplated hereby, or any disputes arising under agreements, documents or instruments executed in connection therewith;

(f)   consider any modifications of this Plan, the Disclosure Statement, and the Liquidating Trust Agreement, in each case to the extent requiring the approval of the Bankruptcy Court, cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including the Confirmation Order;

(g)   issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Person with the implementation, consummation, or enforcement of this Plan, the Confirmation Order or any other order of the Bankruptcy Court;

(h)   hear and determine any matters arising in connection with or relating to this Plan, the Disclosure Statement, the Confirmation Order, the Liquidating Trust, or any contract, instrument,

release, or other agreement or document created in connection with this Plan, the Disclosure Statement, the Confirmation Order, or the Liquidating Trust;

        (i)      enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Cases;

        (j)      hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code §§ 346, 505 and 1146 (including the expedited determination of taxes under Bankruptcy Code §505(b);

        (k)      hear and determine all matters related to the property of the Estates, the Debtors, or the Liquidating Trust from and after the Effective Date;

        (l)      hear and determine such other matters as may be provided in the Confirmation Order and as may be authorized under the provisions of the Bankruptcy Code;

        (m)      hear and determine all matters with respect to the assumption or rejection of executory contracts or unexpired leases and the allowance of cure amounts;

        (n)      enter, implement or enforce such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified or vacated;

        (o)      hear and determine any other matters related to this Plan and not inconsistent with the Bankruptcy Code;

        (p)      determine any other matters that may arise in connection with or are related to this Plan, the Disclosure Statement, the Disclosure Statement Order, the Confirmation Order, the Liquidating Trust Agreement, any of the Plan Documents or any other contract, instrument, release or other agreement or document related to this Plan, the Disclosure Statement or the Plan Supplement;

        (q)      hear any other matter not inconsistent with the Bankruptcy Code;

        (r)      to hear any motion by the Liquidating Trustee to sell Liquidating Trust Assets and enter and enforce any order any order for the sale or property pursuant to sections 363, 1123 or 1146(a) of the Bankruptcy Code; and

        (s)      enter final decrees closing the Case.

        **12.02**    **Rights of Liquidating Trustee.** Nothing contained in this ARTICLE XII shall be construed so as to limit the rights of the Liquidating Trustee to commence or to prosecute any Cause of Action (in which it has an interest), in any court of competent jurisdiction.

## ARTICLE XIII.
## MISCELLANEOUS PROVISIONS

        **13.01**    **Revocation, Withdrawal or Non-Consummation.** The Plan Proponents, with the prior written consent of all Plan Proponents, reserve the right to revoke or withdraw this Plan prior to the Confirmation Date and to file any amended or subsequent plans. If Confirmation does not occur, or if the Effective Date does not occur on or prior to 120 days after the Confirmation Date, then (a) this Plan shall be null and void in all respects; (b) settlements or compromises embodied in this Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims), assumptions or rejections of

executory contracts or unexpired leases affected by this Plan, and any documents or agreements executed pursuant to this Plan, shall be deemed null and void; and (c) nothing contained in this Plan or the Disclosure Statement shall (i) constitute a waiver or release of any Claims by or against, or any Equity Interests in, any of the Debtors or any other Person; (ii) prejudice in any manner the rights of the Debtors or any other Person; or (iii) constitute an admission of any sort by the Debtors or any other Person.

13.02   **Severability of Plan Provisions**.   If, prior to Confirmation, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, at the request of the Plan Proponents, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may be altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

13.03   **Exemption from Transfer Taxes and Recording Fees**.   In accordance with Bankruptcy Code §1146(a), none of the issuance, transfer or exchange of any securities under this Plan, the release of any mortgage, deed of trust or other Lien, the making, assignment, filing or recording of any lease or sublease, the vesting or transfer of title to or ownership of any of the Debtor's interests in any property, or the making or delivery of any deed, bill of sale or other instrument of transfer under, in furtherance of, or in connection with this Plan, including the releases of Liens contemplated under this Plan, shall be subject to any document recording tax, stamp tax, conveyance fee, sales or use tax, bulk sale tax, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee or other similar tax or governmental assessment in the United States. The Confirmation Order shall direct the appropriate federal, state and/or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

13.04   **Expedited Tax Determination**.   The Debtors may request an expedited determination of taxes under Bankruptcy Code §505(b) for all returns filed for or on behalf of such Debtors for all taxable periods through the Effective Date.

13.05   **Interest Accrual**.   Except as otherwise provided herein or as permitted by bankruptcy law, no post-petition interest shall accrue on any Claim or scheduled liability (including, but not limited to, Allowed Administrative Claims).

13.06   **Allocation of Plan Distributions between Principal and Interest**.   To the extent that any Allowed Claim entitled to a distribution under this Plan is comprised of indebtedness and accrued but unpaid interest thereon, such distribution shall, for federal income tax purposes, be allocated to the principal amount of the Claim first, and then, to the extent the consideration exceeds the principal amount of the Claim, to accrued but unpaid interest.

13.07   **Rules of Interpretation; Computation of Time**.   For purposes of this Plan, (a) any reference in this Plan to a contract, instrument, release, indenture, or other agreement or document as being in a particular form or containing particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions, (b) any reference in this Plan to an existing document or exhibit Filed or to be Filed means such document or exhibit as it may

have been or may be amended, modified, or supplemented, (c) unless otherwise specified, all references in this Plan to Sections, Articles, and Exhibits, if any, are references to Sections, Articles, and Exhibits of or to this Plan, (d) the words "herein" and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan, (e) the words "include", "includes" or "including" shall be deemed to be followed by the words "without limitation", whether or not they are in fact followed by those words or words of like import, (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan, and (g) the rules of construction set forth in Bankruptcy Code § 102 and in the Bankruptcy Rules shall apply. In computing any period of time prescribed or allowed by this Plan, unless otherwise specifically designated herein, the provisions of Bankruptcy Rule 9006(a) shall apply. All references to immediately available funds, dollar amounts, or Cash Distributions contained in this Plan shall mean United States dollars.

**13.08      Plan Documents**. The Plan Documents are incorporated herein and are a part of this Plan as if set forth in full herein.

**13.09      Reservation of Rights**. This Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order. Prior to the Effective Date, none of the filing of this Plan, any statement or provision contained herein or the taking of any action by the Debtors with respect to this Plan shall be or shall be deemed to be an admission or waiver of any rights of the Debtors of any kind, including with respect to the holders of Claims or Equity Interests or as to any treatment or classification of any contract or lease.

**13.010      Further Assurances**. The Debtors and all holders of Claims receiving Distributions hereunder and all other parties in interest may and shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of this Plan.

**13.011      Successors and Assigns**. This Plan and all rights, benefits and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person.

**13.012      Governing Law**. Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code and Bankruptcy Rules, (a) the construction and implementation of this Plan and any agreements, documents, and instruments executed in connection with this Plan; and (b) governance matters shall be governed by the laws of the State of Texas, without giving effect to the principles of conflict of law thereof.

**13.013      Abandonment**. As part of the Plan Supplement, the Debtors will File a list of property of the Estates to be abandoned which will include the Excluded Assets. Such property, including the Excluded Assets, will be deemed abandoned upon entry of the Confirmation Order.

**13.014      Notice of Effective Date**. On or before five Business Days after the occurrence of the Effective Date, the Liquidating Trustee shall mail or cause to be mailed to all holders of Claims that are not Disallowed Claims a notice that informs such Persons of (a) the entry of the Confirmation Order; (b) the occurrence of the Effective Date; and (c) such other matters as the Liquidating Trustee deem appropriate or as may be ordered by the Bankruptcy Court.

**13.015      Plan Supplement**. Any and all documents, forms, exhibits, lists, or schedules specified in this Plan but not Filed with this Plan shall be contained in the Plan Supplement and Filed with the Bankruptcy Court five (5) days prior to the Confirmation Hearing. Upon its filing with the

Bankruptcy Court, the Plan Supplement may be inspected in the office of the Clerk of the Bankruptcy Court during normal Bankruptcy Court hours.

