

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 26, 2013**

*[signature: Harlin DeWayne Hale]*

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| HERITAGE CONSOLIDATED, LLC, et al., | Case No.: 10-36484-hdh |
| Debtors. | Jointly Administered |

### ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION

On August 19, 2013, the Court conducted a hearing (the "Confirmation Hearing") on confirmation of the *Second Amended Joint Plan of Reorganization for the Debtors, as Modified* [Docket No. 833] (the "Plan") proposed by Heritage Consolidated, LLC and Heritage Standard Corp. (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee").[1] Having considered the Plan, all timely-filed objections to confirmation of the Plan, the evidence presented, and arguments of counsel, and having taken judicial notice of the pleadings and evidence presented in this case, the Court has separately entered its *Findings of*

---

[1] Unless separately defined, all capitalized terms herein shall have the meanings ascribed to such terms in the Plan.

ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION – Page 1

*Fact and Conclusions of Law With Respect to Confirmation of the Second Amended Joint Plan of Reorganization, as Modified* (the "Findings and Conclusions"). Based upon such Findings and Conclusions, which are incorporated herein by reference and made a part hereof, and pursuant to 11 U.S.C. §§ 105, 363, 365, 502-503, 506-507, 524, 541, 552-553, 1106-1107, 1121-1129, 1141-1143, and 1146 and Fed. R. Bankr. P. 2002, 3016, 3018-3021, 6004, 6006, 6009, 9014 and 9019, it is hereby:

## Confirmation of Plan and Its Binding Effect

ORDERED that the Plan, as modified by this Order, is confirmed and approved in its entirety and in all respects; it is further

ORDERED that the resolution of all pending oral and written objections to the Plan are evidenced by the terms set forth hereinbelow as supplemented by the statements and representations on the record at the Confirmation Hearing and such agreements are approved in all respects and the Plan is hereby modified to incorporate the provisions thereof, it is further

ORDERED that all other objections to confirmation of the Plan, including all reservations of rights contained therein, are hereby overruled; it is further

## The Liquidating Trust, Vesting of Assets, and Transfer of Claims

ORDERED that the Liquidating Trust Agreement presented to the Court at the Confirmation Hearing is approved as to form and substance for use in establishing the Liquidating Trust under the terms of the Plan; it is further

ORDERED that, as of the Effective Date of the Plan, the Debtors and the Liquidating Trustee shall execute the Liquidating Trust Agreement to establish the Liquidating Trust and that the Debtors, the Liquidating Trustee, and all Creditors shall be deemed to have adopted and approved the Liquidating Trust Agreement; it is further

ORDERED that Jason Searcy is hereby appointed, as of the Effective Date of the Plan, to serve as the initial Trustee of the Liquidating Trust; it is further

ORDERED that on the Effective Date of the Plan, all right, title and interest in and to the Trust Assets shall be transferred to the Liquidating Trust for the benefit of the Trust Beneficiaries and such transfer shall be free and clear of all Liens, Claims, Equity Interests and encumbrances, of any nature whatsoever except as provided in the Plan and the Liquidating Trust Agreement, including, without limitation, all M&M Liens the extent allowable under applicable law; provided however, that neither the foregoing nor any other provision of this Order or the Plan shall be deemed to foreclose, extinguish or otherwise adversely affect any rights, claims, liens or security interests, if any, granted under the Court's *Order Extending Use of Cash Collateral and Granting Adequate Protection* [Docket. No. 517] to any Secured Creditor (as defined therein), or as applicable, under the Court's *Final Order Authorizing Limited Use of Cash Collateral, Obtaining Credit Secured by Senior Liens, and Granting Adequate Protection to Existing Lienholders* [Docket No. 351] to any Other Secured Creditor (as defined therein), or impair or limit the Trust's rights, or any other parties' rights, to oppose any claim to such potential claims, liens or security interests upon reasonable notice and hearing before the Court or impair the Liquidating Trustee's rights to settle in accordance with the Plan and Liquidating Trust Agreement; it is further