13.016    **Entire Agreement**. This Plan and this Plan Documents set forth the entire agreement and understanding among the parties in interest relating to the subject matter hereof and supersede all prior discussions and documents.

13.017    **Waiver of Stay**. Notwithstanding Bankruptcy Rules 3002(e), 6004(h), and 6006(d), the Debtor's shall be authorized to consummate this Plan and the transactions and transfers contemplated thereby immediately after entry of the Confirmation Order.

### ARTICLE XIV.
### MODIFICATION OF THIS PLAN

With the prior, written consent of all Plan Proponents, the Plan Proponents may alter, amend, or modify this Plan or any Plan Documents under Bankruptcy Code §1127(a) at any time prior to the Confirmation Date. With the prior, written consent of all Plan Proponents, after the Confirmation Date and prior to the Effective Date, the Plan Proponents may, under Bankruptcy Code §1127(b), (a) amend this Plan so long as such amendment shall not materially and adversely affect the treatment of any holder of a Claim; (b) commence proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan, the Disclosure Statement, or the Confirmation Order; and (c) amend this Plan as may be necessary to carry out the purposes and effects of this Plan so long as such amendment does not materially or adversely affect the treatment of holders of Claims or Equity Interests under this Plan; provided, however, prior notice of any amendment shall be served in accordance with the Bankruptcy Rules or Order of the Bankruptcy Court.

DATED:  July 11, 2013

Respectfully submitted,

HERITAGE CONSOLIDATED, LLC

By: _____

Name: _Michael B. Wisenbaker_

Title: _Managing Member_

HERITAGE STANDARD CORPORATION

By: _____

Name: _Michael B. Wisenbaker_

Title: _President_

## EXHIBIT A

### Subordinated Claims

| Party | Amount |
|---|---|
| Chase Avenue | $1,581,258 |
| Heritage Disposal | $231,329 |
| Heritage Gathering | $223,310 |
| Heritage Resources | $338,824 |
| Jean J. Wisenbaker | $96,927 |
| Kalani Place | $1,848,729 |
| Michael B. Wisenbaker | $927,506 |

## EXHIBIT B

### Parties Against Whom Causes of Action are Preserved and
### Potential and Retained Claims and Causes of Action

Michael B. Wisenbaker and the Wisenbaker Related Parties (but only as to their respective obligations, if any, under this Plan, under any settlement agreement or mutual release entered into in connection herewith, and under the Section 6 JOA, all other Causes of Action against them to be released as described in Section 6.01 above).

Lonnie McDade
Kinder Morgan Environmental Reimbursement Claim defendants (unknown at this time)
All parties listed in Section 3 of the Debtors' Statement of Financial Affairs and amendments thereto
Apollo Perforators, Inc.
Federal Insurance Company
Stratco Operating Company, Inc.
George G. Staley
Trius Energy, LLC

The Endeavor Plaintiffs as defined in the Disclosure Statement and covering Claims and causes of action, including rights of setoff, on behalf of the Estates which may arise under or from any pending litigation with the Endeavor Plaintiffs

Pathfinder Energy Services, LLC covering Claims and causes of action, including rights of setoff, on behalf of the Estates which may arise under or from any pending litigation with the Pathfinder

EXHIBIT C – Plan of Reorganization

## Designated Contracts

1. Joint Operating Agreement dated January 25, 2008 covering Section 6, Blk. 74, PSL Survey, Winkler County, Texas and amendments thereto under which Heritage Standard Corporation is named operator.

2. Gas Purchase Agreement dated August 1, 2008, by and between Regency Gas Services and Lakehills Production, Inc., and Ratified by Heritage Standard Corporation on November 26, 2008.

3. Insurance Contracts:

    a. Workers' Compensation & Employer's Liability – Berkley National Insurance Company, Policy #EWC3103669-10, Policy Period – 04/06/12 to 04/06/13.

    b. General Liability – Gemini Insurance Company, Policy #JGD2700370, Policy Period – 04/14/12 to 04/14/13.

    c. Umbrella Liability – Gemini Insurance Company, Policy #JUD2700256, Policy Period – 04/14/12 to 04/14/13.

    d. Control of Well – Gemini Insurance Company, Policy #JCD2700295, Policy Period – 04/14/12 to 04/14/13.

    e. Inland Marine – Allianz Global Corp & Spec, Policy #MX193030790, Policy Period – 04/14/12 to 04/14/13

EXHIBIT D

Liquidating Trust Agreement and Declaration of Trust

This Liquidating Trust Agreement and Declaration of Trust (this "<u>Agreement</u>") is made and entered into as of [＿＿＿＿＿＿＿＿＿＿] (the "<u>Effective Date</u>"), by and among [＿＿＿＿＿＿＿＿＿＿] (the "<u>Liquidating Trustee</u>"), Heritage Consolidated, LLC, a Texas limited liability company ("<u>Consolidated</u>"), and Heritage Standard Corporation, a Texas corporation ("<u>Standard</u>" and collectively with Consolidated, the "<u>Debtors</u>"). The Debtors are the debtors-in-possession in the chapter 11 cases of the Debtors (the "<u>Cases</u>") which are jointly administered under Case No. 10-36484 styled *In re Heritage Consolidated LLC, et al*, filed in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Bankruptcy Court</u>").

WHEREAS, on [＿＿＿＿＿＿＿＿＿＿], 2013, the Bankruptcy Court confirmed the First Amended Joint Plan of Reorganization for the Debtors (the "<u>Plan</u>"); and

WHEREAS, the Plan, among other things, provides for the transfer of substantially all of the remaining assets of the Debtors' Estates to this Liquidating Trust, the initiation and/or prosecution of third party claims and causes of action by the Liquidating Trustee through litigation and/or settlement, the management and orderly liquidation of the Liquidating Trust Assets by the Liquidating Trustee of this Liquidating Trust and the distribution of the proceeds from the liquidation of the Liquidating Trust Assets to the beneficiaries of this Liquidating Trust;

NOW, THEREFORE, in order to comply with the terms and conditions of the Plan, the parties hereto agree as follows:

ARTICLE 1 - DEFINITIONS

<u>Rules of interpretation</u>. All capitalized terms used herein and not otherwise defined herein shall have the meanings assigned thereto in the Plan, or, if not defined in the Plan but defined in the Bankruptcy Code, the meanings assigned thereto in the Bankruptcy Code, unless the context clearly requires otherwise.

<u>Certain Definitions</u>. For all purposes of this Agreement, except as otherwise expressly provided or unless the context otherwise requires, the terms defined in this Article shall have the meaning assigned to them in this Article, and shall include the plural as well as the singular, and the masculine as well as the feminine.

"<u>Agreement</u>" means this Liquidating Trust Agreement.

"<u>Liquidating Trust</u>" means the Liquidating Trust as described in Article VI of the Plan and created pursuant to this Agreement on the Effective Date to wind-up the Debtors' Estates in accordance with the Plan, the Confirmation Order and this Agreement.

"<u>Liquidating Trust Beneficiary</u>" means the holder of an Allowed Claim that receives a beneficial interest in the Liquidating Trust in accordance with the Plan.

"<u>Liquidating Trustee</u>" means the trustee of the Liquidating Trust, as designated in the Plan and this Agreement, including the initial Liquidating Trustee selected by the Committee in accordance with the Plan, and any successor appointed in the manner set forth in this Agreement.

"Permitted Investments" means investments in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary, liquid investments such as Treasury bills.

"Tax Code" means the Internal Revenue Code of 1986, as amended.

## ARTICLE 2 – LIQUIDATING TRUST CREATION AND GOVERNANCE

2.1    **Establishment of Liquidating Trust**.   On the Effective Date, the Debtors and the Liquidating Trustee shall execute this Agreement creating the Liquidating Trust.   The Debtors, in compliance with the Plan, hereby constitute and create the Liquidating Trust for the purpose of liquidating and distributing the Liquidating Trust Assets transferred to it.   Following the Effective Date, the liquidation of the Estates shall be conducted by the Liquidating Trust, the Liquidating Trustee of which shall liquidate the Liquidating Trust Assets, object to Disputed Claims and Equity Interests, and make distributions pursuant to the Plan and this Agreement.