ORDERED that, on and after the Effective Date, the Liquidating Trustee shall segregate and hold all net proceeds from the operation or sale of the Section 6 Assets (net of operating expenses and taxes and P&A costs for the Section 6 Assets) pending a further determination from the Court regarding the scope of the Section 6 Assets (as set forth in Article 1.0112 of the Plan) as it relates to the Section 6 M&M Secured Claims (Class 3A) and such funds, together

with all proceeds from operation or sale of the Section 6 Assets accrued prior to the Effective Date and delivered to the Liquidating Trustee as set forth below, shall not be distributed to creditors or otherwise used by the Liquidating Trustee pending such determination or unless otherwise provided by a subsequent Court Order. To the extent of any conflict between this provision and any other provision of the Confirmation Order, Plan or Liquidating Trust Agreement this provision shall control; it is further

ORDERED that the Debtors shall deliver all Trust Assets and execute any and all documents necessary to effectuate such transfers as reasonably requested by the Liquidating Trustee; it is further

ORDERED that, on the Effective Date of the Plan, all Causes of Action shall be preserved and transferred to the Liquidating Trust and the Liquidating Trustee shall have standing to pursue such Causes of Action, and is hereby appointed as of the Effective Date, and in accordance with Section 1123(b)(3) of the Bankruptcy Code, as the representative of the Estates for the purpose of enforcing, prosecuting and settling all Claims and Causes of Action; it is further

ORDERED that all recoveries from Causes of Action retained by the Liquidating Trust shall inure to the Liquidating Trust for the benefit of the Trust Beneficiaries to be distributed pursuant to their priority and distribution rights under the Plan and Liquidating Trust. Following the Effective Date of the Plan, and without the necessity of notice and Court approval, the Liquidating Trustee shall have the authority to resolve any of the retained Causes of Action in accordance with, and pursuant to, the terms and conditions of the Plan and Liquidating Trust Agreement; it is further

ORDERED that, in accordance with the Plan and Section 1146 of the Bankruptcy Code, the making and/or delivery of any transfer under, or pursuant to the terms of, the Plan shall not be taxed under any law imposing a document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or similar tax or assessment; it is further

ORDERED that, on the Effective Date of the Plan, (a) all Claims against the Debtors and the Estates arising prior to the Effective Date and all distribution rights conferred by the Plan on account thereof, shall be transferred to the Liquidating Trust, and (b) all objections, counterclaims, rights of setoff, rights of recoupment, and any and all other defenses held by the Debtors or the Estates as of the Effective Date, in relation to (i) such Claims, (ii) such distribution rights, and (iii) the holders of such Claims and distribution rights, shall be preserved and transferred to the Liquidating Trust, and the Liquidating Trustee shall have standing to assert, prosecute and settle such Claims, subject only to any limitations set forth in the Plan or the Liquidating Trust Agreement.  In that regard, the definitions of M&M Secured Claim and M&M Lien are construed broadly to include, without limitation, the Standard Operator Lien; it is further

ORDERED that the provisions in the Liquidating Trust Agreement for compensation and the reimbursement of out-of-pocket expenses of the Liquidating Trustee and any professionals and other Persons employed by the Liquidating Trustee to assist in the administration of the Creditor Trust are hereby approved as reasonable; it is further

ORDERED that, as of the Effective Date of the Plan, the Debtor entities shall be owned, managed and controlled by the Liquidating Trust and that the Liquidating Trustee shall be the sole officer and designated representative of the Debtors thereafter with all corporate powers

under applicable law. The Debtors shall cooperate in the execution of amended and restated bylaws and related corporate ownership and authority documents as reasonably requested by the Liquidating Trustee in furtherance of the transfer of ownership, control and authority. The Liquidating Trust, by and through the Liquidating Trustee, shall have the right and authority to terminate the Debtors at any time following the Effective Date; it is further

ORDERED that, upon the occurrence of the Effective Date, and subject only to the approval of the Traton contract by the Liquidating Trustee and Creditors' Oversight Committee, Traton Engineering Associates ("<u>Traton</u>") is hereby approved as the New Operator under the Section 6 JOA and that no further authorizations or notice are required for the Liquidating Trustee to engage Traton for such purposes and file appropriate designations with the Texas Railroad Commission; provided, however, that the Liquidating Trustee shall be authorized to maintain Standard as the designated operator on an interim basis for such time and for such purposes as he deems necessary to effectuate the terms of the Plan; it is further