2.2    **Purpose of Liquidating Trust**.   The primary purposes of the Liquidating Trust shall be (a) to own, hold, manage and dispose of the Liquidating Trust Assets and any other assets for the purpose of making Distributions to holders of Allowed Claims as provided in the Plan and this Agreement, (b) to litigate, prosecute, settle or otherwise resolve the Causes of Action belonging to the Liquidating Trust, (c) to defend any counterclaims relating to the Causes of Action belonging to the Liquidating Trust; and (d) to do anything necessary, related or incidental to the foregoing.   The Liquidating Trustee is hereby authorized and directed to take all reasonable and necessary action to hold, conserve, and protect the Liquidating Trust Assets and to collect on, sell, or otherwise liquidate or dispose of Liquidating Trust Assets, and to distribute the net proceeds of such disposition to the Liquidating Trust Beneficiaries as provided for in the Plan and this Agreement in as prompt, efficient and orderly a fashion as possible in accordance with the provisions of Article 3 of this Agreement.   The Liquidating Trust will be a liquidating trust for tax purposes and will not operate a business or perform ongoing business activities except as reasonably necessary in order to maintain and preserve the value of the Liquidating Trust Assets while the Liquidating Trustee attempts to liquidate, sell and otherwise dispose of such Liquidating Trust Assets.   The Liquidating Trust shall not retain cash or cash equivalents in excess of a reasonable amount to meet the Claims and contingent liabilities (including Disputed Claims) or to maintain the value of the Liquidating Trust Assets and shall make timely Distributions and not unduly prolong the duration of the Liquidating Trust.   The Liquidating Trustee will hold and manage the Liquidating Trust Assets in accordance with the Plan and this Agreement, subject to consent from the Creditors' Oversight Committee with regard to Drilling Operations and other material decisions as described in the Plan and this Agreement.   No Drilling Operations will be commenced or performed on the Pat Howell # 1 Well or the A.G. Hill #1 Well without the approval of the Liquidating Trustee and the unanimous consent of the Creditors' Oversight Committee.   The beneficiaries of the Liquidating Trust shall be the holders of Allowed Claims and Equity Interests who shall receive a beneficial interest in the Liquidating Trust in accordance with their respective treatment under the terms of the Plan and this Agreement.

2.3    **Acceptance by Liquidating Trustee**.   The Liquidating Trustee is willing and does hereby accept the appointment to serve as Liquidating Trustee and to hold and administer the Liquidating Trust Assets pursuant to the terms of this Agreement and the Plan.   Jason Searcy has agreed to serve as the initial Liquidating Trustee.   The Liquidating Trustee shall have fiduciary duties to the Liquidating Trust Beneficiaries in the same manner that members of an official committee of creditors appointed pursuant to section 1102 of the Bankruptcy Code have fiduciary duties to the creditor constituents represented by such a committee.   The Liquidating Trustee will be the exclusive trustee of the Liquidating Trust Assets for the purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.   The

Liquidating Trustee shall be compensated from the Liquidating Trust Assets in accordance with this Agreement. The Liquidating Trustee shall retain and have all the rights, powers and duties necessary to carry out his or her responsibilities under the Plan, and as otherwise provided in the Confirmation Order and this Agreement.

2.4    **Name of Liquidating Trust**. The Liquidating Trust established hereby shall bear the name "The Heritage Liquidating Trust." In connection with the exercise of the powers as trustee, the Liquidating Trustee may use such name or such variation thereon as he sees fit, or may use his own name, as trustee, or otherwise.

2.5    **Transfer of Liquidating Trust Assets to Liquidating Trustee**. On the Effective Date and upon the execution of this Agreement, all remaining property of the Estates other than the Excluded Assets (collectively, the "Liquidating Trust Assets") shall be, and shall be deemed to be, transferred to the Liquidating Trustee to be held in the Liquidating Trust, including, without limitation, the Section 6 Assets, the Escrow Amounts, any and all Cash in the Debtors' operating accounts or other bank accounts, all tangible and intangible property, personal and real property, intellectual property, contractual rights, defenses, Causes of Action, Avoidance Actions, Debtors' attorney-client privilege as to all matters, and all other assets and rights of every kind whatsoever owned or possessed by the Debtors (other than the Excluded Assets). The Liquidating Trustee shall hold such property in trust and in its exclusive possession, custody and control. The Debtors and the Estates shall be deemed to have granted, released, assigned, transferred, conveyed and delivered the Liquidating Trust Assets to the Liquidating Trustee as of the Effective Date. All of such Liquidating Trust Assets, together with the income, proceeds, rents, products, offspring, and profits arising from or generated by such property after the Effective Date, shall be held and managed by the Liquidating Trustee pursuant to this Agreement.

2.6    **Insurance Policies Vested in Liquidating Trust**. The Federal Insurance Policies shall vest in the Liquidating Trust free and clear of all liens, claims and encumbrances on the Effective Date under the terms of the Plan. On and after the Effective Date, with the exception of whatever the Debtors, the Committee and Federal Insurance Company agree is still subject to a reservation of rights, the Federal Insurance Policies shall not be subject to any reservation of rights by Federal Insurance Company, and Federal Insurance Company shall be prohibited from commencing any actions to recover benefits previously paid by Federal Insurance Company pursuant to the Federal Insurance Policies.

2.7    **Documentation of Transfer**. After the Effective Date, the Liquidating Trustee may present such Order(s) or assignment(s) to the Bankruptcy Court, suitable for filing in the records of every county or governmental agency where the Liquidating Trust Assets are or were located, which provide that such property is conveyed to the Liquidating Trustee to be held in the Liquidating Trust. The Order(s) or assignment(s) may designate all Liens, Claims, encumbrances, or other interests which appear of record and/or from which the property is being transferred and assigned. The Debtors shall, as needed and as reasonably requested by the Liquidating Trustee, execute and deliver or cause to be executed and delivered to or upon the order of the Liquidating Trustee, all such confirmatory deeds, bills of sale, assignments or other instruments, in recordable form where necessary or appropriate, and the Debtors shall take or cause to be taken such other action, as the Liquidating Trustee may reasonably deem necessary or appropriate, in order to vest or perfect in or confirm to the Liquidating Trustee (or upon the order of the Liquidating Trustee) title to and possession of all of the Liquidating Trust Assets.

2.8    **Transfer Free and Clear of Claims; Stay of Actions**. Except for the rights of beneficiaries of the Liquidating Trust as set forth in the Plan and this Agreement, all property transferred to the Liquidating Trustee from any of the Estates shall be Free and Clear of all Claims, interests, Liens and encumbrances, and such property shall remain as property of the Liquidating Trust until distributed pursuant to the Plan and this Agreement, provided however, that all asserted M&M Secured Claims shall

continue in the same right and capacity until an agreement on the amount and validity of the M&M Secured Claim or a determination is made by the Bankruptcy Court, after appropriate notice and hearing, as to the validity and amount of the M&M Secured Claims and these claims are paid in full or fully reserved. On the Effective Date, a stay of all actions (to the same extent as set forth in section 362(a) of the Bankruptcy Code) with respect to the Estates, the Liquidating Trust, the Liquidating Trustee and the Liquidating Trust Assets shall be and remain in effect pending consummation of the Plan. The transfer of assets to the Liquidating Trustee pursuant to the Plan shall not constitute a default or breach under, or result in any forfeiture whatsoever with respect to, any asset or property interest transferred to the Liquidating Trustee. The transfer and assignment of the Liquidating Trust Assets to the Liquidating Trust on the Effective Date shall be made pursuant to the terms of the Plan and this Agreement, and accordingly, to the fullest extent permitted by law, shall be exempt from all stamp taxes, transfer taxes and similar taxes within the meaning of section 1146(c) of the Bankruptcy Code.