ORDERED that, upon the occurrence of the Effective Date and without any further required action by the Debtors or the Liquidating Trustee, the existing owners, officers, directors and managers of the Debtors are deemed to have resigned and shall have no further responsibility or liability with respect to the ongoing management and affairs of the Debtors; it is further

<b><u>Provisions Relating to Claims Administration</u></b>

ORDERED that, following the Effective Date of the Plan, the Liquidating Trustee is authorized to make all distributions on account of Allowed Claims and fund all reserves for Disputed Claims in accordance with the Plan and Liquidating Trust Agreement; provided, however, that prior to making distributions, the Liquidating Trustee shall provide at least ten (10)

days' notice to the holders of Disputed Claims reflecting the amounts being reserved for such claims and an opportunity to object to the distributions on the basis of the reasonableness of the reserve amount.  In the event a timely objection is filed, the Liquidating Trustee shall not make any distributions absent a resolution of such objection or further order of this Court after notice and a hearing; it is further

ORDERED that, following the Effective Date of the Plan, and except as otherwise expressly contemplated by the Plan, no original proof of claim shall be filed in the Bankruptcy Case to assert a Claim without prior authorization of the Court, and any such proof of claim which is filed without such authorization shall be deemed null, void and no force or effect; it is further

ORDERED that the deadline for the filing of objections to Claims is hereby fixed as the "Claim Objection Deadline" under the Plan (180 days after the Effective Date of the Plan unless hereafter extended by the Court, for cause shown, upon motion filed with the Court on or prior to such date), and any Claim (other than Claims scheduled as unliquidated, contingent or disputed), which is not already deemed an Allowed Claim in accordance with the Plan, and as to which an objection is not filed on or before the Claim Objection Deadline, shall be deemed to constitute an Allowed Claim under the Plan following the Claim Objection Deadline; it is further

ORDERED that the deadline for the filing and service of applications for the allowance of Administrative Claims, including Professional Fee Claims, and notices related thereto, is hereby fixed as the Post-Confirmation Bar Date under the Plan (the first Business Day on or after the 30th day after the Effective Date of the Plan), and the failure of a holder of an Administrative Claim to file and serve such an application and notice by the Post-Confirmation Bar Date shall result in such Administrative Claim being forever barred and discharged; it is further

**ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION – Page 7**

**Approval of Plan Settlements**

ORDERED that the Environmental Global Claim Settlement as set forth in Section 6.02 of the Plan, including all rights and obligations in the proposed Agreed Judgment attached as Exhibit "E" to the Plan, is hereby approved pursuant to Bankruptcy Rule 9019 and all parties, including the Liquidating Trustee as of the Effective Date, are authorized and directed to effectuate the terms thereof; it is further

ORDERED that the settlement between and among the Estates, Wisenbaker and the Wisenbaker Related Parties as set forth in Section 6.01 of the Plan and the Agreed Order attached as Exhibit E to the Plan, including the releases and exculpations therein, is hereby approved pursuant to Bankruptcy Rule 9019 and all parties, including the Liquidating Trustee as of the Effective Date, are authorized and directed to execute such other further documents which may be reasonably required to effectuate the terms thereof; it is further

**Executory Contracts and Unexpired Leases**

ORDERED that, except to the extent (a) the Debtors previously assumed or rejected an executory contract or unexpired lease, (b) the Bankruptcy Court has entered an Order assuming an executory contract or unexpired lease, (c) at the Confirmation Hearing, the Bankruptcy Court approves the assumption of any executory contracts or unexpired leases, (d) the executory contract or unexpired lease is set forth on Exhibit "C" (Designated Contracts) to the Plan, the Debtors' executory contracts and unexpired leases shall be deemed rejected on the Effective Date, pursuant to Bankruptcy Code §§ 365 and 1123. The assumption by the Debtors and assignment to the Liquidating Trust of the executory contracts and unexpired leases identified on Exhibit "C" to the Plan is hereby approved and no cure obligations are due by the Debtors or the Liquidating Trust. The assumption and assignment of the Section 6 JOA to the Liquidating