   2.9    <u>Retention of Professionals</u>. The Liquidating Trustee shall have the right to retain the services of attorneys, accountants, and other professionals that, in the discretion of the Liquidating Trustee, are necessary to assist the Liquidating Trustee in the performance of his or her duties. The reasonable fees and expenses of such professionals shall be paid by the Liquidating Trustee from the Liquidating Trust Assets upon the submission of statements or invoices and approval of the fees and expenses by the Liquidating Trustee. Professionals of, among others, the Debtors and the Committee, shall be eligible for retention by the Liquidating Trustee, and former employees of the Debtors shall be eligible for retention by the Liquidating Trustee.

   2.10    <u>Creditors' Oversight Committee</u>.

      (a)    <u>Establishment</u>. A committee (the "<u>Creditors' Oversight Committee</u>") is hereby established consisting of no more than three (3) creditors from the existing Committee, to consult with the Liquidating Trustee regarding the Liquidating Trust Assets. The initial members of the Creditors' Oversight Committee shall be Aquila Drilling Co., L.P., Pathfinder Energy Services, Inc. and Simons Petroleum, Inc. The Creditors' Oversight Committee shall only exist so long as there are at least two (2) creditors willing to serve. No compensation to the members of the Creditors' Oversight Committee ("<u>COC Members</u>") shall be paid by the Liquidating Trustee from the Liquidating Trust Assets; provided, however, that reasonable expenses of the Creditors' Oversight Committee and COC Members will be reimbursed by the Liquidating Trustee from the Liquidating Trust Assets. The Creditors' Oversight Committee shall have standing as a party in interest to enforce the terms and provisions of this Agreement and the Plan. The Creditors' Oversight Committee shall have the authority to retain counsel if necessary to resolve a dispute with the Liquidating Trustee and the reasonable fees and expenses of such counsel shall be a cost of administration of the Liquidating Trust. The COC Members shall not be liable for any act done or omitted to be done as a member of the Creditors' Oversight Committee while acting in good faith and the Liquidating Trust shall indemnify and hold harmless each COC Member, and their respective agents, representatives, professionals, and employees, from and against and in respect of any and all liabilities, losses, damages, claims, costs and expenses, including, but not limited to attorneys' fees and costs arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Liquidating Trust; <u>provided, however</u>, that no such indemnification will be made to such Persons for actions or omissions that constitute willful misconduct, negligence or fraud. CIT Capital and its affiliates shall not be entitled to participate in or be a member of the Creditors' Oversight Committee.

4

(b)      <u>Governance of Creditors' Oversight Committee</u>.

(1)      A simple majority of the then current COC Members must be present to constitute a quorum to conduct Creditors' Oversight Committee business. No Creditors' Oversight Committee business may be conducted absent a quorum. A COC Member may vote by written proxy, and such proxy shall be counted for the purpose of establishing a quorum. The proxy shall specify the particular issue or issues to which it pertains or may be general in nature. Each COC Member shall have one (1) vote. Except as otherwise provided herein, every act or decision done or made by a majority of the COC Members at a duly held meeting at which a quorum is present shall constitute the act of the Creditors' Oversight Committee. Notwithstanding any other provision in this Agreement, unanimous consent of all members of the Creditors' Oversight Committee shall be required in order to commence or perform any Drilling Operations. COC Members shall not participate in and shall abstain from any vote with respect to any claim objection, litigation or other matter involving such COC Member. In the event that any voting COC Member abstains from voting, the requirement of a majority for Creditors' Oversight Committee action shall be reduced by one (1) vote for each COC Member who abstains from voting. The Chairperson shall tally and record the votes of the COC Members. In the event of a voting tie, ties shall be broken by the Chairperson.

(2)      Action may be taken without a meeting if the Chairperson determines that an emergency exists justifying such action without a meeting and if a majority of the voting COC members consent to such action and execute a written consent. Notice of any actions so taken shall be sent to the other COC Members. Meetings may be held in person, telephonically or electronically, as determined by the Creditors' Oversight Committee. The Creditors' Oversight Committee shall elect a chairperson ("<u>Chairperson</u>") who shall be charged with responsibility of scheduling, presiding over, arranging for minutes to be kept, and overseeing administration of all Creditors' Oversight Committee matters. The Creditors' Oversight Committee shall meet at such times, in such location, and with such frequency as the Creditors' Oversight Committee shall determine, but no more often than quarterly unless the Creditors' Oversight Committee needs to approve a specific transaction.

(3)      Special meetings may be called by the Chairperson on at least thirty-six (36) hours advance notice by telephone or electronic mail to each COC Member, provided that in an emergency the Chairperson may call a meeting on less than twenty-four (24) hours notice. If such notice is by telephone, it shall, if practical be confirmed by electronic mail, or similar written medium. The primary purpose for the special meeting shall be set forth in the notice. The Chairperson shall call special meetings whenever it deems it appropriate or whenever requested to do so by a simple majority of the COC Members.

(c)      <u>Approval of Material Transactions</u>. The Liquidating Trustee shall obtain the approval of the Creditors' Oversight Committee prior to entering into any material transactions on behalf of the Liquidating Trust, which for purposes of this Agreement shall mean (1) any transaction causing the Liquidating Trust to receive, or be obligated to pay, in excess of $100,000, including any sale of assets for a purchase price in excess of $100,000, and commencement, prosecution and/or settlement of any cause of action by the Liquidating Trust wherein the amount in controversy exceeds $100,000, and (2) any and all Drilling Operations (which shall require unanimous consent of the Creditors' Oversight Committee members).

5

(d) **Reports to Creditors' Oversight Committee**.  The Liquidating Trustee will provide reports to the Creditors' Oversight Committee (1) describing the financial condition of the Liquidating Trust, (2) describing any transactions that were entered into in the prior quarter, (3) detailing all distributions made from the Liquidating Trust in the prior quarter, and (4) updating as to the status of all litigation, claims objections, and other matters materially affecting the Liquidating Trust.

## ARTICLE 3- LIQUIDATING TRUST ADMINISTRATION

3.1   **Limitations on Liquidation Trustee**.  The Liquidating Trustee shall carry out the purposes of the Liquidating Trust and the directions contained herein and in the Plan.  The Liquidating Trustee shall not at any time, whether on behalf of the Liquidating Trust or the Debtors or their Estates, continue to engage or engage in the conduct of a trade or business, and no part of the Liquidating Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Liquidating Trustee in furtherance of any business.  The Liquidating Trust shall not retain cash or cash equivalents in excess of a reasonable amount to meet the Claims and contingent liabilities (including Disputed Claims) or to maintain the value of the Liquidating Trust Assets, make timely distributions, and not unduly prolong the duration of the Liquidating Trust.  The Liquidating Trustee is also subject to all limitations set forth in this Agreement.

3.2   **Liquidating Trustee's Powers**.  The Liquidating Trustee shall protect, conserve, and liquidate the Liquidating Trust Assets, administer the distributions to be made under the Plan, and otherwise perform the duties and responsibilities charged to the Liquidating Trustee under the Plan and this Agreement.  The Liquidating Trustee shall have all necessary and appropriate powers to perform such duties and responsibilities, including include the power to (i) invest funds in Permitted Investments; (ii) make Distributions; (iii) pay taxes and other obligations owed by the Liquidating Trust or incurred by the Liquidating Trustee; (iv) engage and compensate from the Liquidating Trust Assets, consultants, agents, employees and professional persons to assist the Liquidating Trustee with respect to the Liquidating Trustee's responsibilities; (v) retain and compensate from the Liquidating Trust Assets, the services of experienced auctioneers, brokers, and/or marketing agents to assist and/or advise in the sale or other disposition of the Liquidating Trust Assets; (vi) liquidate and dispose of the Liquidating Trust Assets; (vii) compromise and settle Claims and Causes of Action; (viii) act on behalf of the Debtors and the Estates in all adversary proceedings and contested matters pending in the Bankruptcy Court and in all actions and proceedings pending elsewhere; (ix) commence and/or pursue any and all actions involving Liquidating Trust Assets that could arise or be asserted at any time, unless otherwise waived or relinquished in the Plan; (x) act and implement the Plan, this Agreement, and orders of the Bankruptcy Court, provided, however, that the Liquidating Trustee shall obtain the consent of the Creditors' Oversight Committee on all material decisions, as set forth in this Agreement and the Plan, including obtaining unanimous consent of the Creditors' Oversight Committee with respect to any Drilling Operations; (xi) subject to approval of the Creditors' Oversight Committee, utilize Liquidating Trust Assets to purchase appropriate insurance to insure the acts and omissions of the Liquidating Trustee; (xii) file all necessary tax returns on behalf of the Liquidating Trust; and (xiii) exercise such other powers as may be vested in or assumed by the Liquidating Trustee pursuant to the Plan, this Agreement, orders of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Plan.  The Liquidating Trustee shall exercise such powers in accordance with the provisions of the Plan and this Agreement.