Trustee with all attendant rights and obligations, including the Standard Operator Lien, but subject to the designation of the New Operator as provided herein, is specifically approved. The assumption and assignment of the Federal Insurance Policies, and all rights and obligations thereunder, are approved but subject to the terms and conditions of the Plan and the Agreed Judgment; it is further

ORDERED that to the extent any of the remaining Oil and Gas Leases in the Estates constitute executory contracts or unexpired leases of real property under Bankruptcy Code § 365, the assumption of such Oil and Gas Leases by the respective Debtor and assignment to the Liquidating Trust is hereby approved, and the Liquidating Trustee on behalf of the Liquidating Trust shall be deemed to be the legal counterparty to such leases and no cure obligations are due by the Debtors or the Liquidating Trust. To the extent any of the Oil and Gas Leases constitute contracts or other property rights not assumable under Bankruptcy Code §365, such Oil and Gas Leases are hereby transferred and assigned to the Liquidating Trustee. Except for the defaults of a kind specified in Bankruptcy Code §§ 365(b)(2) and 541(c)(1) (which defaults the Debtors and the Liquidating Trust will not be required to cure), or as otherwise provided herein, the legal, equitable and contractual rights of the counterparties to such Oil and Gas Leases shall be unaltered by the Plan.

### General Provisions

ORDERED that all releases and exculpations set forth in the Plan are hereby approved as reasonable and necessary and in furtherance of the Plan; it is further

ORDERED that the Plan Proponents and the Liquidating Trustee shall be, and are hereby, authorized and directed to take any and all necessary steps, and to perform any and all

necessary acts, to consummate the Plan in accordance with its terms and conditions and this Order; it is further

ORDERED that, following the Effective Date of the Plan, the Committee shall be dissolved and, upon such dissolution, the Committee, members of the Committee, and the Committee's professionals shall be released and discharged from any further duty or obligation arising under, arising in, or related to the Bankruptcy Case; it is further

ORDERED that the injunction provisions under the Plan are hereby approved and shall be enforceable pursuant to the terms as set forth therein; it is further

ORDERED that, notwithstanding the entry of this Order, the automatic stay provided by Section 362(a) of the Bankruptcy Code shall continue to be effective and enforceable until the Effective Date of the Plan; it is further

ORDERED that, notwithstanding the entry of this Order and the occurrence of the Effective Date of the Plan, the Court shall retain jurisdiction, to the fullest extent legally permitted, over the Bankruptcy Case, all proceedings arising under, arising in, or related to the Bankruptcy Case, the Plan, this Order, and administration of the Liquidating Trust, including, without limitation, the matters set forth in Article XII of the Plan; it is further

ORDERED that, upon the Effective Date of the Plan, the Liquidating Trustee shall promptly file a notice with the Court indicating that the Plan has become effective, specifying the date of the Effective Date and the date of each of the deadlines established by this Order in reference to the Effective Date, and shall further serve a copy of such notice on each of the parties listed on the then-current Official Service List and on all other known parties who are affected by the deadlines established by this Order in reference to the Effective Date of the Plan; it is further

ORDERED that, notwithstanding any otherwise applicable law, immediately upon the entry of this Order, the terms of the Plan and this Order are deemed binding upon the Debtors, any and all holders of Claims or Equity Interests and any and all entities who are parties to or are subject to the settlements, compromises, releases, discharges, assumptions and injunctions described hereunder and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

### END OF ORDER ###

**Approved as to Form and Content By:**

**MUNSCH HARDT KOPF & HARR, P.C**.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 978-4365

By: /s/ *Joe E. Marshall*
      Joe E. Marshall

**ATTORNEYS FOR THE DEBTORS**


**CHAMBERLAIN HRDLIKA**
1200 Smith Street, 14th Floor
Houston, Texas 77002
Telephone: (713) 658-2505
Facsimile:  (713) 658-2553

By:   /s/ *Brian A. Kilmer*
     Brian A. Kilmer
     Texas Bar No. 24012963

**COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**