3.3   **Management of Liquidating Trust**.  Subject to the terms hereof and the Plan, the Liquidating Trustee shall take charge of the Liquidating Trust Assets and shall endeavor to collect, conserve, protect, and liquidate, or otherwise convert into cash, marketable securities or other cash equivalents, all claims, causes of action, and other assets which constitute the Liquidating Trust Assets

and all such other property incidental thereto as may hereafter be acquired from time to time under this Liquidating Trust. The Liquidating Trustee shall manage the affairs of the Liquidating Trust, negotiate and consummate sales of the Liquidating Trust Assets, enter into agreements binding the Liquidating Trust, and execute, acknowledge, and deliver any and all instruments which are necessary, required, or deemed by the Liquidating Trustee to be advisable in connection with the performance of the Liquidating Trustee's duties hereunder and shall have full power and authority to take any action consistent with the purpose and provisions of the Plan and this Agreement; provided, however, that the Liquidating Trustee shall obtain the unanimous consent of the Creditors' Oversight Committee with respect to any Drilling Operations. Except as otherwise provided in this Agreement and in the Plan, without prior or further authorization of the Bankruptcy Court, the Liquidating Trustee may control and exercise authority over the Liquidating Trust Assets, the acquisition, management, and disposition thereof, and the management and conduct of the business of the Liquidating Trust to the same extent as if the Liquidating Trustee were the sole legal and beneficial owner thereof in his own right, but subject to the consent and approval rights of the Creditors' Oversight Committee as set forth herein and in the Plan. No person dealing with the Liquidating Trust shall be obligated to inquire into the authority of the Liquidating Trustee in connection with the acquisition, management, or disposition of Liquidating Trust Assets. In connection with the management and use of the Liquidating Trust Assets, the Liquidating Trustee may do the following:

(1)   Accept the assets transferred and provided to the Liquidating Trust pursuant to this Agreement and the Plan;

(2)   Distribute available cash and other assets to the Liquidating Trust Beneficiaries in accordance with the terms of this Agreement and the Plan;

(3)   Endorse the payment of notes or other obligations of any person or make contracts with respect thereto;

(4)   Engage in all acts that would constitute ordinary course of business in performing the obligations of a trustee under a trust of this type;

(5)   Invest Liquidating Trust Assets in Permitted Investments;

(6)   Execute deeds, bills of sale and other instruments of transfer in connection with the sale, assignment or transfer of the Liquidating Trust Assets; and

(7)   Establish such bank accounts as he may deem necessary or appropriate, draw checks on such bank accounts and perform such other necessary and appropriate duties with respect to such accounts, or designate individuals as signatories to draw checks on such bank accounts and to perform such other duties as he may direct and authorize.

The responsibilities of the Liquidating Trustee shall include (i) the receipt, management, supervision, and protection of the Liquidating Trust Assets on behalf of the Liquidating Trust Beneficiaries; (ii) pursuit of objections to Disputed Claims; (iii) investigation, analysis, prosecution, and if necessary and appropriate, compromise of the claims and Causes of Action included among the Liquidating Trust Assets, including without limitation Avoidance Actions and non-bankruptcy causes of action against third parties; (iv) calculation and implementation of all Distributions to be made under the Plan and this Agreement to holders of Allowed Claims; (v) marketing, selling, leasing, or otherwise disposing of all of the Liquidating Trust Assets; (vi) filing all required tax returns and paying taxes and all other obligations of the Liquidating Trust; (vii) keeping or causing to be kept books and records regarding all material matters related to the Liquidating Trust; and (viii) such other responsibilities as may be vested in the

Liquidating Trustee pursuant to the Plan, this Agreement, or orders of the Bankruptcy Court, or as may be necessary and proper to carry out the provisions of the Plan. Notwithstanding anything to the contrary in this Agreement, the investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Liquidating Trust Assets and to the liquidating purpose of the Liquidating Trust, are limited to powers to invest in Permitted Investments.

3.4    Settlement of Litigation Claims and Disputed Claims.  At any time after the Effective Date, notwithstanding anything in the Plan to the contrary, the Liquidating Trustee may settle some or all of the Causes of Action that are or would be Liquidating Trust Assets, and/or any of the Disputed Claims or any intercompany/inter-estate claims, subject in each case to obtaining any necessary Bankruptcy Court approval.  The proceeds from the settlement of a Cause of Action shall constitute an asset of the Estates that shall vest in the Liquidating Trust on the Effective Date in accordance with the Plan and this Agreement.

3.5    Causes of Action.  The Liquidating Trustee shall be appointed representative of the respective Estates pursuant to Bankruptcy Code § 1123(b)(3)(B) with respect to the Causes of Action which are part of the Liquidating Trust Assets, including, without limitation, the Apollo Litigation, the Environmental Reimbursement Claims, all preference actions, and all other Causes of Action held by the Debtors including, without limitation, any and all Causes of Action against the persons and entities listed in the Plan. Except as otherwise ordered by the Bankruptcy Court and subject to any releases in the Plan, on the Effective Date, all of the Estates' interest in the Causes of Action shall vest in the Liquidating Trust and the Liquidating Trustee may, and shall have standing to, prosecute, enforce, sue on, and settle or compromise (or decline to do any of the foregoing) any or all of such Causes of Action.  The Liquidating Trustee and his or her attorneys and other professional advisors shall have no liability for pursuing or failing to pursue any such Causes of Action.

3.6    Accounts and Reserves.  The Liquidating Trustee shall establish reasonable reserves (including adequate reserves for Disputed Claims that may become Allowed Claims after the Effective Date) and accounts at banks and other financial institutions, in a clearly specified fiduciary capacity, into which cash and property may be deposited and checks drawn or withdrawals made to pay or Distribute such amounts as permitted or required for reasonable fees, expenses and liabilities of the Liquidating Trust pursuant to the Plan and this Liquidating Trust Agreement.  Such funds shall not be subject to any claim by any Person except as provided under the Plan.

3.7    Set-Off.  The Liquidating Trustee may, but shall not be required to, set off against any Claim, and the distributions to be made pursuant to the Plan and this Agreement with respect to such Claim, claims of any nature whatsoever that the Debtors, their Estates, or the Liquidating Trust may have against the holder of such Claim.  Notwithstanding the foregoing, the failure to effect such a set off will not constitute a waiver or release by the Liquidating Trust of any such claim against such holder unless otherwise agreed to in writing by such holder and the Liquidating Trustee.

3.8    No Interest.  Unless there are sufficient funds to pay all Allowed Claims in full, no holder of an Allowed Claim shall be entitled to earned interest, and without limiting the foregoing, interest shall not accrue or be paid on any Disputed Claim with respect to the period from the Effective Date to the date a Final Distribution is made on account of such Disputed Claim, if and when such Disputed Claim becomes an Allowed Claim.

3.9    Distributions.

(a)    The Liquidating Trustee shall distribute at least annually to the Liquidating Trust Beneficiaries its net income and all net proceeds from the sale of Liquidating Trust Assets, except

8

that the Liquidating Trust may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the property or to meet claims or contingent liabilities (including Disputed Claims) in accordance with the Plan, and may establish reserves as set forth in this Agreement. At any time that the Liquidating Trustee determines, after consultation and approval of the Creditors' Oversight Committee, that sufficient Cash exists in the Liquidating Trust to make a Distribution to holders of Allowed Claims pursuant to the provisions of the Plan and this Agreement, including Section 8.02 of the Plan, the Liquidating Trustee shall make such Cash Distribution Pro Rata to holders of Allowed Claims on a Class-by-Class basis.    The Liquidating Trustee shall make all Distributions required under this Plan, except with respect to a Claim whose Distribution is governed by an agreement and is administered by an agent or servicer, which Distributions shall be deposited with the appropriate agent or servicer, who shall deliver such Distributions to the holders of Claims in accordance with the provisions of this Plan.

(b)    Notwithstanding any other provision of the Plan or this Agreement, no payments or Distribution by the Liquidating Trustee shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Non-Appealable Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim.    The Liquidating Trustee shall establish reasonable reserves for Disputed Claims as provided herein.

(c)    Notwithstanding anything to the contrary in this Agreement, the Liquidating Trustee shall not be required to make distribution of less than $25.00 to any Claimant unless such distribution is the Final Distribution to such Claimant or such Claimant requests such Distribution in writing.    Notwithstanding any other provision of the Plan or this Agreement, neither the Debtors nor the Liquidating Trustee shall be required to make any Distributions or payment of fractional dollars. Whenever any payment of cash of a fraction of a dollar would otherwise be required under the Plan or this Agreement, the actual payment may reflect a rounding of such fraction (up or down) to the nearest whole dollar, with half dollars or more being rounded up and anything less than a half dollar being rounded down.    Notwithstanding the foregoing, the Liquidating Trustee may, in his or her discretion, make payments of fractions of dollars and/or of less than $25.00.  Cash payments made pursuant to this Agreement shall be in U.S. funds, by appropriate means, including by check or wire transfer.

3.10    **Delivery of Distributions.**    Subject to Bankruptcy Rule 9010, Distributions to Liquidating Trust Beneficiaries will be made by mail (a) at the addresses set forth on the Proofs of Claim Filed by such holders (or at the last known address of such holders if no Proof of Claim is Filed or if the Liquidating Trustee has been notified of a change of address); (b) at the addresses set forth in any written notices of address changes delivered to the Liquidating Trustee (or the Debtors if prior to the Effective Date) after the date of any related Proof of Claim; or (c) if no Proof of Claim has been Filed and the Debtors and Liquidating Trustee have not received a written notice of a change of address, then at the addresses reflected in the Bankruptcy Schedules, if any.   If any Liquidating Trust Beneficiary's Distribution is returned as undeliverable, the Liquidating Trustee shall use reasonable efforts to determine such Liquidating Trust Beneficiary's then current address.   After reasonable efforts, if the Liquidating Trustee still cannot determine such Liquidating Trust Beneficiary's then-current address, no further Distributions shall be made to such Liquidating Trust Beneficiary unless and until the Liquidating Trustee is notified of such Liquidating Trust Beneficiary's then-current address. Undeliverable Distributions shall be set aside and held in a segregated interest bearing account.   If the Liquidating Trustee is able to determine or is notified of such Liquidating Trust Beneficiary's then-current address, then such Distribution, together with any interest earned thereon and proceeds thereof shall be paid or distributed to such Liquidating Trust Beneficiary within thirty (30) Business Days of the date the Liquidating Trustee determines the Liquidating Trust Beneficiary's then-current address. The Liquidating Trustee and his or

her respective agents and attorneys are under no duty to take any action to either (i) attempt to locate any Claim holder or Liquidating Trust Beneficiary, or (ii) obtain an executed Internal Revenue Service Form W-9 from any Claim holder or Liquidating Trust Beneficiary.

   3.11   **Unclaimed Distributions.** If the Liquidating Trustee cannot determine, or is not notified of, a Liquidating Trust Beneficiary's then-current address by the later of six (6) months after the Effective Date or six (6) months after the date of the first Distribution or attempted Distribution to such Liquidating Trust Beneficiary, the Distribution reserved for such Liquidating Trust Beneficiary shall be deemed an unclaimed Distribution and such Liquidating Trust Beneficiary: (i) shall no longer be a Claimant or Liquidating Trust Beneficiary; and (ii) shall be deemed to have released such Claim or Equity Interest and shall be forever barred and enjoined from asserting any claim for the unclaimed Distribution against any Debtor, any Estate, the Liquidating Trustee, the Liquidating Trust, or their respective properties and assets. If such Liquidating Trust Beneficiary was entitled to a pro-rata Distribution(s) as a holder of a General Unsecured Claim, then that Liquidating Trust Beneficiary's Distribution(s) shall be distributed pro-rata in accordance with this Plan to the remaining holders of Allowed General Unsecured Claims on the next Distribution Date. If such Liquidating Trust Beneficiary was entitled to a pro-rata Distribution(s) as a holder of an Allowed Equity Interest, then that Liquidating Trust Beneficiary's Distribution(s) shall be distributed pro-rata in accordance with this Plan to the remaining holders of Allowed Equity Interests on the next Distribution Date. Checks issued in respect of Allowed Claims or Allowed Equity Interests will be null and void if not negotiated within ninety (90) days after the date of issuance thereof, and such Liquidating Trust Beneficiary will forfeit its right to such Distribution. In no event shall any funds escheat to the State of Texas or any other governmental authority.

   3.12   **Duty to Disgorge Overpayments.** To the extent that a Claim may be an Allowed Claim in more than one Class, the holder of such Claim shall not be entitled to recover more than the full amount of its Allowed Claim. The holder of an Allowed Claim that receives more than payment in full of its Allowed Claim shall immediately return any excess payments to the Liquidating Trustee. In the event that the holder of an Allowed Claim fails to return an excess payment, the Liquidating Trustee may bring suit against such holder for the return of the overpayment in the Bankruptcy Court or any other court of competent jurisdiction.

   3.13   **Withholding and Reporting Requirements.** In connection with the Plan and all Distributions thereunder, the Liquidating Trustee shall, to the extent applicable, comply with all tax withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements. The Liquidating Trustee shall be authorized to take any and all actions that may be reasonably necessary or appropriate to comply with such withholding and reporting requirements.

   3.14   **Interest Beneficial Only.** The beneficial interests held by a Liquidating Trust Beneficiary hereunder shall not entitle any such Liquidating Trust Beneficiary to any title or direct ownership interest in or to the Liquidating Trust Assets as such, or to any right to call for a partition or division of the same.

   3.15   **Evidence of Beneficial Interest.** The beneficial interests in the Liquidating Trust will not be represented by certificates and will not be transferable except pursuant to the laws of descent and distribution or otherwise by operation of law; provided, however, that such prohibition on transferability of beneficial interests is not intended to impair the ability of holders of Claims to assign their Claims pursuant to and in accordance with the Bankruptcy Rules and applicable law.

   3.16   **Effect of Death, Incapacity or Bankruptcy.** The death, incapacity or bankruptcy of any Liquidating Trust Beneficiary during the terms of this Liquidating Trust shall not (a) operate to terminate

the Liquidating Trust; (b) entitle the representatives or creditors of the deceased Liquidating Trust Beneficiary to an accounting; (c) entitle the representatives or creditors of the deceased to take any action in the Bankruptcy Court or elsewhere for the distribution of the Liquidating Trust Assets or for a partition thereof; or (d) otherwise affect the rights and obligations of any of the Liquidating Trust Beneficiaries under the Liquidating Trust.

3.17    **Effect of Liquidating Trust on Third Parties**.  There is no obligation on the part of any purchaser or purchasers from the Liquidating Trustee or any agent of the Liquidating Trustee, or on the part of any other persons dealing with the Liquidating Trustee or any agent of the Liquidating Trustee, to oversee the application of the purchase money or other consideration passing to the Liquidating Trustee or any agent of the Liquidating Trustee, or to inquire into the validity, expediency or propriety of any such transaction by the Liquidating Trustee or any agent of the Liquidating Trustee.

3.18    **Termination of the Liquidating Trust**.  The duties, responsibilities and powers of the Liquidating Trustee shall terminate, and the Liquidating Trust shall terminate, on the earlier of the date (the "Termination Date") (a) on which all Liquidating Trust Assets transferred and assigned to the Liquidating Trustee or involving the Liquidating Trustee on behalf of the Liquidating Trust are fully resolved and the Liquidating Trust Assets have been liquidated and Distributed in accordance with the Plan and this Agreement, or (b) that is five (5) years after the Effective Date. However, if warranted by the facts and circumstances provided for in the Plan, and subject to the approval of the Bankruptcy Court upon a finding that an extension is necessary for the purpose of the Liquidating Trust, the term of Liquidating Trust may be extended beyond five (5) years for a finite period based on the particular circumstances at issue. Each such extension must be approved by the Bankruptcy Court with notice thereof to all of the beneficiaries of the Liquidating Trust and within six (6) months of the beginning of the extended term. Every effort shall be made to see to it that the Termination Date shall be no later than the time reasonably necessary to accomplish the Liquidating Trust's purpose of liquidating assets and discharging liabilities.

## ARTICLE 4 – LIQUIDATING TRUSTEE, SUCCESSOR LIQUIDATING TRUSTEES, AND CREDITORS' OVERSIGHT COMMITTEE MEMBERS

4.1    **Standard of Care; Liability**.  Except in the case of fraud, willful misconduct, gross negligence, or breach of fiduciary duty, the Liquidating Trustee and COC Members shall not be liable for any loss or damage by reason of any action taken or omitted by the Liquidating Trustee or COC Members pursuant to the discretion, powers and authority conferred on the Liquidating Trustee and COC Members by this Liquidating Trust Agreement and the Plan.

4.2    **No Liability for Acts of Predecessors**.  No successor Liquidating Trustee or COC Member shall be in any way liable or otherwise responsible for the acts or omissions of any Liquidating Trustee or COC Member in office prior to the date on which he or she becomes a Liquidating Trustee or COC Member, as applicable, unless such successor Liquidating Trustee or COC Member expressly assumes such liability or responsibility.

4.3    **Reliance, by Liquidating Trustee on Documents or Advice of Professionals**. The Liquidating Trustee may, in connection with the performance of his or her functions, and in his or her sole, absolute discretion, consult with attorneys, accountants and agents, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such professionals. Notwithstanding such authority, the Liquidating Trustee shall be under no obligation to consult with attorneys, accountants or his or her agents, and his or her determination to not do so should not result in imposition of liability on the Liquidating Trustee unless such determination is based on willful misconduct, gross negligence or fraud. Except as otherwise provided herein, the Liquidating

11

Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties.

4.4    No Personal Obligation for Liquidating Trust Liabilities.  Except in the case of a breach of the standard of care set forth in Section 4.1, persons dealing with the Liquidating Trustee and/or COC Members shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee and/or COC Members to such person in carrying out the terms of this Liquidating Trust, and the Liquidating Trustee and COC Members shall not have any personal, individual obligation to satisfy any such liability.

4.5    Exercise of Power.  Except as otherwise specifically set forth herein or in the Plan, the Liquidating Trustee shall not be required to procure authorization from the Bankruptcy Court in the exercise of any power conferred upon him by this Agreement.

4.6    Compensation of Agents.  The Liquidating Trustee shall pay all invoices for services rendered by each of his agents unless he disputes any such invoices.  If the Liquidating Trustee and agent are unable to resolve any dispute over such requested compensation the Liquidating Trustee shall not make the payment and the parties shall seek to resolve the dispute in the Bankruptcy Court or other court of appropriate jurisdiction.

4.7    Maintenance of Register.  The Liquidating Trustee shall at all times maintain a register of the names, addresses, amount of Claims and percentages of beneficial ownership of the Liquidating Trust Beneficiaries under the Plan.

4.8    Liquidating Trustee's Compensation and Reimbursement.  In lieu of commissions or other compensation fixed by law for trustees, the Liquidating Trustee shall receive as compensation for services as Liquidating Trustee hereunder as follows:

(1)    Expenses.  All costs, expenses and obligations incurred by the Liquidating Trustee in administering the Plan or the Liquidating Trust, or in any manner connected, incidental or related thereto, and in effecting Distributions (including the reimbursement of reasonable expenses) shall be paid from the Liquidating Trust Assets.  Such expenses shall be paid as they are incurred without the need for Bankruptcy Court approval.  The Liquidating Trustee and COC Members shall be entitled to reimbursement of all actual, reasonable out-of-pocket expenses incurred in the performance of their duties hereunder.

(2)    Compensation.  The Liquidating Trustee shall be compensated on an hourly basis at an hourly rate of $400/hour.  All compensation payable to the Liquidating Trustee hereunder shall be paid out of the Liquidating Trust Assets.

4.9    Indemnification.  In addition to any indemnification set forth in the Plan, the Liquidating Trust shall indemnify and hold harmless the Liquidating Trustee and his or her agents, representatives, professionals, and employees from and against and in respect of any and all liabilities, losses, damages, claims, costs and expenses, including, but not limited to attorneys' fees and costs arising out of or due to their actions or omissions, or consequences of such actions or omissions, with respect to the Liquidating Trust or the implementation or administration of the Plan; provided, however, that no such indemnification will be made to such Persons for actions or omissions that constitute willful misconduct, gross negligence or fraud.  The Liquidating Trust shall also indemnify and hold harmless each COC Member and his, her or its agents, representatives, professionals, and employees against and from any and

12

all loss, liability, expense or damage which such COC Member may incur or sustain, in good faith and without fraud, willful misconduct, gross negligence, or breach of fiduciary duty, in the exercise and performance of any of such COC Member's powers and duties as a COC Member.

4.10    Conflicting Claims.    In the event the Liquidating Trustee becomes aware of any disagreement or conflicting claims with respect to the Liquidating Trust Assets, or if the Liquidating Trustee in good faith is in doubt as to any action which should be taken under this Agreement, the Liquidating Trustee shall have the absolute right at his election to do any or all of the following:

> (1)    To the extent of such disagreement or conflict, or to the extent deemed by him necessary or appropriate in the light of such disagreement or conflict, withhold or stop all further performance under this Agreement (save and except the safekeeping of the Liquidating Trust Assets) until the Liquidating Trustee is satisfied that such disagreement or conflicting claims have been fully and finally resolved; or

> (2)    File a suit in interpleader or in the nature of interpleader in the Bankruptcy Court and obtain an order requiring all persons and parties involved to litigate in the Bankruptcy Court their respective claims arising out of or in connection with this Agreement; or

> (3)    File any other appropriate motion for relief in the Bankruptcy Court.

In the event of any dispute between or among Liquidating Trust Beneficiaries or Claimants as to the right of any Person to receive or retain any Distribution to be made to such Claimant under the Plan or this Agreement, the Liquidating Trustee may, in lieu of making such Distribution to such Claimant, make it instead into the Disputed Claims reserve for payment or distribution as ordered by the Bankruptcy Court or as the interested parties to such dispute may otherwise agree among themselves. Any Claimant which fails to raise such dispute by filing an appropriate request for relief with the Bankruptcy Court prior to the issuance of such disputed Distribution by the Liquidating Trustee shall be deemed to have forever waived any right to dispute such Distribution or to restrict the use of such Distribution.

4.11    Power to Remove.    The Liquidating Trustee or any successor Liquidating Trustee appointed pursuant to this Agreement, and any COC Member, may be removed either with or without cause only by an order of the Bankruptcy Court.

4.12    Successor Liquidating Trustee.    In the event that the Liquidating Trustee is removed, resigns or otherwise ceases to serve as Liquidating Trustee, the Creditors' Oversight Committee shall select a proposed successor Liquidating Trustee, or if there are no COC Members at such time, then the Debtors shall select a proposed successor Liquidating Trustee. The Debtors thereafter shall file a motion for approval of such proposed successor and shall provide notice of and the opportunity for a hearing on that motion to all Liquidating Trust Beneficiaries. The proposed successor Liquidating Trustee shall not be appointed as the Liquidating Trustee until such appointment is approved by the Bankruptcy Court. Any successor Liquidating Trustee shall be subject to the same qualifications and shall have the same rights, powers, duties and discretion, and otherwise be in the same position, as the originally named Liquidating Trustee. Wherever reference is made in this Agreement to the Liquidating Trustee, the same shall be deemed to refer to any successor Liquidating Trustee acting hereunder.

4.13    Records.    The Liquidating Trustee shall maintain good and sufficient books and records of account relating to the Liquidating Trust Assets, the management thereof, all transactions undertaken

13

by the Liquidating Trustee, all expenses incurred by or on behalf of the Liquidating Trustee, and all distributions either contemplated or effectuated under the Plan or this Agreement.

    4.14 **Periodic Reports**. The Liquidating Trustee shall prepare the following reports and shall distribute such reports to the COC Members and all Liquidating Trust beneficiaries who request notice of such reports in writing:

    (1)    on a quarterly basis commencing with the first calendar quarter ending after the Effective Date, within forty five (45) days after the end of such calendar quarter, a report of the activities of the Liquidating Trust detailing for the preceding quarterly period the activities of the Liquidating Trust including:

    (i)    an unaudited operating statement (prepared on a cash basis) showing all revenues received by the Liquidating Trust and all expenses of operations of the Liquidating Trust (including all expenses associated with the sale of any Liquidating Trust Assets paid by the Liquidating Trust);

    (ii)    an unaudited written report and accounting showing (a) the assets and liabilities of the Liquidating Trust at the end of such period, (b) any changes in the Liquidating Trust Assets, (c) the amount of any reserves or escrows of the Liquidating Trust, and (d) any material action taken by the Liquidating Trustee in the performance of his duties under the Plan and this Agreement; and

    (iii)    an overall status report of the Liquidating Trust for the next quarterly period; and

    (2)    within 90 days after the end of each calendar year, beginning with the first year end occurring after the Effective Date, the Liquidating Trustee will prepare reports for the prior year as described in clause (i) and (ii) above, except that such reports shall be for a full year (or portion thereof in which the Liquidating Trust has been in existence); the financial statements included in such reports need not be audited unless otherwise required by law.

All quarterly and annual reports shall be filed with the Bankruptcy Court and may be filed with the Securities and Exchange Commission to the extent the Liquidating Trustee deems such action to be in the best interest of the Liquidating Trust.

## ARTICLE 5 - MISCELLANEOUS

    5.1 **Applicable Law**. The Liquidating Trust created herein shall be construed, regulated and administered under the laws of the State of Texas and the United States of America including the Bankruptcy Code.

    5.2 **Headings**. The enumeration and headings contained in this Agreement are for convenience of reference only and are not intended to have any substantive significance in interpreting the same.

    5.3 **Partial Invalidity**. If any provision of this Agreement shall for any reason be held invalid or unenforceable by the Bankruptcy Court or by any other court or governmental agency or

arbitrator of competent jurisdiction, such invalidity or unenforceability shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

      5.4    **Entire Agreement**. This Agreement (including the recitals), together with the Plan, constitutes the entire agreement by and among the parties and there are no representations, warranties, covenants or obligations except as set forth herein and in the Plan. This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder. Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the parties hereto, the COC Members, and the Liquidating Trust Beneficiaries any rights or remedies under or by reason of this Agreement.

      5.5    **Notices**. Any notice or other communication by the Liquidating Trustee to any of the Liquidating Trust Beneficiaries shall be deemed to have been sufficiently given, for all purposes, when mailed by first class mail, postage prepaid, and addressed to such Liquidating Trust Beneficiary at its address as shown in the records of the Liquidating Trustee. Any notice or other communication which may be or is required to be given, served or sent to the Liquidating Trust shall be in writing and shall be mailed by first class, mail, postage prepaid, or transmitted by hand delivery, addressed to the Liquidating Trustee at his address set forth on the signature page hereof. Each of the Liquidating Trust Beneficiaries and the Liquidating Trustee may designate by notice in writing a new address to which any notice, demand, request, or communication may thereafter be so given, served, or sent. Each notice, demand, request or communication which shall be mailed or delivered in the manner described above shall be deemed sufficiently given, served, sent and received for all purposes three days after it is deposited in the U.S. Mail as described above or at such time it is delivered to the addressee, whichever is earlier.

      5.6    **Tax Identification Numbers**. The Liquidating Trustee may require any of the Liquidating Trust Beneficiaries to furnish to the Liquidating Trustee its social security number or Employer or Taxpayer Identification Number as assigned by the Internal Revenue Service, and the Liquidating Trustee may condition any distribution to any of the Liquidating Trust Beneficiaries upon receipt of such identification number.

      5.7    **Waiver**. No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver by such party of any right or remedy pursuant thereto. Resort to one form of remedy shall not constitute a waiver of alternative remedies.

      5.8    **Tax Treatment and Obligation to File Returns**. The Debtors intend that the Liquidating Trust will be treated as a "liquidating trust" within the meaning of applicable IRS regulations. The transfer of Liquidating Trust Assets to the Liquidating Trust shall be treated as a transfer to the Liquidating Trust Beneficiaries for all purposes of the Internal Revenue Code (e.g., sections 61(a)(12), 483, 1001, 1012, and 1274) followed by a deemed transfer by such beneficiaries to the Liquidating Trust. The Liquidating Trust shall be considered a "grantor" trust, and the Liquidating Trust Beneficiaries shall be treated as the grantors and deemed owners of the Liquidating Trust. Accordingly, the Liquidating Trustee will file the tax returns for the Liquidating Trust as a grantor trust pursuant to Section 1.671-4(a) of the Treasury Regulations. The Liquidating Trustee shall value the transferred property and notify in writing the Liquidating Trust Beneficiaries of such valuations. The assets transferred to the Liquidating Trust shall be valued consistently by the Liquidating Trustee and the Liquidating Trust Beneficiaries, and these valuations will be used for all federal income tax purposes. The Liquidating Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to applicable IRS regulations. All earnings of the Liquidating Trust, including earnings or income retained in reserve accounts or as reserves, shall be allocated to the Liquidating Trust Beneficiaries on an annual basis, and each Liquidating Trust

Beneficiary shall be responsible to report and pay the taxes due on its proportionate share of the Liquidating Trust's income whether or not amounts are actually distributed by the Liquidating Trustee to the Liquidating Trust Beneficiaries to pay the tax. As a grantor trust, the Liquidating Trust shall not have any separate liability for federal income taxes relating to or arising from, the conveyance, preservation or liquidation of Liquidating Trust Assets. However, if it is later determined that a tax liability of the Liquidating Trust arises, the Liquidating Trustee shall be responsible for withholding all taxes required by law, and shall timely file all required federal, state or local tax returns, including information reporting returns, and shall promptly pay all taxes determined to be due. If it is determined that any taxes are owed by the Liquidating Trust, the Liquidating Trustee may pay from the Liquidating Trust Assets any such tax liability arising out of the operations of the Liquidating Trust or ownership of Liquidating Trust Assets. The Liquidating Trust may establish a reserve sufficient to pay any accrued or potential tax liability arising out of the operations of the Liquidating Trust or ownership of Liquidating Trust Assets. Notwithstanding anything herein to the contrary, in calculating and making the payments due to Allowed Claims under the Plan, the Liquidating Trustee shall be authorized to deduct from such payments any necessary withholding amount.

[Signature Page Follows]

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be executed as of the day and year first above written.

<u>DEBTORS</u>:

Heritage Consolidated, LLC.

By:_____
Name:_____
Title:_____

Heritage Standard Corporation.

By:_____
Name:_____
Title:_____

<u>LIQUIDATING TRUSTEE</u>:

_____

By:_____
Name:_____
Title:_____

MHDocs 4124641_1 11672.2

17